William A. Earnhart, ASBA 9411099
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Attorneys for Defendant, Wal-Mart Stores, Inc.



FILED
DEC 0 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

VALERIE ROUNTREE, et al.,

    Plaintiffs,

v.

CHING FENG, LTD., a Taiwanese corporation, et al.,

    Defendants.

Case No. A04-0112 CV (JWS)

**WAL-MART STORE, INC.'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW defendant Wal-Mart Stores, Inc., by and through counsel, and moves the Court for summary judgment in the above-captioned case. Wal-Mart did not sell the blinds involved in the underlying incident to Ilene Rountree as alleged by the plaintiffs.

### I. Facts and Proceedings

The facts surrounding the underlying incident are not in dispute. Plaintiff Valerie Rountree initially moved in with Paul and Ilene Rountree (her father and step-mother) when she became pregnant with her first daughter Morgan. *See* Exhibit G, Deposition of Paul Rountree pp. 8-9. Mr. Rountree erected a divider in the downstairs TV room for Valerie and Morgan. *See* Exhibit G, Deposition of Paul Rountree p. 9. Valerie Rountree left shortly after arriving, but moved in with the Rountrees again years later—approximately fifteen months after the birth of her second daughter, April. *See* Exhibit G, Deposition of Paul Rountree p. 58.

At Valerie's insistence, April's crib was placed under the only window in the room. *See* Exhibit G, Deposition of Paul Rountree pp. 13-14. Years earlier, Mr. Rountree had apparently installed blinds in the window. *See* Exhibit G, Deposition of Paul Rountree p. 10. Mrs. Rountree had

purchased the blinds shortly after they moved into the house at Charing Cross Circle. *See* Exhibit H, Deposition of Ilene Rountree p. 10.

On Memorial Day weekend 2002, Mr. And Mrs. Rountree returned from a camping trip to discover that April had become entangled in and strangled by the blinds while her mother slept. *See* Exhibit G, Deposition of Paul Rountree p. 16.

Valerie became estranged from the Rountrees, and filed a complaint against them over April's death. *See* Exhibit G, Deposition of Paul Rountree pp. 69-70. Plaintiffs later filed suit against Wal-Mart, Jencraft Corporation, the Window Covering Manufacturers' Association, and Ching Feng Blinds Industry Company. First Amended Complaint. The complaint alleged that the defendants designed, manufactured, packaged, and sold the blinds in a such a way that they posed an unreasonable risk, negligently, and without properly warning consumers of the danger that the blinds posed to children. First Amended Complaint ¶¶ 10-27.

Specifically, Valerie alleges that Wal-Mart "sold the Blinds to Paul and Ilene Rountree in Anchorage" and "directed Ching Feng and/or Jencraft in the design and packaging of the Blinds." First Amended Complaint at ¶ 7. There are no identifying marks on the blinds except to indicate that they were distributed by Jencraft. Exhibit E.

## II. Argument

### A.  Standard for Summary Judgment.

Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). One of the primary purposes of the summary judgment procedure is to "isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The U.S. Supreme Court has stated:

> . . . the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.*, 477 U.S. at 322.

As the movant, defendant has the initial burden of establishing the absence of a genuine issue of material fact. *Id.*, 477 U.S. at 323. All justifiable inferences of fact are to be drawn in the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

favor of plaintiff, the non-movant. *E.g. Dufay v. Bank of America N.T. & S.A. of Oregon*, 94 F.3d 561, 564 (9th Cir. 1996). However, once a properly supported motion for summary judgment is made by defendant, the burden shifts to plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence will not be sufficient to defeat defendant's motion; instead, plaintiff must introduce some "significant probative evidence" tending to support the complaint. *Id.*, 477 U.S. at 249, 252; *Summers v. A. Teichert & Sons, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). If plaintiff's evidence is merely colorable or not significantly probative, summary judgment should be entered for defendants. *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987). Moreover, plaintiff's evidence must be admissible in order to defeat summary judgment. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988).

### B. Viewed in the Light Most Favorable to the Plaintiffs, the Evidence Does Not Establish a Genuine Issue of Material Fact.

