Daniel T. Quinn (8211141)
Craig S. Howard (7911033)
David R. Millen (8206048)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:    276-2953
Attorneys for Defendant and Third-Party Plaintiff
Ching Feng Blinds Industry Co., Ltd.

FILED

DEC 2 0 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. A04-0112 CV (JWS) |
| v. ) ) | |
| CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC. a New Jersey corporation; WAL-MART STORES, INC, a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION, ) ) ) ) ) ) ) ) ) ) | **DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER** |
| Defendants. ) | |

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

61

COMES NOW Defendant Ching Feng Blinds Industry Co., Ltd. ("Ching Feng")[1] and moves pursuant to Civil Rule 26(c) for a protective order as follows:

1.    that Plaintiffs' First Discovery Requests to Defendant Ching Feng be stricken;

2.    that these and all other requests for discovery addressed to Ching Feng by any party be submitted to this court by motion for promulgation of letters rogatory addressed to the appropriate authorities in Taiwan; and

3.    that prior to obtaining any discovery from Ching Feng by any means, Plaintiffs be ordered to submit admissible evidence to this court establishing a prima facie case that Ching Feng designed and/or manufactured the window blinds involved in this litigation.

Ching Feng certifies that it has in good faith conferred with counsel for Plaintiffs to resolve this matter without court intervention.

---

[1] Ching Feng's actual corporate name is "Ching Feng Home Fashions Co., Ltd." It has not been corrected in the pleadings caption.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 2

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## BACKGROUND

Ching Feng is a Taiwanese corporation.[2]    At all relevant times, Ching Feng manufactured window blinds in Taiwan, some of which were exported to the United States, including some delivered to Jencraft Corporation, a window coverings distributor that was originally named as a defendant in this action.    Jencraft is in bankruptcy, and has been dismissed as a party to this action. Plaintiffs allege that on or about May 27, 2002, April Lynne Cox died when she became entangled in cords of a window blind they allege was designed and manufactured by Ching Feng.    Amended Complaint, paragraphs 3 and 5.    In its answer, Ching Feng denies that it designed and manufactured the blinds in suit.    It is undisputed that the blinds bear no label or other indication that Ching Feng designed or manufactured the blind. (There is a sticker connecting the blinds to Jencraft, which bought from multiple Chinese manufacturers.)

By interrogatory propounded in May 2005, Ching Feng asked Plaintiffs to set forth all facts supporting their contention that Ching Feng designed and manufactured the blinds

---

[2]  For the sake of clarity, and to reflect the policy of the U.S. State Department, this brief refers to "Taiwan" throughout rather than "Republic of China," to avoid confusion with the "People's Republic of China."

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 3

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

in suit.   Plaintiffs responded with the following inadmissible hearsay assertion: "Linda Kaiser, Executive Director, Parents for Window Blinds Safety, (314) 494-7890, has expressed the view that the subject blinds were manufactured by Ching Feng." Exhibit A hereto, Answers to Defendant Ching Feng's First Set of Discovery Requests to Plaintiff Valerie Rountree, Interrogatory No. 1.

By request for production propounded at the same time, Ching Feng asked Plaintiffs to produce any tangible evidence relating in any way to "the identity of the manufacturer of the subject blinds, including any document which in any way support or refute the contention that the subject blinds were manufactured by [Ching Feng] or any related or affiliated entity."   Plaintiffs responded: "Plaintiffs have no responsive documents at this time."   Exhibit A hereto, response to Request for Production No. 1.[3]

In their initial disclosures, Plaintiffs disclosed nothing relating to the identity of the manufacturer of the blind involved in this lawsuit.   Linda Kaiser was identified in

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

_____

[3]   Identical responses were given to the identical interrogatory and request for production Ching Feng propounded to plaintiff Christopher Cox.   Neither of these responses has been supplemented or amended.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 4

Plaintiffs' initial disclosures only as having "[k]nowledge of the defects in blinds, this and other strangulation incidents, and actions by manufacturers and retailers, including trade associations, to make and market blinds despite knowledge of defects."

