**FILED**

DEC 2 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

### UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | | |
|---|---|---|
| VALERIE ROUNTREE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | A 04-112 CV (JWS) |
| | ) | |
| vs. | ) | **ORDER FROM CHAMBERS** |
| | ) | |
| CHENG FENG BLINDS INDUSTRY, | ) | [RE:  Motion at docket 53] |
| CO., LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### I.  MOTION PRESENTED

At docket 53, plaintiffs move to withdraw their admission of certain requests for admission propounded to them by defendant Window Covering Manufacturers Association ("WCMA").  The motion has been fully briefed.  No party has requested oral argument, and it would not assist the court.

### II.  BACKGROUND

WCMA served nine requests for admission pursuant to Rule 36 by hand delivery on September 14, 2005.  Responses were due within 30 days.  Although, he recalls seeing the requests earlier, plaintiffs' counsel overlooked the need to respond until October 20, 2005, several days after the requests were deemed to have been admitted by operation of the rule.[1]  Plaintiffs' counsel then requested WCMA's counsel to extend

---

[1]FED. R. CIV. P. 36(a) provides in pertinent part, "The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."

63

the time for responding, but the request was turned down. Thereupon, plaintiffs'
counsel served a late response to the requests in which he admitted three of the
requests,[2] gave a response to one which WCMA reads as a qualified admission,[3] but
denied the others.

## III. DISCUSSION

Rule 36 contemplates that admissions may be withdrawn: "Any matter admitted
under this rule is conclusively established unless the court on motion permits
withdrawal or amendment of the admission."[4]  Where, as here, the effort to withdraw is
not made at a time which is inconsistent with the provisions of a pre-trial scheduling
order, a request to withdraw may be granted if (1) withdrawal will subserve
"presentation of the merits of the action," and (2) the party who obtained the admission
does not show prejudice to its ability to maintain a claim or defense on the merits.[5]

WCMA does not argue that withdrawal will prejudice its ability to maintain a
defense on the merits. WCMA does contend that withdrawal would be inconsistent with
the rules' other criterion relating to the merits of the action. WCMA points out that none
of the five admissions "would be dispositive of this action, whether standing alone or
collectively,"[6] and none would "eliminate the plaintiffs' ability to meet their evidentiary
burden, nor . . . conclusively establish any affirmative defense asserted by WCMA."[7]
Those observations may be accurate, but they are not premised on the correct inquiry.
Under Rule 36(b), the issue is not whether withdrawal is absolutely necessary to
presentation of the merits (eliminates a dispositive admission), but whether withdrawal

---

[2]Request Nos. 1, 2, and 5.

[3]Request No. 7. WCMA characterizes the response as a qualified admission in its
briefing. Doc. 54 at p. 4.

[4]FED. R. CIV. P. 36(b).

[5]*Id.*

[6]Doc. 54 at p. 4.

[7]*Id* a p. 5.

-2-

will "subserve presentation" of the merits (help the finder of fact understand the merits). Assuming for the sake of the immediate discussion that the five responses offered in place of the admissions are responsive to the requests, the court concludes that withdrawal would subserve presentation of the merits.

Finally, the court must determine whether the responses which would be placed of record if withdrawal is allowed constitute proper responses within the meaning of Rule 36. To the extent they do not, this court will exercise its discretion by refusing to allow withdrawal.[8]

Requests Nos. 1 and 2 have been admitted in the late responses supplied by plaintiffs, so there is no need to address the request to withdraw the deemed admissions. Whether withdrawn or not, Requests Nos. 1 and 2 are admitted.

Request No. 3 asked for an admission that plaintiffs had no evidence of stickers, tags or labels that may have been associated with the window coverings at the point of sale. The response says that plaintiffs do have evidence of a sticker bearing WCMA's initials which was affixed to bottom rail of the window blinds. This is a responsive answer which is adequate under Rule 36(a). The court will allow withdrawal of the admission of Request No. 3 and substitution of the response given.

