Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>Plaintiffs,<br><br>vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC., a New Jersey corporation; WAL-MART STORES, INC., a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>Defendants. | Case No. 3:04-cv-00112-JWS<br><br><br><br><br><br><br><br><br><br><br><br>AFFIDAVIT OF<br>CHARLES W. RAY, JR. |

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

Affidavit of Charles W. Ray, Jr.
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 1 of 4   Rountree 311.1 WalMart Oppos CWR:aff

## AFFIDAVIT OF CHARLES W. RAY, JR.

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

I, CHARLES W. RAY, JR., being first duly sworn, state that:

1. I am the attorney for plaintiffs in this action, and have personal knowledge of the truth of the statements made herein.

2. On 17, 18 and 19 January 2006, I reviewed approximately 34,000 documents produced by the Window Covering Manufacturers Association (WCMA) at the offices of its counsel, King & Spaulding, in Atlanta, Georgia. I reviewed the documents as promptly as I could following receipt of WCMA's discovery responses in order to obtain documents pertinent to this case. Obviously, given the quantity of documents and distances involved, this has taken time, but not an unreasonable amount of time. During the document review, I made note of those documents I wished to have copied in connection with this case. Upon my return to Anchorage, my secretary and I, in conjunction with King & Spaulding personnel and a copy service in Atlanta, arranged to have documents copied and forwarded to me in digital form on a CD. Those documents will not be available to me any earlier than some time next week, following which I can provide pertinent documents to the Court supporting the statements made in the text of this affidavit and the opposition to Wal-Mart Store, Inc.'s Motion for Summary Judgment.

3. Many of the documents produced by WCMA are documents relating to the Window Covering Safety Council (WCSC), an entity formed in 1994 and in which Wal-Mart appears to be an original member and, from the documents, has been a member and participant in its activities up to the present. The records reflect a substantial overlap

Affidavit of Charles W. Ray, Jr.
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 2 of 4   Rountree 311.1 WalMart Oppos CWR:aff

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

between WCMA and WCSC membership. It does not appear that Wal-Mart has been a member of WCMA, although I can not be certain of that. WCSC appears to have been formed in response to concerns by the Consumer Product Safety Commission ("CPSC") regarding strangulation deaths in cords of window blinds. Shortly after its formation, WCSC submitted a "voluntary corrective action plan" to the CPSC purportedly aimed at eliminating the risk to children of strangulation deaths in window blind cords. The documents produced by WCMA reflect incidents of deaths by strangulation in the inner cords of window blinds in a fashion similar to that which befell April Cox. These strangulation incidents were reported to the CPSC, and were known to both WCMA and WCSC. However, the documents produced by WCMA further reflect that despite information known to WCMA and WCSC, the public relations campaign mounted by WSCS and WCMA, including WCMA's adoption of the 1996 standard, did not address the risk of death by strangulation in the inner cords of window blinds. Rather, the documents produced by WCMA affirmatively state that cutting the side pull cord loop of such blinds, and placing individual tassels on the cut ends of the side pull cord, would make such blinds safe even though this was not aimed in any way at the inner cord loop strangulation hazard.

4. A series of telephone surveys was conducted at the instance of WCSC to determine the effectiveness of the public relations campaign begun in 1994 regarding the side pull cord, as well as the effectiveness of a similar campaign begun in November 2000 regarding the inner cord loop. The surveys show that over time no significant additional percentage of surveyed households recognized the inner cord loop risk.

5. Not until CPSC forced action to address the inner cord loop hazard did WCMA or WSCS begin steps to even attempt to alert the consuming public to the inner cord

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

Affidavit of Charles W. Ray, Jr.
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 3 of 4                      Rountree 311.1 WalMart Oppos CWR:aff

hazard, which steps began in November 2000 with a "recall to repair" by which consumers could obtain small beads which, when the pull cord was knotted onto the bead, acted as cord stops that reduced the ease with which inner cord loops formed. The standard adopted by WCMA in August 2002, three months after April's death, included the same mechanism to address the hazard posed by the inner cord loop which had been known to the WCSC, presumably including Wal-Mart, since at least 1994. Thus, despite specific knowledge of the inner cord strangulation hazard, as reflected in documents produced by WCMA, manufacturers, distributors, and retailers of window blinds, including Wal-Mart, misrepresented the extent of the hazard and took no steps to address it. Indeed, the fashion in which the side pull cord was addressed while ignoring the inner cord risk arguably misinformed the public and lulled consumers such as the Rountrees into believing that the product was completely safe if the side pull cord loop was either cut or placed out of children's reach.

6.  No complaint was ever filed by Valerie or anyone else against either Paul or Ilene Rountree.

DATED this 30th day of January, 2006.

_____
Charles W. Ray, Jr.

SUBSCRIBED AND SWORN TO before me this 30th day of January, 2006.

OFFICIAL SEAL
STATE OF ALASKA
NOTARY PUBLIC
DIANA L. CRAMER
My Commission Expires: 5/2/09

_____
Notary Public in and for Alaska
My commission expires: 5/2/09

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

Affidavit of Charles W. Ray, Jr.
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 4 of 4                     Rountree 311.1 WalMart Oppos CWR:aff