Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>Plaintiffs,<br><br>vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC., a New Jersey corporation; WAL-MART STORES, INC., a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>Defendants. | Case No. 3:04-cv-00112-JWS<br><br><br><br><br><br><br><br><br><br><br><br>AFFIDAVIT OF<br>VALERIE ROUNTREE COX |

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 1 of 3            Rountree 311.1 WalMart SJ Opp Valerie.aff

COMMONWEALTH OF VIRGINIA )
) ss.
ALEXANDRIA COUNTY )

    I, VALERIE ROUNTREE COX, being first duly sworn, depose and state that, I am over the age of 18, and have personal knowledge of the following facts:

    1.    I am one of the plaintiffs in this action, and the mother of April Cox.

    2.    My father Paul Rountree and step-mother Ilene Rountree had gone camping on Memorial Day weekend of 2002, returning earlier than expected on Sunday night. They left the house Monday morning, 27 May 2002, at about 10:15, 15 minutes or so before I found April tangled in the window blind cord and called 911. Paul and Ilene came back to the house between 1:00 to 1:30 p.m., after I had already returned from the hospital. The police interviewed me when Ii got back from the hospital; I believe the interview was recorded. When Ilene returned to the house that afternoon and learned what had happened to April, she was very agitated and told me, as well as police officers and my father, that she had purchased the blinds at Wal-Mart.

    3.    Although I helped my father arrange the furniture in the room in which my daughters Morgan and April slept, I did not "insist" that the furniture be arranged the way it was. Rather, the furniture seemed to fit into the room best that way, because the door opened more easily than in any other arrangement. It was therefore

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 2 of 3        Rountree 311.1 WalMart SJ Opp Valerie.aff

decided between my father and me that the best way to put the furniture in the room was with April's crib next to the window.

    4.    Although I cannot remember how, it had come to my attention that the side pull cord on window blinds should be kept away from children, so before April or Morgan moved into that room, the side pull cord for the blinds was tied off well out of the reach of either child. The blinds were closed the whole time that April and Morgan were staying in that room. With the blinds closed, the cord in which April strangled cannot even be seen and I had no idea that such a thing could happen.

DATED this 30th day of January, 2006.

_____
Valerie Rountree Cox

    I, VALERIE ROUNTREE COX, certify, under penalty of perjury, that no notary public or other official empowered to administer oaths is available to witness my signature, and that the statements contained in the foregoing Affidavit of Valerie Rountree are true and correct to the best of my knowledge, and that I signed said document voluntarily, and for the uses and purposes therein set forth.

DATED this 30th day of January, 2006, at Alexandria, Virginia.

_____
Valerie Rountree Cox

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 3 of 3                Rountree 311.1 WalMart SJ Opp Valerie.aff