William A. Earnhart, ASBA 9411099
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
E-mail:  earnhartw@lanepowell.com
Attorneys for Defendant, Wal-Mart Stores, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| VALERIE ROUNTREE, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>CHING FENG, LTD., a Taiwanese corporation, et al.,<br><br>                    Defendants. | Case No. A04-0112 CV (JWS)<br><br>**REPLY TO OPPOSITION TO MOTION FOR <u>SUMMARY JUDGMENT</u>** |

       Plaintiffs would have the court allow the imposition of liability on Wal-Mart even though it had no contact with the window blind involved in this lawsuit.  Wal-Mart has thoroughly searched its records which show it sold no blinds of this size in Anchorage at any time between 1992 and plaintiff's decedent's death in 2002.  Furthermore, the purchasers of the blind, Paul and Irene Rountree have testified under oath that they do not know where the blind was purchased.  In short, Wal-Mart did not sell the blinds at issue in this case.  Plaintiff's self-serving statement that her mother once said the blind was purchased at Wal-Mart is inadmissible hearsay.  Further, even if the statement were admissible, it is no more than a scintilla of evidence, insufficient to avoid summary judgment.

       Nor does plaintiffs' second theory of liability provide a basis for a legal claim against Wal-Mart.  Wal-Mart is not liable for a product it did not design, manufacture, or sell.

I.      INTRODUCTION

In its motion for summary judgment, Wal-Mart submitted the affidavit of its mini-blind buyer and Wal-Mart's records to indicate that between 1994 (when the Wal-Mart Stores opened in Anchorage) and 1997, no blinds of the size and type involved in this incident were sold in Wal-Mart Stores.  Plaintiffs' counsel then informally raised the concern that Ilene Rountree's date of 1994/1995 for the purchase of the blind may be incorrect because the blind contained what appeared a post-1996 warning sticker.  Plaintiffs were then allowed four extensions on briefing their opposition to Wal-Mart's motion for summary judgment (Document No. 62) in order to have the opportunity to review Wal-Mart's records from 1997 to 2002 and to consider whether Wal-Mart should be dismissed from this action.  *See*, attached Affidavit of Counsel, William A. Earnhart.  *See, also*, Exhibit A, Wal-Mart's Supplemental Disclosure dated January 19, 2006.

Those records reflect that between 1997 and 2002 Wal-Mart sold no blinds of the size and type involved in this incident.  *See* Exhibit B, p. 4, Affidavit of R. Chesemore, Wal-Mart's Records Custodian.  Wal-Mart, therefore, did not sell the blinds at issue in this lawsuit.  As this court will recall, Ilene and Paul Rountree were deposed in this matter.  Ilene Rountree stated that she purchased the blind in question and may have purchased it at any one of a number of different stores, including K-Mart and Eagle/Lowe's.  Paul Rountree does not know where the blind was purchased by his wife, at page 6, but he recalls buying some blinds at Eagle.  *See* Exhibit C, Deposition of Paul Rountree at P. 57.  When viewed in conjunction with Wal-Mart's sales records, the only reasonable conclusion is that Ilene Rountree bought the blinds at issue in this case from some retailer other than Wal-Mart.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

In an attempt to create an issue of fact, plaintiff has provided an affidavit containing a hearsay statement which states that plaintiff's mother purchased the blind at Wal-Mart. Plaintiff has not provided enough information in her affidavit to establish that this could be an excited utterance, and the statement itself clearly does not fit within this exception. Moreover, even if the statement was found to be an excited utterance, it is not enough to prevent summary judgment. Furthermore, Wal-Mart has no duty toward plaintiffs for a product that it did not design, manufacture or sell. Plaintiffs' second theory of liability therefore has no legal merit and fails to state a claim upon which relief can be granted.

