Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC., a New Jersey corporation; WAL-MART STORES, INC., a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>　　　　　　　Defendants. | Case No. 3:04-cv-00112-JWS<br><br>OPPOSITION TO DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER |

Defendant Ching Feng Blinds Industry Co., Ltd. ("Ching Feng"), has moved for a protective order seeking to: (1) strike plaintiffs' discovery requests to it; (2) require that any discovery requests to it from any party be submitted to the Court "by motion for promulgation of letters rogatory"; and (3) require presentation of a *prima facie* case before undertaking any discovery of Ching Feng. While plaintiffs agree that the Court has discretion with respect to the conduct of discovery, the thin authority relied upon by Ching Feng to support its desire to impose a horrendous burden on both the Court and the other parties leads to the conclusion that its motion must be denied.

ARGUMENT

Ching Feng correctly notes that Taiwan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). Nevertheless, it is worth noting that the Supreme Court has not required first resort to the Hague Convention even as to litigants who are citizens of signatory states. *Societe Nationale Industrielle Aerospatiale v. United States Distric Court for the Southern District of Iowa*, 482 U.S. 522 (1987) hereafter ("*Aerospatiale*"). Instead, when a federal court has jurisdiction over an alien defendant whose country of citizenship is a Hague Convention signatory, the defendant is "subject to the same legal constraints, including the burdens associated with American judicial procedures, as their American competitors." *Id.* at 544 n.25. No good reason is advanced for not reaching the same result where a non-signatory's citizens are involved.

In the course of what may best be characterized as a rambling memorandum, Ching Feng appears to seek support for its motion in the claim that the Court lacks personal jurisdiction over it. However, it is readily apparent from the submissions of defendant Wal-

Mart Stores, Inc. ("Wal-Mart"), that Ching Feng has shipped a very large number of window blinds to Wal-Mart for sale out of its Anchorage stores. Significantly, Ching Feng has not sought to have the action dismissed due to this Court's lack of jurisdiciton over it. *See* Defendant Ching Feng, Ltd.'s Answer to First Amended Complaint at 7 ("This court lacks jurisdiction over answering defendant."). It is highly unlikely it could prevail on such motion, for the documents produced by Wal-Mart establish that the Court has general jurisdiction over Ching Feng due to "continuous and systematic general business contacts" in Alaska with – at least -- Wal-Mart, to whose Anchorage store it delivered a very significant number of blinds during the period 1994 to 1995. *See* Order from Chambers at 3 (Docket 24, December 21, 2004); *see also* DEF Nos. 00004 – 00021, 00023 – 00025, 00027 and 00073, attached as Exhibit 1. As the Court noted in the referenced Order, "A court may adjudicate any cause of action against a defendant over whom it has general jurisdiciton." Moreover, it is alleged in the complaint, which the Court must take as true in connection with Ching Feng's motion, that Ching Feng designed and/or manufactured the blinds in which April Cox died by strangulation in May 2002. Hence, so far as appears from the record, the Court has both specific and general jurisdiction over Ching Feng.

Given the Court's apparent jurisdiction over Ching Feng, the question becomes whether the Court should nevertheless exercise its discretion and impose upon both the parties and itself the extraordinary burden of resorting to letters rogatory instead of permitting the parties' use of normal discovery tools, including requests for admissions, interrogatories and requests for production. Sorting through the memorandum submitted by Ching Feng in support of that suggestion, it is apparent Ching Feng fails to effectivly set out any good reason for either the parties or the Court to resort to that process.

The apparent basis for Ching Fengs's motion is ultimately identified in its Memorandum at 11, "Plaintiffs' discovery . . . is unreasonably broad and burdensome, particularly when Plaintiffs have not provided any admissible evidence that Ching Feng designed or manufactured the window blind involved in this action." *Id.* Although the requests are extensive, the simple assertion that they are "broad and burdensome" is no help to the Court's analysis. A review of the discovery requests amply demonstrates that they are directed at specific and pertinent issues such as the identity of the entity(ies) involved in the design, manufacture and distribution of the subject blinds, the relationship of the named defendants *inter se* as well as their relationship, if any, to the Window Covering Safety Council ("WCSC"),[1] knowledge of the occurrence of incidents similar to that which befell April, and the particular warnings that accompanied the subject blinds in the face of the industry's knowledge of the danger posed by the accessible inner cords of horizontal window blinds. Indeed, it is alleged in the complaint and believed in good faith that Ching Feng in fact did design and/or manufacture the subject blinds, though it argues without factual support in its memorandum that it did not.

It seems to undersigned counsel that it would be a relatively simple matter for Ching Feng to show that it did not design and/or manufacture the subject blinds, if that can be done. If it had no dealings with the WCSC, the WCMA, or the CPSC, it would also be a simple matter to just say so and be done with it. However, in the current posture of the case, extensive discovery is necessary in order for plaintiffs to get to the bottom of the

---

[1] The WCSC was formed in 1994 by members of the Window Covering Manufacturers Association and other entities interested in corded window coverings, including retailers such as Wal-Mart. In 2001, the WCSC worked with WCMA and the Consumer Products Safety Commission ("CPSC") to initiate a "recall to repair" window blinds such as those involved in April's death.

several important issues in the case, which concern not only the identity of the designer and/or manufacturer of the blinds, but the course of industry dealings with the public in development of a national "safety" standard, the industry's involvement in a "recall to repair" as an alternative to removal of a dangerous product from the stream of commerce and the extent of the industry's knowledge of a defect in the blinds which posed an unreasonable risk of harm to those least able to protect themselves -- children.

