Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC. a New Jersey corporation; WAL-MART STORES, INC, a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>　　　　　　Defendants. | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CHING FENG'S MOTION FOR PROTECTIVE ORDER**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:04-cv-0112-JWS |

In her opposition brief, plaintiff acknowledges that the court possesses discretion, based upon principles of comity,

to manage discovery over an alien defendant. Plaintiff does not dispute that (1) Taiwan has a mechanism in place, by way of the American Institute in Taiwan, which serves as the de-facto U.S. Embassy in Taiwan, which recognizes as one of its duties conveying letters rogatory. Implicit in this information is the willingness and ability for the Taiwanese government to facilitate discovery requests by way of letters rogatory.

One of the principle benefits to an alien defendant to letters rogatory is translation into its native language. In this case, the plaintiff has submitted extraordinary lengthy discovery requests in English, to a Taiwanese corporation. These requests are directed to a party in a foreign nation, and amount to an assertion of judicial supremacy over that nation's judicial system – a proposition which, as recognized by the Restatement (3rd) of Foreign Relations Law (1987), possess significant comity concerns as discussed at length in Ching Feng's opening memorandum.

In addition to seeking the procedural protection of letters rogatory, Ching Feng sought also a reasonable limitation of discovery, particularly in light of the complete lack of evidence that Ching Feng manufactured the blinds at issue in

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 2

this litigation. Apparently in an attempt to support the contention that Ching Feng may have manufactured these blinds, plaintiff attaches, as Exhibit 1 to its Opposition brief, selective portions of discovery responses indicating that Ching Feng was in fact a vendor for many Wal-Mart blinds sold in Anchorage. Of course, the plaintiff's evidence that these blinds came from Wal-Mart is tenuous at best, as Wal-Mart's pending Motion for Summary Judgment points out. Moreover, the selective nature of the plaintiff's attachments is underscored by an examination of Wal-Mart's December 2, 2005 Motion for Summary Judgment. Attached as Exhibit B to Wal-Mart's motion is a printout of "Mini Blinds Sold in Anchorage Wal-Mart Stores from January 1, 1994 to December 31, 1995." (<u>See</u> Wal-Mart's Exhibit A, Affidavit of Records Custodian.) Wal-Mart's Exhibit B runs some 287 pages (and for that reason has not been duplicated here). Pages 2, 15, 28, 41, 54, 67, 80, 93, 106, 119, 132, 145, 158, 171, 197, 210, 223, 236, 247, and 262 are the pages of Exhibit B which identify "vendor." Each of those 20 pages identifies approximately 60 mini blinds, for a total of approximately 1,200 mini-blinds. Ching Feng's name appears in 33 of these 1,200, or .0275%. Wal-Mart's Exhibit C identifies

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
CHING FENG'S MOTION FOR PROTECTIVE ORDER

<u>ROUNTREE, et al. v. CHING FENG, LTD., et al.</u>
Case No. 3:04-cv-0112-JWS
Page 3

"Non-Color Mini-Blinds" over 60 inches sold in Anchorage Wal-Mart stores during the year 1996.  Ching Feng's name does not appear as a vendor for any of those blinds.[1]  As noted in Ching Feng's opening Memorandum, it seeks a protective order to govern discovery, and does not at this time challenge this court's very jurisdiction.  However, both Ching Feng and plaintiff have mentioned the jurisdictional issues in their briefing.  The fact that this court's jurisdiction may well be subject to legitimate dispute underscores the importance of procedural discovery safeguards to an alien defendant.

In summary, Ching Feng's Motion for Protective Order is well taken, and should be granted.  Ching Feng respectfully requests that any discovery requests to Ching Feng be submitted by this court in the form of letters rogatory, carefully

---

[1] Ching Feng does not dispute that it sold some blinds to Wal-Mart, and that some of its product may have worked its way to Anchorage.  While placing a product in the "stream of commerce" was at one point considered sufficient to confer specific jurisdiction in the Ninth Circuit, see Hedrick v. Diako Shoji Company, 715 F.2d 1355, 1358 (9th Cir. 1983), Hedrick was expressly disapproved in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 111, 107 S.Ct. 1026, 1031-32, 94 L.Ed.2d 92 (1987).  The Ninth Circuit has recognized that Hedrick is likely no longer good law. Omeluk v. Langsten Slip and Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995)("...so if that portion of Asahi is the law, then Hedrick is no longer the law of this Circuit.")

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 4

tailored to address the issues in this litigation, particularly the issue of whether Ching Feng in fact manufactured and/or designed the mini blinds at issue in this litigation. These requests should be translated into Chinese, and submitted through the American Institute in Taiwan, the de-facto American Embassy which stands ready and willing to perform this function.

DATED at this _13th_ day of March, 2006, at Anchorage, Alaska.

>     RICHMOND & QUINN
>     Attorneys for Defendant
>     Ching Feng Blinds Industry Co., Ltd.
>
>     By:     s/Daniel T. Quinn
>             RICHMOND & QUINN
>             360 K Street, Suite 200
>             Anchorage, AK  99501
>             Ph:  907-276-5727
>             Fax: 907-276-2953
>             dquinn@richmondquinn.com
>             ABA #8211141

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 5

I HEREBY CERTIFY that a true
and correct copy of the
foregoing was served this _13th_
day of March 2006 on:

Charles W. Ray, Jr.  **(electronically)**
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister  **(by mail)**
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

William A. Earnhart  **(electronically)**
Lane Powell Spears Lubersky LLP
301 W. Northern Lights Blvd.
Suite 301
Anchorage, AK  99503-2648

Donald C. Thomas  **(electronically)**
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

Michael L. Weiss  **(by mail)**
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309-3521


_____s/Daniel T. Quinn_____
     RICHMOND & QUINN

1059\047\pld\MTN FOR PROTECTIVE ORDER (REPLY)



REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
CHING FENG'S MOTION FOR PROTECTIVE ORDER

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 6