UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of the ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD.; JENCRAFT CORP., a/k/a JENCRAFT MANUFACTURING CO., INC.; WAL-MART STORES, INC.; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:04-cv-112 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Motions at Dockets 56 & 72] |

## I.  MOTIONS PRESENTED

At docket 56, Wal-Mart Stores, Inc., moves for summary judgment.  At docket 72, plaintiffs oppose Wal-Mart's motion and move for a continuance under Federal Rule of Civil Procedure 56(f).  At docket 73, Wal-Mart has filed a reply in support of its motion

and an opposition to plaintiffs' motion for a continuance.  Oral argument has not been requested on either motion and would not assist the court.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[1]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[2]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[3]  The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[4]

## III.  DISCUSSION

This case arises from the death of April Lynne Cox on May 27, 2002, after she became entangled in window blinds.[5]  Wal-Mart moves for summary judgment "in the above-captioned case" on the ground it did not sell the blinds involved in April's death.[6]

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[2] *Id.* at 325.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[4] *Id.* at 255.

[5] Doc. 6, p. 2, ¶ 3.

[6] Doc. 56, p. 1.

Plaintiffs argue there is a genuine issue about that fact and also assert that fact is not material to all their claims. The court will address each of plaintiffs' arguments in turn.

**A. Plaintiffs Have Not Created a Genuine Issue About Whether Wal-Mart Sold the Blinds**

Wal-Mart submitted substantial evidence showing that it did not sell the blinds in question.[7] In an attempt to create a genuine issue about whether Wal-Mart sold the blinds, plaintiffs cite a statement by Ilene Rountree, the step-mother of April's mother, Valerie Rountree Cox. The statement is contained in an affidavit by Valerie and offered to prove the truth of plaintiffs' assertion that Wal-Mart sold the blinds and so is hearsay. According to Valerie, "[w]hen Ilene returned to the house [on the day April died] and learned what had happened to April, [Ilene] was very agitated and told [Valerie], as well as police officers and [Valerie's] father, that she had purchased the blinds at Wal-Mart."[8] Acknowledging Ilene's statement is hearsay, plaintiffs argue it is admissible as an excited utterance.

Besides Ilene's hearsay, plaintiffs point to her deposition testimony in July of 2005. When asked if she knew where she bought the blinds, she said:

> No. I thought it was Wal-Mart. And after we started doing calculations we realized that K-Mart was up here at the time. I didn't realize K-Mart was up here at the time.[9]

The question was repeated and she answered:

---

[7]Doc. 56, ex. A, affidavit of Rebecca Chesemore.

[8]Doc. 72, affidavit of Valerie Rountree Cox, p. 2, ¶ 2.

[9]Doc. 56, ex. H, deposition of Ilene Rountree, July 27, 2005, p. 7 ll. 18-21.

> I cannot tell you where I bought the blinds for sure. I cannot ... I would just be guessing if I were to tell you.[10]

As for whether she bought the blinds at Wal-Mart, she stated:

> Probably. But I don't know for sure because I've bought blinds at Fred Meyers. I've bought blinds at Lowe's – it used to be Eagle at the time. So, you know, I can't say for sure. Who has receipts of 11 years ago? I bet you [plaintiffs' counsel] couldn't tell me what you bought 11 years ago.[11]

Ilene's statement is not an excited utterance, within the meaning of Evidence Rule 803(2), because the event concerning which it is relevant–the purchase of window blinds–occurred many years before the statement was made. The purchase was not a "startling event or condition." Rather, it was April's death which was the startling event or condition. The passage of time respecting what was a routine retail purchase deprives the statement about the purchase of any circumstantial assurance of trustworthiness which is the rationale for exceptions to the hearsay rule.[12]

Even were Ilene's hearsay statement admissible, when considered in conjunction with her deposition testimony it would not create a genuine issue about whether she bought the blinds at Wal-Mart. First, as already noted the hearsay statement in 2002 which seemingly implicates Wal-Mart, was made years after the blinds were purchased, but after time to reflect and contemplate the issue (and to prepare for her deposition), she testified at her deposition that she would be guessing if she said Wal-Mart was the seller, and listed three other potential retailers. Thus even if admissible, the hearsay

---

[10]*Id.*, ex. H, p. 10 ll. 13-16.

[11]*Id.*, ex. H, p. 8 ll. 20-24.

[12]Fed. R. Ev. 807 (stating rationale for hearsay exceptions.)

-4-

statement is at best a scintilla of evidence that Wal-Mart sold the blinds and a scintilla does not create a genuine issue about that fact.[13]

**B. Wal-Mart Is Entitled to Summary Judgment on All of Plaintiffs' Claims**

Wal-Mart's statement that it was moving for summary judgment "in the above-captioned case" implicated all of plaintiffs' claims and, consequently, put the burden of making arguments and offering evidence supporting each of those claims on them. The retailer contends the absence of a genuine issue about whether it sold the blinds entitles it to summary judgment on all claims plaintiffs have asserted against it. Plaintiffs implicitly concede the lack of a genuine issue about whether Wal-Mart sold the blinds is fatal to all its claims except its claims for failure to warn about and recall the blinds. As for those claims, plaintiffs argue they do not depend on Wal-Mart having sold the blinds. Plaintiffs do not elaborate on the legal bases of those claims and request more time to offer facts supporting them under Rule 56(f), which allows a continuance when a party is not able to present "facts essential to justify [its] opposition."

As Wal-Mart points out, plaintiffs were allowed to file their opposition a month after the original response date. Even with that additional time, they failed to explain the legal bases of the claims for which they seek a continuance to offer factual support. The court will deny their request for a continuance because their failure to articulate their claims' legal bases prevents the court from determining if the facts they seek more time to present are essential to their claims.

---

[13]*Anderson*, 477 U.S. at 252.

Because plaintiffs have not made arguments or offered facts supporting their failure to warn and recall claims against Wal-Mart and will not be allowed more time to do so, Wal-Mart is entitled to summary judgment on those claims. In addition, the absence of a genuine issue about whether Wal-Mart sold the blinds in which April became entangled means Wal-Mart is entitled to summary judgment on all other claims asserted against them by plaintiffs.

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 56 is **GRANTED**. Wal-Mart is **DISMISSED** from this case. Plaintiffs' Rule 56(f) motion is **DENIED**.

DATED at Anchorage, Alaska, this 27th day of April, 2006.

_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE