Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., | ) ) ) ) Case No. 3:04-cv-00112-JWS |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CHING FENG BLINDS INDUSTRY CO., LTD., et al., | ) RESPONSE TO ORDER ) FROM CHAMBERS TO ) SHOW CAUSE |
| Defendants. | ) ) |

By order dated 27 April 2006, the Court directed plaintiffs to show cause why their claims against Ching Feng should not be dismissed for lack of personal jurisdiction. Plaintiffs' response is set forth herein.

A party is subject to the jurisdiction of a court if the party's actions within the place where the court sits are at issue, as well as when a party has through its conduct acted in a manner that warrants the court's exercise of jurisdiction over it due to general activities within the forum. The former is referred to as "specific jurisdiction" while the latter is called

Response to Order to Show Cause
Rountree v. Ching Feng, et al      A04-0112 CV (JWS)
Page 1 of 4                        Rountree 311.1 Show Cause Response

"general jurisdiction." On either basis, this Court may exercise jurisdiction over Ching Feng.

### SPECIFIC JURISDICTION

The Court's unnecessarily focuses on plaintiffs' apparently mistaken belief that the subject blinds were sold by Wal-Mart. The fact remains the blinds were sold in Alaska to an Alaska resident, whether the same were purchased at Lowe's (f/k/a Eagle Hardware), Home Depot, Kmart, or another retailer. Thus, the facts of record provide the Court with the means to exercise specific jurisdiction over Ching Feng since the question of its manufacture of the subject blinds remains at issue.

### GENERAL JURISDICTION

Pursuant to the due process clause of the Fourteenth Amendment and the Alaska Long Arm Statute, AS 09.05.015, the Court may exercise general jurisdiction over Ching Feng if it has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Glover v. Western Airlines, Inc.,* 745 P.2d 1365, 1367 (Alaska 1987) (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945). In keeping with both federal and state precedent, this Court may assert jurisdiction if "it is found that the defendant's contacts with [Alaska] are substantial enough that the defendant could reasonably anticipate being hailed into court [in Alaska]." *Glover, supra*, citing *Burger King Corp. v. Ludzewicz*, 471 U.S. 462, 472 (1985). Where a defendant has purposely directed its activities at Alaska but nevertheless seeks to defeat jurisdiction here, it "must present a compelling case that certain considerations render jurisdiction unreasonable." *Alaska Telecom, Inc. v. Schafer,* 888 P.2d 1296, 1301 (Alaska 1995), citing *Burger King, supra*, 471 U.S. at 476.

It is already a matter of record that a very significant number of blinds manufacturer by Ching Feng were placed into the stream of commerce and made their way

Response to Order to Show Cause
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 2 of 4                       Rountree 311.1 Show Cause Response

to Alaska. Although it is not know with certainty which retailer sold this particular set of blinds, that is not the issue before the Court. It is clear that having placed its product into the stream of commerce within the United States, and specifically within Alaska, it should come as no surprise to Ching Feng that it is hailed into an Alaska court to answer for its actions. *See, e.g., Volksweganwerks v. Klippan,* 611 P.2d 498 (Alaska 1980). Certainly doing so does not offend traditional notions of fair play or substantial justice; what appear to be significant corporate entities manufacturing consumer products for distribution in the United States cannot claim unfair surprise when suit is brought against them within a state where its products are routinely and easily found.

## CONCLUSION

Ching Feng has not demonstrated that the Court lacks specific jurisdiction over it. Moreover, the existing record makes clear that the Court's exercise of jurisdiction over Ching Feng comports with the Alaska Long Arm Statute and the due process clause of the Fourteenth Amendment. Indeed, cases cited in briefing on Ching Feng's Motion for Protective Order make clear that the Court may exercise jurisdiction over Ching Feng in order to permit a determination whether jurisdiction is appropriate, and permit discovery into at least that question.

DATED 22 May 2006

/s/Charles W. Ray, Jr.

Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
   craylaw@aol.com
ABA# 8406048

Response to Order to Show Cause
Rountree v. Ching Feng, et al          A04-0112 CV (JWS)
Page 3 of 4                            Rountree 311.1 Show Cause Response

I hereby certify that on 22 May 2006, a copy of the foregoing document

Was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

William A. Earnhart
Lane Powell, P.C.
earnhartw@lanepowell.com
preej@lanepowell.com
heckj@lanepowell.com
wagnerf@lanepowell.com

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

and was served electronically and via U.S. Postal Service on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

By: s/Charles W. Ray, Jr.

Response to Order to Show Cause
Rountree v. Ching Feng, et al      A04-0112 CV (JWS)
Page 4 of 4                         Rountree 311.1 Show Cause Response