Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, <br><br>Plaintiffs, <br><br>v. <br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC. a New Jersey corporation; WAL-MART STORES, INC, a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION, <br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:04-cv-0112-JWS |

**REPLY TO PLAINTIFFS' RESPONSE TO ORDER
FROM CHAMBERS TO SHOW CAUSE**

COMES NOW defendant Ching Feng Blinds Industry Company Ltd. (Ching Feng) and replies to plaintiffs' response to order from chambers to show cause.

Plaintiffs argue that this court has both specific and general jurisdiction under the facts of this case. Ching Feng strongly disagrees, and urges this court to dismiss the claims against Ching Feng for lack of jurisdiction.

In a diversity case, where no Federal statute governs personal jurisdiction, local State law governs the jurisdictional inquiry. Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). Alaska law construes the state's long-arm statute to confer jurisdiction "to the maximum extent permitted by due process under the Federal Constitution". Cramer v. Wade, 985 P.2d 467, 471 (Alaska 1999)(quoting Glover v. Western Airlines, Inc., 745 P.2d 1365, 1367 (Alaska 1987). Accordingly, Alaska's jurisdictional reach is coextensive with the reach permissible under Federal due process analysis, and thus the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." Harris Rutsky, supra, 328 F.3d at 1129.

In Shute v. Carnival Cruise Lines, 897 F.3d 377, 380 (9th Cir. 1990)(reversed on other grounds, Carnival Cruise Lines v. Shute, 498 U.S. 807, 111 S.Ct. 39, 112 L.Ed. 2d 16 (1990), the Ninth Circuit articulated guidelines for general and specific jurisdiction:

> Considerations of due process require that non-resident defendants have certain minimum contacts with the forum

state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. <u>International Shoe v. Washington</u>, 326 U.S. 310, 316, 66 S. Ct., 154, 158, 90 L.Ed. 95 (1945)

\* \* \*

Courts may exercise either general or specific jurisdiction over non-resident defendants. General jurisdiction exists where the non-resident has 'substantial' or 'continuous and systematic' contacts with the forum state.

## I. **GENERAL JURISDICTION**

In its response brief at 2-3, the plaintiffs spell out the entirety of their factual support for the contention that Ching Feng has sufficient contacts in Alaska to justify general jurisdiction:

> It is already a matter of record that a very significant number of blinds manufactured by Ching Feng were placed into the stream of commerce and made their way to Alaska. Although it is not known with certainty which retailer sold this particular set of blinds, that is not the issue before the court. It is clear that having placed its product into the stream of commerce within the United States, and specifically within Alaska, it should come as no surprise to Ching Feng that it is hailed into an Alaska court to answer for its actions.

In short, plaintiffs rely entirely on the fact, apparently supported by print-outs submitted by Wal-Mart in connection with its Motion for Summary Judgment, that apparently some of Ching Feng's blinds worked their way from Taiwan to Wal-Mart stores in Alaska (even though plaintiffs now acknowledge that the subject blinds were not purchased from

Wal-Mart). Plaintiffs speculate, without any support, that Ching Feng blinds might have worked their way to another Alaska retailer.

Conspicuously lacking from plaintiffs' proffer of evidence is any suggestion that Ching Feng is (1) registered to do business in Alaska; (2) has offices in Alaska (3) has employees in Alaska; (4) has agents in Alaska; (5) pay taxes in Alaska; (6) has any control over whether their products are ever sold in Alaska; (7) has ever visited in or communicated to Alaska.[1]

Notably, the plaintiff bears the burden of establishing jurisdiction over a defendant who challenges jurisdiction. Dole Food Company, Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). These meager facts are not sufficient to establish general jurisdiction. As Carnival Cruise Lines articulates, 897 F.2d at 380, courts have rarely found general jurisdiction against a defendant which has no offices or agents within the state.

> The level of contact with the forum state necessary to establish general jurisdiction is quite high. See, e.g. Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed. 2d 404 (1984)(no jurisdiction over foreign corporation that sent officers to forum for a negotiating session, accepted checks drawn from a forum bank, purchased equipment from that forum, and sent personnel to the forum to be trained); Cubbage, 744 F.2d at 667, 668 (no general jurisdiction over non-resident doctors, despite significant number of patients in forum, use of forum's state medical insurance system and telephone

---

[1] A quick look through the phone book or check on the Alaska Division of Corporation website reveals no Ching Feng contacts in Alaska.

**REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**
ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 4 of 18

> directory listing that reached forum); Gates Lear Jet Corp. v. Jensen, 743 F.2d 1325, 1330-31 (9th Cir.)(no general jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum, which included a choice of law provision favoring forum, and extensive communications with forum), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed. 2d 500 (1985); Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984)(foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays and attendance at trade shows and sales meetings, were insufficient contact to assert general jurisdiction).

See, also, Omeluk v. Langsten Slip & Batbyggery A/S, 52 F.3d 267, 270 (9th Cir. 1995)(ship rebuilder had insufficient contacts within the State of Washington to justify general jurisdiction; court noted that its 'lack of a regular place of business in Washington is significant, and is not overcome by a few visits'; Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1075 (8th Cir. 2004)(placing products in the stream of commerce, such that products might be distributed to forum state, insufficient to confer general jurisdiction).

In short, the facts asserted by the plaintiffs do not satisfy the requirements for the exercise of general jurisdiction over Ching Feng.

## II. SPECIFIC JURISDICTION

Carnival Cruise Lines explains that even if a defendant does not have sufficient continuous, systematic contacts within a forum state to justify general

jurisdiction, if a defendant's activities within the forum gives rise to a cause of action, the court may assert specific jurisdiction. 897 F.2d at 381. In support of their claim for specific jurisdiction over Ching Feng, plaintiffs rely solely on the following alleged fact:

> The fact remains the blinds were sold in Alaska to an Alaska resident, whether the same were purchased at Lowe's (f/k/a Eagle Hardware), Home Depot, K-Mart, or another retailer. Plaintiffs' Response Brief at 2.

Implicit in this sentence is the contention that the subject blinds were manufactured by Ching Feng. Ching Feng, however, denies that it manufactured the blinds at issue in this litigation.

When, as here, the court considers jurisdictional issues without an evidentiary hearing, the plaintiff, though bearing the burden of proof, must make only "a prima facie showing or jurisdictional facts". Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Evidence which can establish a prima facie case includes affidavits and uncontroverted allegations in a complaint, but the plaintiff cannot "simply rest on the bare allegations of its complaint." Id., quoting Amba Marketing Systems, Inc. v. Jobar Int'l., Inc., 551 F.2d 784, 787 (9th Cir. 1977). Plaintiffs' mere assertion the subject blinds were purchased in Alaska from some retailer (and implicitly that the blinds were manufactured by Ching Feng) is controverted, and therefore this assertion may not be taken as true.

Conspicuously, plaintiffs truly *have no* credible or admissible evidence that Ching Feng manufactured these blinds. Attached as Exhibit A is Plaintiff's Response to

Defendant Ching Feng Blinds Industry Co., Ltd.'s First Set of Discovery Requests to Plaintiff Valerie Rountree.  Interrogatory #1 asked, in relevant part, for all facts which supported or refuted the contention that the subject window blinds were manufactured by Ching Feng.  In response, Ms. Rountree responded, in relevant part, as follows:

> An Anchorage Wal-Mart store representative confirmed to Valerie that Wal-Mart had, before April's death, sold blinds distributed by Jencraft.  Linda Kaiser, Executive Director, Parents for Window Blind Safety, (314) 494-7890, has expressed the view that the subject blinds were manufactured by Ching Feng.  She has assembled a collection of blinds of various types in connection with her organization, Parents for Window Blind Safety.  The subject blinds have a sticker referencing Otowa, N.J., which is the location of the former home office of Jencraft.  The police report states they are blinds from Jencraft.

In her April 27, 2006 deposition, Ms. Rountree clarified that she never spoke to Ms. Kaiser and is aware of no further investigation concerning which entity manufactured the subject blinds.  Deposition of Valerie Rountree, Exhibit B at 96-98.

The subject blinds have a label which identified Jencraft (a company which distributed blinds – now in bankruptcy), Totowa, N.J.  Significantly, this label includes the phrase "Made in China".  Exhibit C, Affidavit of Daniel T. Quinn, with attached Xerox photograph.

