**EXHIBIT D**

HQ 734803
January 11, 1993
MAR-2-05 CO:R:C:V 734803 RC
CATEGORY: MARKING
Ms. Diane Hudyka Harper, Robinson & Co.

P.O. Box 81380 Cleveland, Ohio 44181
RE: Country of Origin Marking of Strollers; Containers; Conspicuous; T.D. 80-253.

Dear Ms. Hudyka:

This is in response to your letter of August 13, 1992, requesting a ruling upon the acceptable methods of marking imported strollers manufactured in Taiwan.
FACTS:

Your client, Century Products Company, imports various strollers which are made in Taiwan and China for retail sale in the United States. You submitted five sample strollers, together with the boxes in which they will be sold at retail. Four of the boxes are marked "MADE IN TAIWAN" near the bottom of a side panel; one of the boxes is marked "MADE IN CHINA". You stated in a telephone call to us on January 4, 1993 that all of the submitted strollers are made in Taiwan and their boxes will indicate this and furthermore, the one box marked "MADE IN CHINA" was submitted inadvertently. All of the box markings are in lettering of approximately 18 points. (A point is a unit of type measurement equal to 0.01384 inch or nearly 1/72 inch, and all type sizes are multiples of this unit.) Additionally, all of the strollers themselves are marked with a label printed "MANUFACTURED IN TAIWAN" in approximately 9 points on the right rear leg facing outward.
ISSUE:

Whether the strollers or their packaging are conspicuously marked according to the country of origin marking requirements.

LAW AND ANALYSIS:

The marking statute, section 304, Tariff Act of 1930, as amended (19 U.S.C. 1304), provides that, unless excepted, every article of foreign origin (or its container) imported into the U.S. shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or its container) will permit, in such a manner as to indicate to the ultimate purchaser in the U.S. the English name of the country of origin of the article. Part 134, Customs Regulations (19 CFR Part 134), implements the country of origin marking requirements and exceptions of 19 U.S.C. 1304.

As provided under section 134.32(d), Customs Regulations (19 CFR 134.32(d)), an article is excepted from marking if the marking of the article's container will reasonably indicate the origin of such article. Customs must be satisfied that in all foreseeable circumstances the article will reach the ultimate purchaser in a properly marked container. Under section 134.41(b), Customs Regulations (19 CFR 134.41(b)), the ultimate purchaser must be able to find the country of origin marking easily and read it without strain.

According to T.D. 80-253 (October 16, 1980), "merchandise from the People's Republic of China may be marked to show the country of origin by use of the words 'China' or 'The People's Republic of China' or 'People's Republic of China'. However, articles manufactured or produced in Taiwan must

bear the official country of origin markings [sic] 'Taiwan' or 'Made in Taiwan'".

In **HQ 732256** (January 26, 1990), Customs held that baby toys imported and sold in properly marked retail boxes were excepted from individual marking. There, the acceptable country of origin markings were at least 1/8" which is approximately 9 points. The unacceptable country of origin markings were 1/16" or approximately 4.5 points.

In the instant case, the retail box markings are even larger than the markings reviewed in **HQ 732256**. The markings appear in clearly contrasting colors: white print on a dark blue background (on four boxes) and manilla print on a black background (on one box). Although the location of the marking "MADE IN TAIWAN" or "MADE IN CHINA" appears on a side panel near the bottom, it is visible upon a casual inspection. Given that the marking is more than 9 points, it is, in our opinion, conspicuous and legible.
The marking on the strollers themselves is permanent, legible, indelible and in a conspicuous place. Since some of the strollers are on display or sold without packaging, they must be marked and, here, the stroller marking is sufficient.
HOLDING:

The country of origin marking on the submitted sample boxes and strollers is conspicuous pursuant to section 304 of the Tariff Act, as amended, and Part 134, Customs Regulations. It is improper to indicate China as the country of origin on a box containing an imported article which was manufactured in Taiwan.
Sincerely,
John Durant, Director