In order to prevail against Wal-Mart, plaintiffs must establish as a preliminary matter that Wal-Mart sold the blinds to the Rountrees. The evidence in this case is insufficient to establish this basic fact. The evidence shows that Anchorage Wal-Mart stores did not sell the size of blinds at issue in this case in the years surrounding the dates on which the Rountrees testify that they bought the blinds. Even if this were not true, the Rountrees' deposition testimony is insufficient to raise a genuine issue of material fact that the Rountrees bought the blinds at Wal-Mart. Mr. Rountree was not present when his wife purchased the blinds, and does not remember from whom the purchase was made. *See* Exhibit G, Deposition of Paul Rountree p. 7. Mrs. Rountree is therefore the only person with first-hand knowledge of where she purchased the blinds.

#### 1. Wal-Mart sales records show that it made no sales of the blinds at issue in this case in Anchorage at the time when Mrs. Rountree purchased the blinds.

Mrs. Rountree testified in her deposition that she purchased the blinds shortly after the Rountrees moved into their house in April 1994. *See* Exhibit H, Deposition of Ilene Rountree p. 10.

The blinds at issue in this case measure 71.5" in length by 39" in height when in the "down" position and were manufactured by Jencraft and/or Ching Feng. Exhibits D through F; First Amended Complaint ¶¶ 5-6. Sales records from Wal-Mart's two Anchorage locations demonstrate that it made

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

no sales of blinds with dimensions of 71.5" in length by 39" manufactured by Jencraft, Ching Feng, or any other company in its Anchorage stores in the four year period between January 1, 1994 and December 31, 1997. Exhibit A, Affidavit of Rebecca Chesemore ¶ 4. Wal-Mart's two Anchorage stores had Grand Openings in March 1994. Exhibit A, Affidavit of Rebecca Chesemore ¶ 6.

Based upon Mrs. Rountree's representation that she purchased the blinds shortly after moving into the house in April 1994, she cannot have bought the blinds at issue in this case from Wal-Mart. Wal-Mart is therefore entitled to summary judgment. *See, e.g., Dawson v. Bristol Labs.*, 658 F. Supp. 1036 (D. Ky. 1987) (granting summary judgment to pharmaceutical manufacturer when upon presentation of evidence that its tetracycline did not match plaintiffs' description of tetracycline they ingested).

Moreover, even if Wal-Mart's records *did* show that it sold the type of blinds involved in this incident, Mrs. Rountree's testimony is no more than a scintilla of evidence that she actually bought the blinds from Wal-Mart.

### 2. Ilene Rountree's deposition testimony is insufficient to establish that Wal-Mart sold her the blinds.

A mere "scintilla" of evidence will not be sufficient to defeat defendant Wal-Mart's motion; instead, plaintiff must introduce some "significant probative evidence" tending to support the complaint. *Anderson*, 477 U.S. at 249, 252; *Summers*, 127 F.3d at 1152.

#### a. Mrs. Rountree's speculation is no more than a scintilla of evidence that she bought the blinds at Wal-Mart.

When asked in her deposition whether she knew where she purchased the blinds, Mrs. Rountree's first response was "No." *See* Exhibit H, Deposition of Ilene Rountree p. 7.

Mrs. Rountree testified at her deposition that she initially believed that she had bought the blinds at Wal-Mart, but upon further (pre-deposition) reflection had thought of several alternatives. *See* Exhibit H, Deposition of Ilene Rountree p. 7-8. She was therefore unwilling to state that she bought the blinds from Wal-Mart. *Id.*

Mrs. Rountree's initial impression that she had bought the blinds at Wal-Mart was not based on any memory of having done so. Instead, this impression was based on the fact that the blind broke (both prior and unrelated to the incident that gave rise to this lawsuit), her belief that Wal-Mart

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Wal-Mart Stores, Inc.'s Motion for Summary Judgment**
*Rountree, et al. v. Ching Feng, LTD., et al.* (Case No. A04-0112 CV (JWS))   Page 4 of 7

products are "cheap," her speculation that she "didn't pay more than $20 for it," and the fact that she shops at Wal-Mart regularly. *See* Exhibit H, Deposition of Ilene Rountree p. 7-8. This is at best an unreliable syllogism.