Plaintiffs have now propounded "Plaintiffs' First Discovery Requests to Defendant Ching Feng Blinds Industry Co., Ltd.," copy attached hereto as Exhibit B. These comprise more than 40 pages of detailed interrogatories, requests for production, and requests for admission. In addition, Plaintiffs' counsel have sent to Ching Feng's counsel a proposed Rule 30(b)(6) deposition notice, copy attached hereto as Exhibit C, setting out a staggering 21 topics on which Ching Feng would be required to designate corporate witnesses. Although the proposed deposition notice has not been formally served, Ching Feng attaches a copy of the proposed notice to this motion to illustrate the breadth of Plaintiffs' discovery efforts respecting Ching Feng, and to underscore the need for court supervision of discovery involving Ching Feng.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 5

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## ARGUMENT

### I.  A PROTECTIVE ORDER IS AN APPROPRIATE REMEDY

Civil Rule 26(c) provides that in the appropriate case, the court may enter a protective order directing that discovery not be had; that discovery be had only on specified terms and conditions, or in a method other than the method selected by the party seeking discovery; that the scope of discovery be limited to certain matters; and/or that trade secrets or other confidential matters not be revealed or be revealed only in a designated way.

Taking the last first, it may be that at some point, Plaintiffs will be permitted to propound discovery seeking confidential and proprietary commercial information from Ching Feng. That issue may arise in the future; it is not the subject of this motion.

This motion is focused two primary threshold issues: first, the procedural impropriety of propounding discovery to an alien defendant such as Ching Feng by service directly from Plaintiffs' counsel to Ching Feng's counsel, and second, the impropriety of propounding overbroad and burdensome discovery on a foreign defendant without at least a prima facie showing of admissible evidentiary support for the essential fact on which

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 6

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

alleged liability must depend -- in this case, the allegation that Ching Feng designed and/or manufactured the window blind involved in this action.

## II.  WRITTEN DISCOVERY SHOULD BE PROPOUNDED ON CHING FENG BY WAY OF LETTERS ROGATORY ISSUED BY THIS COURT

When litigation in U.S. courts involves alien parties, discovery is often controlled, in whole or in part, by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").[4]    However, Taiwan is not a signatory to the Hague Convention.  As one court recently wrote when confronted with the issue of discovery involving parties from Japan and Belgium, neither of which is a signatory to the Hague Convention, "the court is left with little guidance as to what analysis it should employ in order to determine whether to proceed [with discovery] under the Federal Rules or the laws of these non-signatory countries . . . ."  In re Vitamins Antitrust Litigation, 120 F. Supp. 2d 45, 55 (D.D.C. 2000).  The court went on to adopt a two-part analysis: first, to consider whether there is in fact any conflict between the evidence laws of the alien state and the U.S.; second, if there

---

[4]    See 23 U.S.T. 2555, T.I.A.S. No. 7444, 28 U.S. C. Section 1781.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 7

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

is a conflict, to analyze "principles of comity" to determine whether comity requires use of the non-signatory's laws in the particular case before it.[5]

Ching Feng has been unable to find any court decision directly addressing how the court should manage discovery addressed to a Taiwan corporate defendant. However, there is persuasive guidance in the Restatement (3rd) of Foreign Relations Law (1987)(hereafter "the Restatement"), and in the general observations of federal courts dealing with other jurisdictional issues involving alien defendants.[6] There can be no question that a federal court's management of discovery against an alien defendant is an exercise of the court's jurisdiction. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." United States v. First National City Bank, 379 U.S. 378, 404, 85 S. Ct. 528, 542 (1965)(Harlan, J.,

---

[5] "Comity" has been defined as "the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." Societe Nationale Industrielle Aerospatiale v. U.S. District Court, 482 U.S. 522, 544, 107 S. Ct. 2547, 2556 n.27 (1987).