Request No. 4 asked for an admission that plaintiffs have no evidence of any instructions, labels or other materials which may have accompanied the subject blinds aside from anything still attached to the blinds or their packaging. The response is a denial based on the argument that the 1996 Standard required a hang tag. The response fails to comply with Rule 36(a). Instead of fairly addressing the request which was directed at what evidence plaintiffs might actually have, such as a hang tag, set of instructions, or labels, the response evades the request by suggesting that based on the 1996 Standard, such information *should* have accompanied the blinds. In contrast, the request was intended to determine whether plaintiffs have any evidence that such

---

[8]Rule 36(b) indicates that after considering the two specified criterion, the court "may" allow withdrawal of admissions. It would be pointless to permit withdrawal in order to place of record responses which are not in compliance with Rule 36(a). *See* FED. R. CIV. P. 1.

information *actually did.* The court will not allow the admission of Request No. 4 to be withdrawn. Request No. 4 stands as admitted.

Request No. 5 was admitted in the late responses. So, whether withdrawn or not, the request stands as admitted.

Request No. 6 asked for an admission that plaintiffs had no evidence contrary to this statement: "At the time April Lynne Cox died, members of the window covering industry, along with the United States Consumer Product Safety Commission, warned parents that the inner cords of window coverings could pose a hazard to small children." The late response is a denial for the reason that parents Valrerie Rountree, Chris Cox, Paul Rountree, and Ilene Rountree were not warned that the inner cords could pose a hazard "at any time up to the time of April Lynne Cox's death." As written the request inquires about something literally done "at the time" of April Lynne Cox's death. If the request had asked if warnings "had" been given by the time of the death, the plaintiffs' late response might have been inadequate for failure to address a broader class of parents. However, the court declines to deny withdrawal, because Request No. 6 focuses only on warnings given at the time of the particular infant's death. That being so, it is reasonable to respond only in terms of a small group of parents, especially those associated with that particular child, rather than responding in terms of parents generally. The court will permit withdrawal of the admission to Request No. 6 and the substitution of the late response.

Request No. 7 is considered a qualified admission by WCMA. WCMA has not raised any objection specific to the late response. The court will therefore permit the withdrawal of the unqualified admission and the substitution therefore of the qualified admission pertaining to Request No. 7.

Request No. 8 suffers from the same problem as Request No. 6 by focusing on what was done at the time of the infant's death, not what had been done up to the time of the death. As in the case of Request No. 6, that leaves what may otherwise have been an inadequate response, adequate in the court's view. Withdrawal will be allowed.

-4-



Request No. 9 asks for an admission that plaintiffs lack evidence that WCMA mandated or required instructions, labels or other materials to accompany window coverings. The late response denies the request on the grounds that the 1996 Standard required warning tags and labels, and the blinds in question were manufactured in accordance with that standard. Denial of the request requires some evidence that WCMA required warnings. Whether the evidence cited is in fact probative of the proposition that WCMA required warnings turns on the resolution of legal issues not presently before the court. Pending resolution of such issues, plaintiffs' response is an adequate basis upon which to rest a denial. This may be contrasted with the response to Request No. 4 where invocation of the 1996 Standard was not responsive to the request.

## IV.  CONCLUSION

For the reasons above, the motion at docket 53 is **GRANTED in part and DENIED in part** consistent as follows: The admission of Request Nos. 3, 6, 7, 8, and 9 are withdrawn, and plaintiff's respective late responses are accepted in lieu of the original deemed admissions. Request Nos. 1, 2, 4, and 5 are admitted.

DATED at Anchorage, Alaska this 21st day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A04-0112--CV (JWS)        12-22-05
-----------------------------------------------------
D. QUINN (RICHMOND)
C. RAY JR (RAY)
D. THOMAS (DELANEY)

W. EARNHART (LANE)
D. BAUERMEISTER

-5-