## II. THERE IS NO MORE THAN A SCINTILLA OF ADMISSIBLE EVIDENCE THAT THE BLINDS IN THE CASE WERE SOLD BY WAL-MART.

### A. Ilene Rountree's alleged statement is inadmissible hearsay.

Plaintiffs suggest that a statement by Ilene Rountree on May 27, 2002 that she bought the blinds at issue in this case at Wal-Mart is admissible under the excited utterance exception to the hearsay rule. Opposition p. 3. Under Rule 803(2), an excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

As the proponent of this hearsay statement, plaintiffs have the burden of establishing its admissibility. *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 934 (9th Cir. 2002) ("[T]he proponent of the evidence[] bore the burden of establishing a foundation from which to conclude that the statement was within a hearsay exclusion."). Yet plaintiffs do not so much as quote the rule, let alone discuss the factors that the Court must consider in determining whether the statement is admissible under the excited utterance exception. Furthermore, the facts averred by Ms. Rountree-

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Cox are insufficient to establish that the statement was made while Ilene Rountree "was under the stress of excitement caused by the event or condition." In short, plaintiff provides neither a legal nor factual basis for its assertion that Ilene Rountree's alleged May 27, 2002 statement is admissible.

### 1. Ilene Rountree's alleged statement does not meet the requirements of Rule 803(2).

Ms. Rountree-Cox's affidavit includes only a general summary of the subject matter of Ilene Rountree's statement. Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2. According to Ms. Rountree-Cox, Ilene Rountree stated "that she had purchased the blinds at Wal-Mart." *Id.*

Ilene's alleged statement does not "relate to" the startling event as required by Rule 803(2). Specifically, an excited "utterance must *relate to the circumstances of the occurrence preceding it*." *U.S. v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002) (quoting 6 WIGMORE, EVIDENCE § 1750, at 222 (Chadbourn rev. 1976)) (emphasis in original). Ilene did not witness the incident, and therefore could not describe it. Instead, Ilene's statement describes an event – her purchase of the blinds – that took place *years before* the starting event which allegedly prompted her statement, rather than *the circumstances surrounding the event itself*. The statement is therefore not admissible as an excited utterance. *See id.* at 1176 (declining to admit exculpatory statement made at time of arrest, the startling event, that "related to earlier events" that were the basis for declarant's arrest).

Plaintiff offers no theory about how Ilene's statement relates to the circumstances of the startling event, instead citing a case in which the Ninth Circuit *expressed doubt* that an analogous statement qualified as an excited utterance. *See U.S. v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977), *cert. denied* 435 U.S. 969 (1978) ("It is suggested to us that the witness' answer could be admitted as an excited utterance. This seems doubtful on the record before us."). In *McLennan*, the declarant was

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

told about a startling event, and responded with a statement relating to an earlier event, in that case a pre-event statement by the declarant. *Id.* at 946. The Court declined to find that the statement was an excited utterance on the limited record provided by the proponent. *Id.* at 948. Plaintiffs in this case provide a similarly incomplete and insufficient record to support the contention that the hearsay statement is an excited utterance. *See infra* Part II(a).

Furthermore, Ilene's statement was necessarily the product of rational thought. *See U.S. v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002) (requiring that statement be made "while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance"). As explained above, the statement does not describe the startling event. Instead, the statement clearly reflects a mind that has moved on from grasping the mechanics and consequences of the event. The identity of the blinds' vendor is immaterial to these issues, and becomes relevant only after the declarant has progressed to trying to figure out who might be responsible for the event. For a witness to the event, identification of a responsible party would be part of the event's description, and is often obvious ("The blue car ran the red light!"). But for a person who did *not* witness the event, identification of the responsible parties requires (1) understanding the event as related by the witness, (2) making a judgment about the applicable law or theory of moral responsibility, and (3) constructing the necessary factual framework (which includes, in this case, the identity of the blinds' vendor). This process necessarily involves rational thought and reflection that is inconsistent with Rule 803(2).