Ching Feng's reliance on the Restatement of Foreign Relations Law (3d) §442 (1987) is misplaced. In one of the cases cited by Ching Feng, it is made clear that resort to the procedures of the Hague Convention is unnecessary where it appears the court has jurisdiction over the defendant. *In re Vitamins Antitrust Litigation*, 120 F.Supp.2d 45, 49 (D.D.C. 2000). There the court framed the question before it as follows, "Since *Aerospatiale* does not answer the question at issue here, this Court must consider whether there are legal or policy reasons for requiring first use of Hage for jurisdictional discovery of foreign defendants *despite the Supreme Court's clear rejection of this first-resort rule in cases where jurisdiciton has been established.*" *Id.* (Emphasis added). In the Supreme Court's decision in *Aerospatiale* where jurisdiction over the foreign defendant was conceded, the question of application of the Hague Convention to written discovery requests was addressed under a balancing test involving "the particular facts, sovereign interests, and likelihood that resort to [the Hague Convention's] procedures will prove effective." *Aerospatiale, supra* at 544. The burden of showing that the test favors resort to the procedures of the Convention rests with Ching Feng. *In re Vitamins Antitrust Litigation, supra* at 51. The discovery requests, concerning as they do the several issues pertinent to this litigation, and in light of the plaintiffs' inability to proceed without discovery that

enables them to discern the identities of the involved entities and their interrelationships, militate in favor of permitting resort to the federal procedural rules as opposed to the cumbersome and potentially ineffective preparation and service of letters rogatory translated into Mandarin Chinese.[2]

The second prong of the *Aerospatiale* analysis requires an examination of the interests of both Taiwan and the United States in the efficient and just administration of justice. Where, as here, both Ching Feng -- at least presumably -- and certainly plaintiffs have an "interest in an efficient and effective means of obtaining" discovery of matters pertinent to the claims at issue, there is little reason to think that the discovery propounded by plaintiffs "would undermine important interests of [Taiwan]." *Aerospatiale, supra* at 544 n.28. On the other hand, it is clear that further delay through the process suggested by Ching Feng would undermine important interests of the United States -- the relatively prompt and fair determination of responsibility for the death of a 14 month old child in a product known by the industry to be defectively dangerous.[3]

The third prong of the *Aerospatiale* analysis, whether resort to letters rogatory and the other mechanisms suggested by Ching Feng would allow timely, efficient access to the information necessary for plaintiffs' and the other parties' development of the case, clearly militates in favor of dispensing with such processes in favor of the federal rules of procedure. Indeed, Ching Feng does not even suggest that the procedures for which it

---

[2]Of course, it would have assisted the Court and plaintiffs had Ching Feng been more specific in its criticism of the discovery requests rather than merely asserting they are "unreasonably broad and burdensome."

[3]Attached as Exhibit 2 is a memorandum from the files of the WCMA acknowledging this fact.

OPPOSITION TO CHING FENG MOTION FOR PROTECTIVE ORDER
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 6 of 9                      Rountree 311.1

argues would lead to a productive result. It hints at "a privilege or some duty of non-disclosure under the laws of Taiwan," without any discussion whether such privileges or duties even exist, and seeks to have this Court submit letters rogatory, translated into Mandarin Chinese, to some unidentified Taiwanese authority for consideration. For all that appears in Ching Feng's moving papers, after all the machinations sought to be imposed upon plaintiffs and the Court, no action by any Taiwanese authority would occur and this litigation would come to a halt, even though it involves important United States interests -- the death of a child in a defective product -- against a Taiwanese entity with sufficient contacts in the United States and Alaska to warrant general personal jurisdiction over it.

Even if considered under the approach adopted in the *Vitamins Antitrust Litigation*, Ching Feng's motion must be denied. In that case, the court analyzed the question of conducting jurisdictional discovery by first addressing whether there was a conflict between the law of the defendant's home country, and if so whether principles of comity required the court to defer to the procedures of that other country. Although not entirely clear from its submissions, Ching Feng apparently urges the Court to assume that there is a conflict between Taiwanese and United States procedures relating to written discovery. *See* Ching Feng Memorandum at Exhibits D, E and F. However, Ching Feng does not acknowledge any ability of plaintiffs, any other party, or even the Court, to obtain discovery from Ching Feng under the laws of Taiwan. Under such circumstances, the Court may properly determine that Taiwan's concerns -- whatever they may be -- do not "outweigh the need for prompt and efficient resolution" of the instant case. *In re Vitamins Antitrust Litigation, supra* at 56. Indeed, Ching Feng's Exhibit F at 8 states, "Generally letters

rogatory worldwide, including those sent to the United States, take from six months to a year to execute." In the interim, what are the parties and the Court to do?

CONCLUSION

Ching Feng's motion for a protective order, by which it seeks to invoke the time-consuming and cumbersome process of letters rogatory that apparently would consume not less than six months from submission to return, should be denied. Ching Feng does not explain why the interests of Taiwan in this products liability case are so overwhelmingly important that a party which does a very significant quantity of business in the United States should not be required to observe the same procedural rules, including discovery, as the other parties.[4]

DATED 21 February 2006

s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
　　　　craylaw@aol.com
ABA# 8406048

---

[4]It is perhaps of interest that Ching Feng itself has served written discovery on each of the other parties to this case. What's good for the goose . . ..

I hereby certify that on 21 February 2006, a copy of the foregoing Opposition to Ching Feng Motion for Protective Order with Exhibits 1 and 2, was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

William A. Earnhart
Lane Powell, P.C.
earnhartw@lanepowell.com
preej@lanepowell.com
heckj@lanepowell.com
wagnerf@lanepowell.com

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

and was served electronically and the via the U.S. Postal Service on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

By: s/Charles W. Ray, Jr.