The Tariff Act of 1930 requires that foreign goods must be marked with the name of the country of origin.  19 C.F.R. §134.13.  The U.S. Customs Department, which oversees these required markings, requires that merchandise from the People's Republic

of China (i.e. mainland China) must use a marking with the word "China", and that products manufactured in Taiwan must use a marking with the word "Taiwan". See Custom Ruling HQ734803, attached as Exhibit D. Thus, the "Made in China" label on the subject blinds indicates that they were made not in Taiwan, Ching Feng's home, but in mainland China.

The discovery response which identifies Ms. Kaiser's "view" that these blinds were manufactured by Ching Feng is not admissible; her statement is hearsay. Moreover, no facts to support her "view" – or her qualifications to render such an opinion – have been provided. Moreover, other evidence, including the fact that these blinds were made in China, rather than Taiwan, undermine the conclusion that Ching Feng manufactured these blinds. In short, the plaintiffs, who bear the burden of proving jurisdiction, have failed to establish the requisite prima facie showing that Ching Feng manufactured these blinds – their premise for supporting specific jurisdiction.

Even assuming that the plaintiffs had established a prima facie case of personal jurisdiction, by establishing factually that Ching Feng manufactured these blinds, the court would still lack personal jurisdiction over Ching Feng. Carnival Cruise Lines articulated the Ninth Circuit's three-part tests for determining whether specific jurisdiction comports with due process:

> (1) The defendant must have done some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

>(2) The claim must arise out of the defendant's forum-related activity; and
>(3) The exercise of jurisdiction must be reasonable.

897 F.2d at 381.

## A. "PURPOSEFUL AVAILMENT: STREAM OF COMMERCE"

The "purposeful availment" requirement demands "some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not hailed into court as a result of 'random, fortuitous or attenuated contacts, or a count of the unilateral activities of third parties'". Id.

In Asahi Metal Industry, Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed. 2d (1987), the United States Supreme Court addressed whether placing a product in the stream of commerce, such that it might arrive in a forum state, satisfied the "purposeful availment" requirement. Defendant Asahi manufactured valves in Japan, which were incorporated into tire tubes sold on an international scale, so that distribution of this product to California was foreseeable. Four justices, led by Justice O'Connor, held that simply placing a product into the stream of commerce, so that it might well arrive in a forum state, was insufficient to meet the minimum contacts required for jurisdiction:

>The substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by *an action of the defendant purposely directed toward the forum state*. The placement of a product into the

>stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state.

Id. 107 U.S. at 112.

In reaching its conclusion, the plurality decision expressly rejected an earlier Ninth Circuit decision, Hedrick v. Daiko Shoji Co., 715 F.2d 1355 (9th Cir. 1983), which had held that placing products into the stream of commerce constituted a sufficient minimum contact to warrant jurisdiction. Id. At 1031.

Notably, since Asahi, many courts have expressly adopted the plurality reasoning of Justice O'Connor. See, e.g., Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1075 (8th Cir. 2004); Bridgeport Music, Inc. v. Still in the Water Publishing, 327 F.3d 472, 479 (6th Cir. 2003)(adopting Justice O'Connor's "stream of commerce's plus" theory; Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 683 (1st Cir. 1992); Madara v. Hall, 916 F.2d 1510, 1519 (11th Cir. 1990); Caretti v. Itapast, 125 Cal. Rptr. 2d 126, 138 (App. 2002)(applying California law, which is consistent with Federal due process considerations).

The Ninth Circuit signaled its retreat from Hedrick in favor of the Asahi plurality in Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 271 (9th Cir. 1995):

>We said in Hedrick v. Daiko Shoji Co., 715 F.2d 1355, 1358 (9th Cir. 1983), "A manufacturer or supplier of a defective product who knew or should have known that a product would enter the stream of foreign commerce can be subjected, consistently with due process, to a foreign state's long-arm jurisdiction and be sued in the forum where the injury occurred." There are three reasons why Hedrick does not

> lead to a determination that Washington had jurisdiction over Langston. . . . Second, Hedrick is expressly disapproved in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 111, 107 S.Ct. 1026, 1031-32, 84 L.Ed. 2d 92 (1987), so if that portion of Asahi is the law, then Hedrick is no longer the law of this circuit.

Omeluk's express acknowledgment of the Asahi plurality's rejection of Hedrick, and its adoption of that plurality opinion as one of the supporting reasons for its conclusion, strongly suggest that the plurality decision has been adopted as the law in the Ninth Circuit.