Mrs. Rountree initially assumed that she had bought the blinds at Wal-Mart before she "realized that K-Mart was up here at the time." *See* Exhibit H, Deposition of Ilene Rountree p. 7. (Mrs. Rountree apparently holds similar views of the quality of K-Mart merchandise.) The inference that Mrs. Rountree bought the blinds at Wal-Mart because she viewed them as "cheap" is therefore unsupported by fact. Moreover, her conclusion that the blinds were "cheap" is founded in turn on her speculation that she paid less than $20 for the blinds and the unsupported assumption that only "cheap" products break.

She also stated that she had bought other blinds at Fred Meyers or Eagle (now Lowe's), and that she might have bought these blinds from one of these retailers as well. *See* Exhibit H, Deposition of Ilene Rountree p. 8. The inference that Mrs. Rountree bought the blinds at Wal-Mart because she regularly shops at Wal-Mart is therefore not supported by her actual testimony.

Because Mrs. Rountree was unwilling to say that she bought the blinds from Wal-Mart, and could not remember doing so, no reasonable jury could find that she bought the blinds at Wal-Mart. Her testimony simply does not set forth "*specific facts* showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (emphasis added).

        **b.**    **The remainder of Mrs. Rountree's deposition testimony undermines even the scintilla of evidence that she purchased the blinds at Wal-Mart.**

Nor does Mrs. Rountree's subsequent deposition testimony bolster her initial speculation. Mrs. Rountree was unable to recall whether she wrote a check, or paid for the blinds with cash or a credit card. *See* Exhibit H, Deposition of Ilene Rountree p. 9-10. In response to another question about "where the blinds were purchased," she responded, "I would just be guessing if I told you." *See* Exhibit H, Deposition of Ilene Rountree p. 10.

In fact, Mrs. Rountree steadfastly refused to say that she purchased the blinds at Wal-Mart, and eventually walked out of her deposition when she apparently felt that plaintiff's counsel was inappropriately repeating the same question. Her last answer before leaving is telling: ". . . I don't

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

remember where I bought it, I don't remember when I bought. I don't remember how I paid for it." *See* Exhibit H, Deposition of Ilene Rountree p. 17.

If plaintiff's evidence is merely colorable or not significantly probative, summary judgment should be entered for defendants. *Eisenberg*, 815 F.2d at 1288. Mrs. Rountree's speculation might for the basis upon which a suit may be brought. *See* Fed. R. Civ. Pro. 11(b)(2) (allowing allegations that "are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery"). But in this case, investigation revealed no actual evidentiary support for the allegation that Ilene Rountree bought the blinds at Wal-Mart, and in fact unearthed evidence affirmatively proving that she did not. Wal-Mart is therefore entitled to summary judgment.

### 3. There is no evidence that Wal-Mart "directed Ching Feng and/or Jencraft in the design and packaging of the Blinds."

Plaintiffs also allege—based on information and belief—that Wal-Mart directed the manufacturing and packaging of the blinds. First Amended Complaint ¶ 7. But Ilene Rountree purchased the blinds at another store, *see* supra Part II.B, and any inference that Wal-Mart directed the manufacturing and packaging of products sold in other stores in unreasonable. Moreover, plaintiffs have adduced no evidence to support this theory. Defendant Wal-Mart is therefore entitled to summary judgment. *See Celotex*, 477 U.S. at 323-24.

### III. Conclusion

Wal-Mart did not sell the blinds at issue in this case and is therefore entitled to summary judgment.

DATED this 2 day of December, 2005.

LANE POWELL LLC
Attorneys for Defendant, Wal-Mart Stores, Inc.

By_____
William A. Earnhart, ASBA No. 9411099

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2005, a copy of the foregoing was served by hand delivery on:

Charles W. Ray, Jr.,
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, Alaska 99501-3459

Donald C. Thomas, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501-1990

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501-2029

Daniel T. Quinn, Esq.
Richmond & Quinn, P.C.
360 K Street, Suite 200
Anchorage, Alaska 99501-2038

*Jean Free*

111655.0248/151574.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Wal-Mart Stores, Inc.'s Motion for Summary Judgment**
*Rountree, et al. v. Ching Feng, LTD., et al.* (Case No. A04-0112 CV (JWS))