[6] Ching Feng believes that the Restatement is readily available to the court and therefore does not attach copies of the sections and comments quoted and discussed herein. If that belief is incorrect, Ching Feng will provide copies to the court upon request.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 8

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

dissenting), quoted with approval in Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 115 107 S. Ct. 1026, 1034 (1987)(declining to apply a state long arm statute on the facts of that case to establish personal jurisdiction over a Japanese defendant in a products liability case).   The language quoted by the Asahi court resonates here, even though the issue arises here in a discovery context rather than long-arm jurisdiction, because Ching Feng denies the personal jurisdiction of this court and because Ching Feng denies having designed and/or manufactured the product involved in this litigation.

        In this motion, Ching Feng focuses on the second prong of the Vitamins Antitrust analysis discussed above.   For purposes of this motion, Ching Feng will assume that there may be some conflicts between Taiwan's pretrial discovery rules and the Federal Rules -- in other words, that a litigant's access to pretrial discovery may be different if a case such as this were brought in a Taiwanese court rather than a U.S. court.   That question is irrelevant; this is not a jurisdiction or forum non conveniens motion. The issue for purposes of this motion is not whether Plaintiffs should be suing Ching Feng in a Taiwanese

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 9

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 A STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

court rather than in this court.[7] Rather, the issue is what mechanism should this court adopt under Civil Rules 16 and 26 to manage discovery directed to Ching Feng under the Federal Rules in this action. Ching Feng argues that discovery propounded to it should be directly controlled and monitored by this court, through the mechanism of letters rogatory, rather than by discovery served directly by Plaintiffs' counsel on Ching Feng's counsel.

The "principles of comity" implicated by the second prong of the Vitamins Antitrust analysis compels the use of letters rogatory, issued by this court to the appropriate agency in Taiwan. International agreements between the U.S. and Taiwan have established a mechanism by which such discovery may be efficiently accomplished via letters rogatory. Among other benefits, this mechanism places certain of the burdens of such discovery (such as proper translation of the discovery into Chinese and the payment of necessary fees and court costs in Taiwan) on the Plaintiffs, where it belongs. Having chosen to

---

[7] Although that is likely to be an issue in the future. Ching Feng has denied that this court has personal jurisdiction over it, and Ching Feng does not waive that issue by submitting this motion.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 10

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

sue Ching Feng in this country, Plaintiffs should bear as much as possible the burdens of having done so.

Furthermore, by ordering that such discovery be done via letters rogatory issued by the court itself, the court can monitor the discovery to ensure that the burden placed on the alien defendant is no more onerous that it must be to serve the legitimate objectives of the litigation. The need for such management by the court is illustrated by the extremely burdensome written discovery set out in Exhibit B hereto: 72 requests for admission, 57 requests for production, and eight interrogatories. Plaintiffs' proposed Rule 30(b)(6) deposition notice (Exhibit C hereto) would require Ching Feng to designate one or more witnesses to testify on 21 separate topics. Ching Feng urges the court to examine Exhibits B and C carefully; Plaintiffs' discovery, as currently framed in the written discovery and as contemplated by the proposed Rule 30(b)(6) deposition notice, is unreasonably broad and burdensome, particularly when Plaintiffs have not provided any admissible evidence that Ching Feng designed or manufactured the window blind involved in this action. Plaintiffs' overreaching clearly demonstrates the need for court supervision of Plaintiffs' discovery directed to Ching Feng.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Section 442 of the Restatement (3d) of Foreign Relations Law states, in pertinent part:

(1)(a) A court . . . in the United States, when authorized by statute or rule or court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action . . . even if the information or the person in possession of the information is outside the United States.

. . .

(c) In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court . . . in the United States should take into account the importance to the . . . litigation of the documents or other information requested; the degree of specificity of the request; whether the information originated in the United States; the availability of alternative means of securing the information; . . . . (Emphases added.)