> **2. Ms. Rountree-Cox has not averred sufficient facts regarding the circumstances surrounding the statement to allow the Court to conclude that it is admissible as an excited utterance.**

"A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Federal Trade Commission v. Publishing*

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

*Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1996). Ms. Rountree-Cox's affidavit is both conclusory and self-serving. Moreover, it is devoid of details and unsupported by evidence. Despite Ms. Rountree-Cox's claim that other people witnessed Ilene's statement, she provides no supporting evidence in the form of affidavits from either the declarant or other witnesses.

Regarding circumstances of Ilene Rountree's alleged hearsay statement, Ms. Rountree-Cox states only that "[w]hen Ilene returned to the house that afternoon and learned what had happened to April, she was very agitated . . . ." Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2. From this conlcusory and non-detailed statement, plaintiff expects the Court to find that Ilene's alleged statement is admissible as an excited utterance.

Ms. Rountree-Cox fails to provide the basis for her description of Ilene Rountree's mental state, stating only her conclusion that Ilene was "very agitated." Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2. It is therefore unclear whether Ilene's alleged agitation was sufficient to incapacitate her powers for reflective thought, yet this is exactly what plaintiff's ask the Court to conclude. It is unclear from Ms. Rountree-Cox's affidavit whether Ilene's statement was an isolated explanation or part of a longer coherent narrative. Moreover, because Ms. Rountree-Cox provides only a synopsis of Ilene's alleged statement, it is unclear whether the alleged assertion that she bought the blinds at Wal-Mart was made in absolute terms or whether the statement was qualified, as were Ilene's later statements on the issue. *See* Exhibit E, Deposition of Ilene Rountree p. 8. Furthermore, the *appearance* of excitement is only one factor among many to be considered in determining whether a statement was made "under the stress of excitement caused by the event or condition." Ms. Rountree-Cox's affidavit does not even state with particularity that Ilene was "very agitated" *at the time of her statement*. Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Ms. Rountree-Cox's affidavit utterly fails to deal with other relevant factors in the excited utterance determination, such as the passage of time between the startling event and the statement, *U.S. v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002); the declarant's ability for reflective thought during this time; *id.*; whether the declarant engaged in behavior indicative of reflective thought after the event and before making the statement; *see Hamilton v. Missouri Petroleum Prods. Co.*, 438 S.W.2d 197, 200 (Mo. 1969) (holding statements made after declarant put out flares and went to aid of injured party no excited utterances); and whether the statement was made spontaneously or in response to a question. *See, e.g., U.S. v. Wildcat*, 2000 WL 1475529, *1 (9th Cir. 2000) (upholding exclusion of alleged excited utterance made in response to question).

Plaintiff's counsel characterizes Ilene's statements as being made "voluntarily" and when "Ilene had only just learned of April's death." *See* Opposition p. 3. But *there is absolutely nothing in Ms. Rountree-Cox's affidavit that supports these descriptions*. Plaintiff's counsel's unsupported assertions about the circumstances under which the statement was made are not evidence, and may not be the basis for a finding that Ilene's statement is admissible as an excited utterance.

*McLennan*, the lone case relied upon by plaintiff, further undermines plaintiff's assertion that Ilene's statement is an excited utterance by expressing doubt that "one merely informed of an event could become so excited upon hearing of it as to lose the power of reflective thought." *McLennan*, 563 F.2d at 948 (quoting MCCORMICK ON EVIDENCE § 297, p. 705 (2nd ed.). Ilene Rountree was told of the startling event hours after it occurred. Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2. Even if the revelation of a startling event *could* trigger a statement that could qualify as an excited utterance, plaintiff's brief and conclusory description is utterly insufficient to bear this increased burden.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Plaintiffs had a more than sufficient opportunity to draft an affidavit to include a factually sufficient basis for admitting the statement as an excited utterance. Plaintiff's Opposition was initially due on December 20, 2005. *See,* Affidavit of W. Earnhart. Wal-Mart granted plaintiffs an extension until January 6, 2006, then another until January 20 and another until January 27, and finally a fourth extension until January 30. *Id.* Yet with more than a month of additional time, plaintiff was able to muster a mere two and a half lines vaguely "describing" the alleged statement and the surrounding circumstances. Exhibit D, Affidavit of Valarie Rountree-Cox ¶ 2.