In summary, the scant evidence presented by the plaintiffs is simply that Ching Feng placed its products in the stream of commerce in Taiwan, and some arrived in Alaska. Even assuming that the plaintiffs have made out a prima facie case that the subject blind was, in fact, a Ching Feng product, this court would still lack jurisdiction over Ching Feng because, as discussed above, "stream of commerce" without more, is not a sufficient contact to support jurisdiction under a constitutional due process analysis.

**B.    "ARISING OUT OF"**

The second Ninth Circuit factor which must be met in order to confer specific jurisdiction is that "the claim must arise out of the defendant's forum-related activities". Carnival Cruise Lines, supra, 897 F.2d at 381. Plaintiffs contend that this factor is met by the allegation that the blinds involved in the tragic accident underlying this litigation were manufactured by Ching Feng. However, as discussed above,

plaintiffs have not made even a prima facie case that these were Ching Feng blinds, and therefore plaintiffs have not me the "arising out" prong of the specific jurisdiction test.

C.   **"REASONABLENESS"**

As discussed at length above, plaintiffs have not made a prima facie showing to establish this court's general or specific jurisdiction over Ching Feng. However, even if all these prior hurdles had been met, the plaintiffs would still have to establish, as the final prong of the Ninth Circuit three-part test for specific jurisdiction, that the exercise of jurisdiction is reasonable, Carnival Cruise Lines, 897 F.2d at 381, or stated another way, "that the exercise of jurisdiction over a non-resident defendant comports with 'fair play and substantial justice'". Core-Vent Corp. v. Nobel Industries, A.B., 11 F.3d 1482, 1486 (9th Cir. 1993). The Ninth Circuit examines the following seven factors in making this reasonableness determination:

> (1)   the extent of defendant's purposeful interjection into the forum state's affairs; (2)  the burden on the defendant of defending in the forum;  (3) the extent of conflict with the sovereignty of the defendant's state; (4) the  forum   state's interest in adjudicating the dispute; (5)   the  most  efficient resolution of the controvercy; (6) the   importance  of  the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  None of the factors is dispositive in itself; instead, we balance all seven. Id. At 1487-88.

Although some of these factors may favor plaintiffs, on balance they lead to the conclusion that hauling this Taiwanese corporation half-way around the world, to litigate in a strange judicial system in a foreign language, is not reasonable.

### 1) THE EXTENT OF DEFENDANT'S PURPOSEFUL INTERJECTION

As discussed at length above, Ching Feng's contact with Alaska has not been sufficiently "substantial" or "continuous and systematic" to justify general jurisdiction. These same considerations inform this "purposeful interjection" factor. Plaintiffs contend only that Ching Feng placed products from Taiwan into the stream of commerce, and some of them worked their way to Alaska. They do not contend, for example, that Ching Feng is licensed to do business in Alaska, has offices here, pays taxes here, has ever visited here, has agents here, etc. Thus, even assuming sufficient contacts to reach the court's "reasonableness" examination, the facts require a conclusion that Ching Feng's "purposeful availment" of the benefits and protections of Alaska fall on the low end of the spectrum. Core-Vent points out some ambiguity in Ninth Circuit cases concerning whether, once the minimum threshold contacts have been established, an examination of the degree of availment is to be considered under this factor. Core-Vent concludes that such an examination is appropriate. 11 F.3d at 1488. Here, Ching Feng's "purposeful intervention" into the affairs of Alaska (if any) falls at the low end of the scale, and this factor therefore counsels against jurisdiction.

## 2) THE BURDEN ON CHING FENG IN DEFENDING IN ALASKA

It would be difficult to locate a forum more distant and different from Taiwan than Alaska. Alaska is half-way around the world from Taiwan. Its language, culture and legal system differ radically. Core-Vent points out at 1488:

> The Supreme Court has recognized that defending a lawsuit in a foreign country can impose a substantial burden on a non-resident alien. "Unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long-arm of personal jurisdiction over national borders." Asahi, 480 U.S. at 114, 107 S.Ct. at 1033.

Ching Feng's contacts in Alaska are at best attenuated, and defending in this distant land, in a foreign language, would pose an enormous burden on this Taiwanese company. This factor weighs heavily against assertion of jurisdiction.