Federal courts at all levels have referred to and applied the Restatement analysis with approval. See, e.g., Societe Nationale Industrielle Aerospatiale v. U.S. District Court, 482 U.S. 522, 544, 107 S. Ct. 2542, 2556 n.28 (1987); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1474-75 (9th Cir. 1992). Section 442 is predicated on the principle that, where the citizens of a foreign state are concerned, it is proper for the duly constituted instrumentality of the forum to deal with the appropriate instrumentality in the foreign state, rather

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 12

than allowing private persons to perform that function. Applied to this litigation, Section 442 states that this court, rather than Plaintiffs' counsel, is the appropriate instrumentality to order discovery from Ching Feng.

As noted in the American Law Institute's comment a to Section 442,

> [d]iscovery for use in a judicial . . . proceeding is an exercise of jurisdiction by a state, whether it emanates from an order of a court or from a demand by a party pursuant to a statute or rule of practice. In order to ensure that such exercise of jurisdiction is carried out consistently with the principles of reasonableness [set out in Section 403], subsection (1) contemplates that, in civil litigation in the United States affecting foreign interests, courts control discovery practice from the outset of litigation pursuant to Rule 16 of the Federal Rules of Civil Procedure . . . . Thus, except as specifically authorized by statute or rule of court, . . . requests to produce documents or information located abroad should, as a matter of good practice, be issued as an order by the court, not merely in the form of a demand by a private party. General authorizations to litigants, as under Rule 34 of the Federal Rules of Civil Procedure, should not be construed to support departure from this practice.

> Before issuing an order for production of documents, objects, or information located abroad, the court . . . should scrutinize a discovery request more closely than it would scrutinize comparable requests for information located in the United States. . . . [I]t is ordinarily reasonable to limit foreign discovery to information necessary to the action -- typically, evidence not otherwise readily obtainable and directly relevant and material. (Emphases added.)

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 13

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

As noted in the comment, exercise of the court's jurisdiction to regulate discovery directed at an alien corporation is subject to the "reasonableness" standard set out in Sections 403 of the Restatement.    Section 403 states, in pertinent part, that "a state may not exercise jurisdiction . . . with respect to a person . . . having connections with another state when exercise of such jurisdiction is unreasonable," and "[w]hether exercise of jurisdiction over a person . . . is reasonable is determined by evaluating all relevant factors."    Section 403(1) and (2). This general principle of reasonableness in the international setting mandates the use of letters rogatory issued by the court to conduct discovery of Ching Feng, and Section 442 stands for the proposition that it is the court's responsibility and function to ensure that discovery propounded to an alien defendant is reasonable.

Section 473 of the Restatement states, in pertinent part:

> (1)    Under    international    law,    a    state    may determine the conditions for taking evidence in its territory in aid of litigation in another state, but the    state    of    the    forum    may    determine    its admissibility, probative value, and effect.

. . .

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 14

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

(3)   A person required or requested to give evidence for use in a foreign state, whether pursuant to the Hague Evidence Convention or through other arrangements for judicial assistance, may refuse to do so insofar as he has a privilege or duty of nondisclosure under either the law of the state of origin of the request or of the state in which the evidence is sought.

Subsection (1) reflects the principle that comity requires a U.S. court to recognize the interests of the alien defendant's home state to regulate the manner by which discovery is conducted with respect to one of its citizens. This court is certainly entitled to determine the admissibility, probative value, and effect of evidence (subject to the issues addressed in subsection (2)), but Taiwan has a legitimate interest in regulating how discovery is undertaken with respect to Ching Feng.

Subsection (2) addresses a significant reason for the court to require discovery propounded to Ching Feng to come through the court: Ching Feng may have a privilege or some duty of non-disclosure under the laws of Taiwan. Whether Ching Feng is entitled to assert any such privilege, or is required honor any such duty of non-disclosure, are matters best decided in Taiwan, when Ching Feng responds to letters rogatory issued by this court. Ching Feng's legitimate interests are best served

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 15

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

by the involvement of the proper authorities in both the United States and Taiwan.