In short, despite more than ample opportunity, plaintiffs have failed to provide the Court with sufficient information to conclude that Ilene Rountree's alleged statement is admissible as an excited utterance under Rule 803(2).

### 3.   The statement was not based on personal knowledge.

Hearsay statements, even if they fit within an exception, must be based on personal knowledge. *See Bemis v. Edwards*, 45 F.3d 1369, 1373 (9th Cir. 1995) ("In the context of hearsay, the declarant must also have personal knowledge of what she describes."). Moreover, "[a]s the proponent of the evidence, [plaintiff] had the burden of establishing personal perception by a preponderance of the evidence." *Id.* Plaintiff makes no attempt to do so. Because Ilene Rountree was *told* of April's death, see Exhibit D, Rountree-Cox Affidavit ¶ 2, she did not have personal knowledge of that event. As her subsequent deposition testimony establishes, she did not have personal knowledge of purchasing the blinds at Wal-Mart, either.

Personal knowledge of past events must be grounded in *memory*. But Ilene does not remember buying the blinds at Wal-Mart. Exhibit E, Deposition of Ilene Rountree p. 7-8. Instead, as demonstrated in Wal-Mart's Motion for Summary Judgment, Ilene's qualified conclusion that she may

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

have bought the blinds at Wal-Mart is based on a syllogism formed of incorrect recollections and questionable assumptions. *See* Wal-Mart's Motion for Summary Judgment pp. 5. Nothing in Ms. Rountree-Cox's affidavit suggests that Ilene remembered buying the blinds at Wal-Mart at the time of the event but subsequently forgot and had to rely on her syllogism between the event and her deposition.

In fact, Ilene's deposition testimony establishes that she *never* remembered buying the blinds at Wal-Mart. Exhibit E, Deposition of Ilene Rountree p. 7 ("I *thought* it was Wal-Mart."); *id.* at 8 ("So you know, I can't say for sure. Who has receipts of 11 years ago? I bet you couldn't tell me what you bought 11 years ago."); *id.* at 9 (". . . I don't know where I bought it, and I don't know when I bought it, [so] I'm sure in the heck not going to know how I bought it."). *Cf. Coyle v. Kristjan Palusalu Maritime Co., Ltd.*, 83 F. Supp.2d 535, (E.D. Penn. 2000) (excluding alleged excited utterance based on lack of personal knowledge when "plaintiff point[ed] to nothing in [declarant's] statement or elsewhere in the record . . . from which it could be found more likely than not that [declarant] personally observed a crew member replace the wire before he fell over it. . . . *an equally plausible explanation is that [declarant] just assumed . . . .*") (emphasis added).

No statement of Ilene Rountree that she bought or probably bought the blinds at Wal-Mart, *including her statement at the time of the event*, was based on personal knowledge.

   **4. Admitting this statement would directly undermine the policies underlying the "excited utterance" exception.**

The requirement of personal knowledge is bound up with the purposes of the excited utterance exception. "The basis for the 'excited utterance' exception . . . is that such statements are given under circumstances that eliminate the possibility of fabrication, coaching, or confabulation . . . ." *Idaho v.*

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

*Wright*, 497 U.S. 805, 820 (1990).  To "confabulate" is to fill in gaps in one's memory with fabrications one believes to be facts.  *See* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 278 (1971) ("To replace fact with fantasy in memory."); TABER'S CYCLOPEDIC MEDICAL DICTIONARY 401 (16th ed. 1989) (defining "confabulation" as "[a] behavioral reaction to memory loss in which the patient fills in memory gaps with inappropriate words").  These fabrications need not be lies; innocent mistakes may serve gap-filling roles with the same devastating effect on the statement's reliability.