## 3) CONFLICT WITH THE SOVEREIGNTY OF DEFENDANT'S STATE

Core-Vent points out that an exercise of jurisdiction over an alien defendant raises significant sovereignty concerns not present when the defendant is not a citizen of a foreign country:

> The next factor concerns the extent to which the exercise of jurisdiction would conflict with the sovereignty of the defendant's state. "[T]he foreign-acts-with-forum-affects jurisdictional principal must be applied with caution, particularly in an international context." Pacific Atlantic Trading Co., 758 F.2d at 1330. "Great care and reserve should be exercised when extending our notion of personal jurisdiction into the international field." Asahi, 480 U.S. at 115, 107 S.Ct. at 1034 (citation omitted) "[L]itigation against

> an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." Sinatra, 854 F.2d at 1199.

Core-Vent, 11 F.3d 1482 at 1489.

Core-Vent further indicates that this factor deserves greater weight when the defendant does not have an agent in the United States. Id. Here, plaintiffs have not contended that Ching Feng has any such agents. The facts here are not unlike those in Asahi, where the alien defendant's only contact in the forum state arose from placing products in the stream of commerce, which ultimately led to those products finding their way to the forum. Asahi ruled against jurisdiction. This factor weighs heavily against exercise of jurisdiction.

### 4. FORUM STATE'S INTEREST IN ADJUDICATING DISPUTE

This action occurred in Alaska, and this state admittedly has an interest in litigating this type of dispute. However, this factor is mitigated somewhat by the fact that the plaintiffs are no longer citizens of Alaska, having moved to Virginia. Deposition of Valerie Rountree, Exhibit B at 6.

### 5. EFFICIENT RESOLUTION

The "efficiency" factor considers primarily where the witnesses and evidence is located. Core-Vent, 11 F.2d at 1490. Although the accident in this litigation occurred in Alaska, if the case proceeds to trial, the question of whether Ching Feng manufactured these blinds would be central. Moreover, as noted above, the plaintiffs no

longer reside in Alaska. Thus, some witnesses would likely come from Alaska, the plaintiffs would come from Virginia, and evidence concerning manufacture of the blinds would come from Taiwan. This factor would not seem to favor any party.

### 6. CONVENIENCE TO PLAINTIFFS

Ching Feng acknowledges that, for the plaintiffs, litigating this matter in Alaska would be more convenient than litigating in Taiwan. Again, this factor is somewhat mitigated by the fact the plaintiffs no longer reside in Alaska. Moreover, the Ninth Circuit has suggested that this factor is of limited importance, because the plaintiff always wishes to litigate in his home forum: "However, we have said previously that this factor is not of paramount importance. '[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference.'" Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Ltd., 382 F.3d 1122, 1129 (9th Cir. 2003)(citations omitted.)

### 7. ALTERNATE FORUM

While adjudication in Alaska might be more convenient to the plaintiffs, they could nevertheless sue Ching Feng in Taiwan. As Ching Feng's briefing on its motion for protective order demonstrates, mechanisms are in place for adjudicating claims of this type in Taiwan. "The plaintiff bears the burden of proving the unavailability of an alternate forum." Core-Vent, 11 F.3d at 1490. This factor weighs in favor of declining jurisdiction.

On balance, these factors weigh strongly in favor of Ching Feng, and compel the conclusion that forcing Ching Feng to defend in this distant forum would not "comport with fair play substantial justice." In short, even if plaintiffs could overcome all the other obstacles to jurisdiction (which, as discussed above, they cannot), this court should still refrain from exercising jurisdiction based upon these "reasonableness" considerations.

## CONCLUSION

Contrary to plaintiffs' assertion, the facts of this case do not support this court's exercise of either general or specific jurisdiction over Ching Feng. Ching Feng would respectfully ask the court to dismiss this action against it, based on lack of personal jurisdiction.

DATED this __9th__ day of June, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

By:    s/Daniel T. Quinn
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK  99501
Ph:  907-276-5727
Fax:  907-276-2953
dquinn@richmondquinn.com
ABA #8211141

I HEREBY CERTIFY that a true and
correct copy of the of foregoing
was served electronically this 9th
day of June, 2006 on:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

William A. Earnhart
Lane Powell Spears Lubersky LLP
301 W. Northern Lights Blvd.
Suite 301
Anchorage, AK  99503-2648

Donald C. Thomas
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

Michael L. Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309-3521


     s/Daniel T. Quinn
       RICHMOND & QUINN

1059\047\Pld\REPLY-SHOW CAUSE

**REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**
ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 18 of 18