Finally, Section 474 of the Restatement states, in pertinent part:

> (2) A United States district court, in order to obtain evidence for use in a proceeding before it, may
>
> > (a) issue a commission to a United States counsel, or to any other person not related to the parties or their attorneys, to take testimony in a foreign state; [or]
> >
> > (b) issue a letter rogatory requesting a court or other appropriate authority in a foreign state to direct the taking of evidence in that state; . . .
>
> provided the procedure is not inconsistent with the law of the state where the evidence is to be taken.

Subsection 2(a) comes into play for purposes of Plaintiffs' proposed Rule 30(b)(6) deposition notice (Ex. C hereto); those depositions have not yet been formally set, but court guidance will likely be necessary on this issue.[8]  For now, the more pressing issue is the written discovery that was served on Ching Feng by Plaintiffs (Exhibit B hereto); these requests implicate a letter or letters rogatory as contemplated by subsection 2(b).

_____

[8]  The law is clear that any such testimony must be taken in Taiwan.  See, e.g., Tailift USA, Inc. v. Tailift Co. Ltd., 2004 WL 722244 (N.D. Tex. 2004)(deposition of the representative of a Taiwan corporate defendant must be taken at the corporation's place of business).

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 16

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Again, it is important to note the emphasis on the authority of the court, rather than a private litigant, to manage and order such discovery as to an alien defendant.

As stated above in this memorandum, the governments of the United States and Taiwan have just such a mechanism in place by virtue of international agreements reflected in U.S. law. The U.S. State Department's Bureau of Consular Affairs provides a publication entitled "Taiwan Judicial Assistance" that is available at the following web site:

http://travel.state.gov/law/info/judicial/judicial_669.html

A copy is attached hereto as Exhibit D for the convenience of the court and parties.  The same information is available at the following web site of the American Institute in Taiwan (copy attached hereto as Exhibit E):

http://www.ait.org.tw/en/uscitizens/judicial.asp

The publication sets out the statutory and other authority for the procedures set out therein; Ching Feng does not believe there is any dispute about that authority, hence it is not addressed in detail in this memorandum.

In summary, the American Institute in Taiwan ("AIT") is a Delaware non-profit corporation authorized by U.S. law to perform the same functions as consular officers.  As the court

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 17

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

may be aware, the United States does not have formal diplomatic relations with Taiwan and does not maintain a consulate or embassy there. AIT is the de facto U.S. embassy in Taiwan,[9] and it is responsible for conveying letters rogatory issued by U.S. courts to the appropriate authorities in Taiwan. "Letters rogatory can be used to . . . compel production of documents or testimony of an unwilling witness in Taiwan." "Taiwan Judicial Assistance," Exhibit D hereto, at 2. (Ching Feng is "unwilling" insofar as it seeks the protections reflected in this motion.)

The requirements for letters rogatory issued by a U.S. court for execution in Taiwan are set out in two State Department publications: "Taiwan Judicial Assistance," copy attached hereto as Exhibit D, and "Preparation of Letters Rogatory," copy attached hereto as Exhibit F.[10] If this motion is granted, it will be incumbent upon the parties and the court to ensure that any letter rogatory issued with regard to Ching

---

[9] General information about AIT and about U.S.-Taiwan relations can be found at AIT's web site, http://www.ait.org.tw/en. Ching Feng asks the court to take judicial notice of this and the other web sites identified in this memorandum pursuant to Evidence Rule 201(b): this is information that capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

[10] Published at the following State Department web site: *http://travel.state.gov/law/info/judicial/judicial_683.html*

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Feng in this case complies with those requirements. It would be premature to get into the details of that process at this time. However, some of the requirements are relevant to this motion, because they illustrate why letters rogatory are the appropriate mechanism in this case.