Because the subject matter of Ilene's statement was an event that took place years before her statement was made and which she does not remember, the circumstances surrounding this statement are virtually certain to cause "confabulation" by encouraging the declarant to leap to conclusions.  In short, when the subject matter of the statement *requires* reflection, the circumstances required by the excited utterance rule make the statement *less*, rather than more, reliable.

Hearsay exceptions exist because the statements made under the circumstances that they describe are generally thought of as reliable.  *See* Advisory Comm. Note to Rule 803 Paragraphs (1) and (2) (1972).  This *reliability*, which is the basis for admitting statements under the hearsay exceptions, should be distinguished from *credibility*, or how much weight admitted statements should be accorded by the trier of fact.  If Ilene Rountree were to testify that she bought the blinds at Wal-Mart, her *credibility* could be attacked on cross-examination on the basis that her memory of doing so was false.  But that is not the question here.  In this case, the question is whether the statement is sufficiently *reliable* as a result of the circumstances surrounding it that it should be admitted without cross-examination of the declarant.  Plaintiffs are between an evidentiary rock and a hard place.  Either (1) the statement was made after reflection, in which it would not qualify as an excited utterance under

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Rule 803(2), or (2) it was made without reflection, which would render it utterly unreliable due to the need for reflection occasioned by the declarant's lack of actual knowledge and the remoteness in time of the statement's subject matter. Either way, the statement is inadmissible.

In short, when the circumstances of a particular case demonstrate that the reliability of a proffered statement is *compromised* by the very circumstances under which the proponent claims admission is *justified*, the statement must not be admitted.

B. **Even if the statement is admissible as an excited utterance, it is insufficient to establish a genuine issue of material fact.**

A mere "scintilla" of evidence will not be sufficient to defeat defendant's motion; instead, plaintiff must introduce some "significant probative evidence" tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Wal-Mart's sales records demonstrate that Ilene Rountree did not purchase the blinds at issue here from Wal-Mart. *See* Exhibit B, Affidavit of R. Chesemore. As noted above, it is unclear from the cursory description of Ilene's statement in Ms. Rountree-Cox's affidavit whether the statement was made in absolute or qualified terms. If it is the latter, and Ilene was merely speculating that she bought the blinds at Wal-Mart, then it adds nothing to her deposition testimony, which is itself insufficient to raise a genuine issue of material fact. *See infra* Part II.C; Wal-Mart Motion for Summary Judgment pp. 4-6.

Even if Ilene's alleged hearsay statement was made in absolute, unqualified terms, a single statement, later explained, qualified, and contradicted under oath, and conclusively contradicted by Wal-Mart's sales records, is no more than colorable evidence, and lacks significant probative value. *See Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987) (holding that if plaintiff's evidence is merely colorable or not significantly probative, summary judgment should be

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

entered for defendants). As explained in Wal-Mart's motion for summary judgment, Ilene Rountree's initial mistaken conclusion that she bought the blinds at Wal-Mart was a sufficient basis under Rule 11 for filing a complaint, but once discovery proved plaintiff's "information and belief" wrong, Ilene's initial mistake is insufficient to establish a genuine issue of material fact. Wal-Mart Motion for Summary Judgment p. 6.

### C. Ilene Rountree's deposition testimony is insufficient to establish a genuine issue of material fact.

At her deposition, Ilene Rountree speculated that she initially *thought* that she bought the blinds at Wal-Mart, but repeatedly refused to say that she had in fact bought the blinds there. Exhibit E, Deposition of Ilene Rountree p. 7. She does not remember or know where the blinds were purchased, *id.*, and repeatedly refused to give an unequivocal answer to the question here she purchased the blinds:

> Q. It's important to at least the people that are gathered here and less important to you I understand, to determine as best we can and as certain as we can, where the blinds were purchased.
>
> A. ***And I can't. And I wrote a letter to our attorney to pass on to Wal-Mart I cannot tell you where I bought the blinds for sure. I cannot.***
>
> Q. And –
>
> A. ***I would just be guessing if I were to tell you.***

Exhibit E, Deposition of Ilene Rountree p. 10 (emphasis added).