Letters rogatory to a Taiwan defendant should be in English with certified translations in Mandarin Chinese. The rationale for this requirement is obvious. A plaintiff has chosen to bring his lawsuit in the United States. A citizen of Taiwan cannot be assumed to be fluent in English, particularly the technically nuanced language of the law. He is entitled to respond in his own language to discovery that is presented to him in his own language. Plaintiffs should bear the burden of translating their proposed letters rogatory into Chinese, and ensuring that the Chinese responses are accurately translated into English. The probative value of evidence provided in a language other than English depends on the accuracy and reliability of the translation. One of the court's gatekeeper functions in supervising discovery is to ensure that the finder of fact has the most reliable evidence possible. The court can only ensure the accuracy of the translation of discovery material in this case by requiring the party seeking the

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 19

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

evidence to satisfy the court of the qualifications of its translator(s).

Plaintiffs are also required to provide payment in advance in the amount of $735.00, by certified check payable to AIT, to pay its fee and Taiwan court costs. Again, it is appropriate that Plaintiffs bear this burden.

Plaintiffs' interrogatories and requests for admission may require the taking of evidence, which is overseen by the court in Taiwan. The Taiwan court will not permit examination of witnesses by attorneys, but rather would examine witnesses on the basis of written questions.[11] A full transcription would be provided, in Chinese, but must be requested in the letter rogatory. Plaintiffs should be required by this court to provide an English translation of any such testimony by a certified translator approved by the court.

All of these safeguards are intended to ensure that an alien defendant haled into a U.S. court is treated fairly and reasonably during the discovery process. That end cannot be achieved by permitting Plaintiffs' counsel, or counsel for any

---

[11] This process should not be confused with the process of taking a deposition, which can be accomplished by court commission addressed to the AIT, which is authorized under U.S. law to provide notarial and deposition services similar to those provided at U.S. embassies and consulates.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 20

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

other party, to submit unfettered discovery directly to Ching Feng's U.S. counsel. It can only be achieved by requiring Plaintiffs and other parties to submit, by motion, proposed letters rogatory for the court to issue. Through that process, the court will be able to control the discovery, ensure that it is reasonable under the circumstances, ensure that letters rogatory are issued in compliance with all applicable requirements, and ensure that the evidence produced by such discovery is reliable.

**III.   NO DISCOVERY SHOULD BE PERMITTED AS TO CHING FENG WITHOUT A PRIMA FACIE SHOWING THAT IT DESIGNED AND/OR MANUFACTURED THE WINDOW BLIND AT ISSUE.**

As noted above, the sole "evidence" Plaintiffs have produced to connect Ching Feng to the window blinds in suit is the following inadmissible hearsay statement in a discovery response: "Linda Kaiser, Executive Director, Parents for Window Blinds Safety, (314) 494-7890, has expressed the view that the subject blinds were manufactured by Ching Feng." Plaintiffs are unable to present a single document or other tangible thing suggesting that Ching Feng designed or manufactured the window blind at issue here. They concede that no mark or label on the window blind indicates that it was designed or manufactured by Ching Feng. Plaintiffs have had this product in their

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 21

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

possession since the accident in May 2002, yet cannot connect it to Ching Feng with any admissible evidence.

What is the basis for Ms. Kaiser's alleged "view" that Ching Feng manufactured the window blind? What are her qualifications, if any, for expressing this "view"? Are Plaintiffs suggesting Ms. Kaiser is an expert on the design and manufacture of window blinds? If so, on what basis?

In the foregoing section of this memorandum, Ching Feng highlighted the doctrine that U.S. courts must take particular care to be fair under all the circumstances in their dealings with alien defendants. Plaintiffs have propounded written discovery (Exhibit B hereto) that is stunning in its breadth and complexity. It can only be characterized as burdensome and oppressive as to any defendant, but more so as to an alien, non-English-speaking defendant. Plaintiffs' counsel has sent Ching Feng's counsel a proposed Rule 30(b)(6) deposition notice (Exhibit C hereto) that is equally burdensome and oppressive.

Civil Rule 26(c) authorizes the court to grant protective orders to protect a party from oppression and undue burden or expense. The order may, among other things, provide that discovery may be had only on specified terms and

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 22

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

conditions.   In this case, before permitting any discovery of Ching Feng, it is appropriate to require Plaintiffs at the least to make a prima facie case, supported by admissible evidence, for its essential threshold contention that Ching Feng designed and/or manufactured the window blinds involved here. Plaintiffs have the burden of proof on this issue.