There is no genuine issue of material fact that she does not know where she bought the blinds:

> Q. Do you know that the blinds April dies in, where those were purchased?
>
> A. No.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Exhibit E,, Deposition of Ilene Rountree p. 7. This testimony is insufficient to allow plaintiffs to escape summary judgment. *See Sterling Nat'l Mort. Co. v. Mortgage Corner, Inc.*, 97 F.2d 39, 45 (3rd Cir. 1996) (holding that speculation is insufficient to raise a genuine issue of material fact). Far from corroborating her alleged hearsay statement, *see* Opposition p. 5, when viewed in the light most favorable to plaintiffs, Ilene's deposition testimony undermines it, assuming as plaintiff's counsel does that the hearsay statement was unqualified, and demonstrates exactly why it is not reliable as an excited utterance and therefore inadmissible.

Plaintiffs do not contend that Ilene Rountree's deposition testimony, without more, raises a genuine issue of material fact on the issue of whether she bought the blinds at Wal-Mart. When faced with sales records which demonstrate the blinds at issue in this case were not purchased at Wal-Mart, *see* Exhibits A-C to Wal-Mart's Motion for summary Judgment; Exhibit B (to this Reply), Affidavit of R. Chesemore and Accompanying Sales Records, Ilene Rountree's *guess* about where she purchased the blinds is a scintilla of evidence when viewed in the light most favorable to the plaintiff, and is therefore insufficient to withstand summary judgment. *See Anderson*, 477 U.S. at 248. Ilene Rountree simply guessed incorrectly – some other retailer sold the blinds at issue here.

## III.   LACK OF MATERIALITY IN PLAINTIFF'S FACTUAL DISPUTES.

Plaintiffs point to several differences between the recollections of Valarie Rountree Cox and those of her parents as establishing that "[f]actual contentions by Wal-Mart in this motion are in important aspects incorrect." Opposition at 2. For example, Ms. Rountree-Cox claims that the crib was positioned underneath the window because that is where it fit best in the room, and that her father and step-mother left the house shortly before the incident and returned later in the afternoon; Mr. Ray

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

avers that no complaint was ever filed naming Paul and Ilene Rountree with respect to this incident. Opposition at 2-3.

None of these "factual disputes" is material to whether Ilene Rountree purchased the blinds at Wal-Mart. Wal-Mart's liability hinges first on whether it sold the blinds in question; plaintiffs' "issues" become potentially "material" only after sale by Wal-Mart has been established. *See* Rule 56(c) (providing that summary judgment shall be granted if "there is no genuine issue of *material* fact . . .") (emphasis added). If these are actually issues of fact, they are therefore insufficient to avoid summary judgment on the *preceding* question of whether Wal-Mart sold the blinds.

Even if Ilene Rountree's deposition testimony that she bought the blinds in April 1994 is, as plaintiff suggests, incorrect, there is still no genuine issue of material fact. *See* Opposition p. 3. Even if a factual dispute as to *when* Ilene Rountree bought the blinds does exist (which Wal-Mart does not concede), there is no genuine issue of fact as to the real issue of *where* she bought the blinds – specifically, whether she bought them at Wal-Mart. Wal-Mart's sales records show that Ilene Rountree did not buy these blinds at Wal-Mart. As demonstrated above, plaintiff's theory that Ilene Rountree bought the blinds at Wal-Mart is supported only by Ilene Rountree's speculation, which is insufficient to avoid summary judgment. There is not legally sufficient evidence that Ilene Rountree bought the blinds at Wal-Mart *at any time*; instead, Wal-Mart's sales records affirmatively establish that Ilene Rountree did not buy the blinds at issue in this case from Wal-Mart.