That   showing   requires   more   than   Ms.   Kaiser's unsubstantiated and inadmissible hearsay "view" that Ching Feng was the manufacturer.   A plaintiff is not entitled to pick a target defendant out of a constellation of possibilities, based on pure supposition, then embark on an oppressive course of discovery to try to prove that he guessed correctly.

The   unreliability   of   other   factual   allegations   by Plaintiffs throws the credibility of their claim against Ching Feng   into   serious   doubt.      In   response   to   Ching   Feng's Interrogatory No. 1, Plaintiffs stated (over the signature of Valerie Rountree and her counsel) that "Ilene Rountree stated that the subject blinds were purchased at Wal-Mart in Anchorage shortly   after   the   residence   where   the   incident   occurred   was

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 23

purchased.[12]   See Exhibit A hereto at 2.   However, at her

deposition, in response to questions from Mr. Ray, Ms. Rountree

testified that she cannot recall where she bought the blinds:

> Q:   . . . Do you know that the blinds that April died in,
> where those were purchased?
>
> A:   No.   I thought it was Wal-Mart.   And after we started
> doing calculations we realized that K-Mart was up here at
> the time. . . .
>
>     . . .
>
>     . . . I don't know for sure because I've bought blinds
> at Fred Meyers.   I've bought blinds at Lowe's -- it used to
> be Eagle at the time.   So, you know, I can't say for sure.
> Who has receipts of 11 years ago?
>
>     . . .
>
> Q:   Would you be able to say whether it was likely that
> your purchase of the blinds, whether these or other blinds,
> were made with check, credit card, or cash?
>
> A:   Well, if I don't know where I bought it, and I don't
> know when I bought it, I'm sure the heck not going to know
> how I bought it.

Deposition of Ilene Rountree, Exhibit G hereto, at 7-9.

Clearly, Plaintiffs' sworn discovery response tying the blinds

in suit to Wal-Mart cannot be substantiated.   Ilene Rountree

testified she does not know where they came from, and identified

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

---

[12] Valerie Rountree is the mother of the decedent, April
Lynn Cox.   Ilene and Paul Rountree are the parents of Valerie
and grandparents of April.

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 24

at least three other retailers besides Wal-Mart where the blinds
could have been purchased.

Similarly, her husband Paul Rountree testified he has
no idea where the blinds came from:

> Q:   (by Mr. Ray) . . . [T]here was what I would call a
> venetian  blind  or  horizontal  blind  on  the  windows  in
> [April's] room;  is that right?
>
> A.   Yes.
>
> Q:   Do you know where that came from?
>
> A:   I do not.
>
> .  .  .
>
> Q:   (by Mr. Ray) I've been hearing that the blinds
> were purchased at Wal-Mart.   Do you have any information
> about that?
>
> A:   It's possible, but I couldn't tell you yes or no.
> .  .  .
>
> Q:   Did you talk to [your wife] about where they were
> bought?
>
> A:   She says she doesn't remember.   She says it might
> have been Wal-Mart, might have been K-Mart.

Deposition of Paul Rountree, Exhibit H hereto, at 6-8.    The
upshot is that Plaintiffs have no testimony and no documentary
evidence supporting their allegation that the blinds came from
Wal-Mart.   There is every reason to conclude that their claim

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 25

that Ching Feng designed and manufactured the blinds is equally spurious.