## IV.   WAL-MART DID NOT DESIGN OR MANUFACTURE THE BLINDS.

Plaintiff has apparently conceded Wal-Mart did not design or manufacture the blind in question. *See* Motion For Summary Judgment, Docket 56 at p. 6.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

V.   **THERE CAN BE NO LIABILITY IMPOSED ON WAL-MART FOR A PRODUCT IT DID NOT SELL, DESIGN OR MANUFACTURE.**

Plaintiffs' second theory of liability against Wal-Mart appears to be nothing more but an attempt to confuse the Court. Even if Wal-Mart concedes all of the allegations in plaintiffs and plaintiffs' counsel's affidavits regarding the relationships and knowledge of Wal-Mart, which it does not, there is still no basis for liability.

Plaintiffs' argument is that Wal-Mart is either liable because it allegedly knew of a hazard that existed in blinds that it did not sell and did not do anything, or that Wal-Mart should be liable because the Window Coverings Safety Counsel ("WESC"), an entity which is *not a party to this lawsuit*, undertook to warn people about the issue and correct the problem[1] and that the WCSC's efforts were inadequate. *See* Exhibit F, Affidavit of C. Ray at ¶ 3. Plaintiffs suggest that the lack of a genuine issue of material fact that Wal-Mart did not sell the blinds at issue in this case is irrelevant to these claims. Mr. Ray's affidavit makes no reference to Wal-Mart participating in any allegedly negligent activity, and his brief and only accuses the WCSC of negligence in the vaguest of terms. Again, despite almost two months to formulate specific facts to avoid summary judgment, plaintiff has provided only vague allegations which are not enough to avoid the entry of judgment in favor of Wal-Mart. *See supra* Section II(a)(2). Neither of these claims form a basis of liability against Wal-Mart who did not sell the blind. Plaintiffs fail to cite, and Wal-Mart could not find, authority for the proposition that a retailer owes a duty to consumers who purchase someone else's product.

"The existence and extent of a duty of care are questions of law for the court to determine." *Bolieu v. Sisters of Providence in Washington*, 953 P.2d 1233, 1235 (Alaska 1998) (quoting *Beck v. State, Dep't of Transp. & Public Facilities*, 837 P.2d 105, 109 (Alaska 1992)). Plaintiffs fail to cite, and Wal-Mart could not find, authority for the proposition that a retailer owes a legal duty to consumers who purchase someone else's product. "In the absence of any other source of a duty of

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

---

[1] The affidavit of plaintiff's counsel concedes that the WCSC's inner cord recall report effort took place two years prior to plaintiff's accident, at ¶ 4.)

care (imposed, for example, by statute, contract, or doctrine of law) [Alaska courts] consider seven factors in deciding whether a duty of care exists." *Id.*

Despite citing no authority to support their assertion that Wal-Mart owed them an actionable duty, plaintiffs also fail to discuss the factors to be considered in imposing liability in the absence of a pre-existing basis in law. Consideration of these factors reveals that plaintiffs have not thought out the implications of this theory. These issues are (1) "[t]he foreseeability of harm to the plaintiff," (2) "the degree of certainty that the plaintiff suffered injury," (3) "the closeness of the connection between the defendant's conduct and the injury suffered," (4) "the moral blame attached to the defendant's conduct," (5) "the policy of preventing future harm," (6) "the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and" (7) "the availability, cost and prevalence of insurance for the risk involved." *Id.* (quoting *D.S.W. v. Fairbanks North Star Borough School District*, 628 P.2d 554, 555 (Alaska 1981)).