The court has wide discretion in controlling discovery. Although every case must be decided on its particular facts and circumstances, as a general proposition courts have had no reluctance to protect a defendant from burdensome discovery when there is no evidence whatever to support a plaintiff's claim. In Elkes v. B'nai B'rith International, 540 F. Supp. 98 (D.D.C. 1982), the court granted a plaintiff's motion for a protective order precluding defendant from seeking discovery into plaintiff's good faith, in the absence of a "prima facie" showing that a conspiracy existed. "After reviewing [the record], the court reaffirms its prior decision that there is no evidence to suggest that this suit was brought in subjective or objective bad faith." Id. at 105. See also McLaughlin v. McPhail, 707 F.2d 800, 807 (4th Cir. 1983)(granting a protective order and denying a motion to compel testimony sought to prove conspiracy, where the court found no prima facie showing of conspiracy).

In Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308 (S.D. Ind. 1997), the court denied discovery aimed at trying to establish facts supporting long-arm jurisdiction, when there was

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 26

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

no  threshold  showing  of  _any_  facts  supporting  long-arm

jurisdiction.

> Where a plaintiff wants to submit a distant defendant
> to discovery in order to determine whether sufficient
> contacts support jurisdiction, it is reasonable for a
> court exercising its power [under Rule 26] to expect
> the  plaintiff  to  show  a  colorable  basis  for
> jurisdiction  before  subjecting  the  defendant  to
> intrusive  and  burdensome  discovery  in  that  distant
> forum. . . . In  many  cases  courts  have  properly
> limited  or  denied  discovery  on  jurisdictional  issues
> where  the  plaintiff  failed  to  make  some  threshold
> showing -- sometimes called a "prima facie" showing,
> other  times  called  a  "colorable  showing"  --  of  a
> plausible  basis  for  exercising  jurisdiction  over  the
> defendant.

_Id._ at 312;  _see_ extensive citation of authorities there cited,

including  Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1208

n.5  (9th  Cir.  1980)(upholding  denial  of  discovery  on

jurisdictional  facts).   These  decisions  and  the  principle

involved  are  relevant,  even  though  the  instant  motion  is  not

couched  in  jurisdictional  terms.    In  this  litigation,

Plaintiffs' burden of proving that this court has long-arm

jurisdiction over Ching Feng _necessarily_ starts with proving

that Ching Feng designed and/or manufactured the window blinds

in suit.   These authorities strongly support the proposition

that  before  Plaintiffs  are  permitted  to  pursue  burdensome

discovery  of  Ching  Feng,  they  should  be  required  to  make  at

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 27

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

least a prima facie showing that Ching Feng had anything to do with the window blinds.

Under these circumstances, Ching Feng asks the court to enter an order that not only strikes Plaintiffs' pending written discovery to Ching Feng, but requires Plaintiffs to make a prima facie showing by admissible evidence that Ching Feng was the designer and/or manufacturer of the subject blinds as a precondition for propounding any discovery to Ching Feng in any form. In that event, discovery should be propounded via letters rogatory issued by the court.

## CONCLUSION

For the foregoing reasons, Ching Feng asks the court to enter a protective order as follows:

1. that Plaintiffs' First Discovery Requests to Defendant Ching Feng be stricken;

2. that these and all other requests for discovery addressed to Ching Feng by any party be submitted by motion to this court for promulgation of letters rogatory addressed to the appropriate authorities in Taiwan; and

3. that prior to obtaining any discovery from Ching Feng by any means, Plaintiffs be ordered to submit admissible evidence to this court establishing a prima facie case that

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 28

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Ching Feng designed and/or manufactured the window blinds involved in this litigation.

DATED at this 20th day of December, 2005, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant
Ching Feng Blinds Industry Co.,
Ltd.

By: _____
Daniel T. Quinn, ABA #8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 29

I HEREBY CERTIFY that a true
and correct copy of the
foregoing was served by mail
this _20th_ day of December,
2005 on:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

William A. Earnhart
Lane Powell Spears Lubersky LLP
301 W. Northern Lights Blvd.
Suite 301
Anchorage, AK  99503-2648

Donald C. Thomas
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

Michael L. Weiss
King & Spalding LLP
191 Peachtree Street
Atlanta, GA  30303


_Charlene Espy_
RICHMOND & QUINN

1059\047\pld\mtn for protective order

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. A04-0112 CV (JWS)
Page 30