It is unreasonable to expect a retailer to foresee harm caused by defects in a product sold by another retailer. Moreover, there is no connection whatsoever between Wal-Mart's conduct and plaintiffs' injuries. Wal-Mart did not design, manufacture, or sell the blinds that caused plaintiffs' injuries. This factor is especially important in this case because it is unclear from plaintiffs' pleading and briefing whether they would impose strict liability on Wal-Mart for a product that it did not sell.

Nor is Wal-Mart's conduct, which at worst could be characterized as the failure to warn about the defects in another's product, morally blameworthy. Furthermore, the policy of preventing future harm is best served by placing liability on those responsible in some way for the harm. The actual sellers of defective products, together with the product's designer and manufacturer, are the lowest cost avoiders for injuries caused by defective products. Because those outside this chain have no contact with the product and therefore no way to ensure that it is safe, imposing liability outside

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

this chain is not a rational way to prevent future harm. Instead, such liability would punish those with no opportunity or duty to prevent the harm.

The burden that plaintiffs would place on Wal-Mart to discharge this duty is truly staggering. Plaintiffs would hold Wal-Mart strictly liable for, or impose a duty to warn all consumers of, defects in products sold by other retailers when Wal-Mart sells similar products. Nor is there a reason why such a duty should be limited to Wal-Mart or to blinds. Due to Wal-Mart's diverse products, plaintiffs would impose a duty on Wal-Mart to warn all consumers and hold Wal-Mart strictly liable for injuries caused by virtually all defects in all consumer products sold in the United States. Moreover, an identical burden would be imposed on every major retailer. The potential cost to each retailer would be enormous, and the collective action problem (created by the incentive on companies to avoid this expense by relying on other retailers' efforts) could well be insurmountable.

In short, under this theory, Wal-Mart, and every other major retailer of general consumer goods in the United States, would be liable in every products liability case, regardless of their involvement in the design, manufacture, or sale of the product, and regardless of fault. If plaintiffs took this theory seriously, they should have joined Lowe's, Sears, Home Depo, Kmart, and other retailers as defendants in this suit. (Of course they do not, and therefore sued only Wal-Mart, who they believed sold the blinds to Ilene Rountree.)

Finally, Wal-Mart would be unable to obtain insurance for the risks involved in this case. The availability of insurance is predicated on the insurer's ability to assess the insured's capability of managing the risks for which insurance is sought. But Wal-Mart has no ability whatsoever to manage the risk that other retailers' products will harm consumers. This utter lack of control means that insurance, if available at all, would be prohibitively expensive.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply To Opposition To Motion For Summary Judgment**
*Rountree, et al. v. Ching Feng, LTD., et al.* (Case No. A04-0112 CV (JWS))    Page 17 of 19

## VI. CONCLUSION

There is no genuine issue of material fact that Wal-Mart did not sell the blinds at issue in this case. Because plaintiff has established no genuine issue of material fact and Wal-Mart is entitled to judgment as a matter of law, summary judgment must be entered for Wal-Mart.

DATED this 7th day of February, 2006.

LANE POWELL LLC
Attorneys for Defendant, Wal-Mart Stores, Inc.

By /s/ William A. Earnhart
William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
E-mail: earnhartw@lanepowell.com
ASBA 9411099

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**CERTIFICATE OF SERVICE**

I certify that on February 7, 2006, a copy of the foregoing Reply To Opposition To Motion For Summary Judgment with attachments/exhibits was served electronically on:

Charles W. Ray, Jr., Esq.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK 99501

Don C. Bauermeister, Esq.
Burke & Bauermeister, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501

Donald C. Thomas, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Ave., Suite 400
Anchorage, AK 99501-1936

RICHMOND & QUINN, P.C.
360 K Street, Suite 200
Anchorage, AK 99501-2038

and a courtesy copy via U. S. Mail to:

Michael Weiss, Esq.
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303-1763

   /s/ William A. Earnhart
111655.0248/153439.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631