Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., | Case No. 3:04-cv-00112-JWS |
| Plaintiffs, | |
| vs. | |
| CHING FENG BLINDS INDUSTRY CO., LTD., et al., | RESPONSE TO CHING FENG'S REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE |
| Defendants. | |

Defendant Ching Feng Blinds Industry, Ltd. ("Ching Feng"), relies heavily on *Asahi Metal Industry Company, Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987), in support of its argument that this Court does not have jurisdiction over it. However, the opening sentence of that opinion makes clear it has no application to the case at bar:

> This case presents the question whether the mere awareness on the part of a foreign defendant that the components it manufactured, sold, and delivered outside the United States

Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 1 of 7    Rountree 311.1 Show Cause Response to CF Reply

> would reach the forum State in the stream of commerce constitutes "minimum contacts" between the defendant and the forum State such that the exercise of jurisdiction "does not offend 'judicial notions of fair play and substantial justice.'" *International Shoe Company v. Washington*, 326 U.S. 310 [(1945)].

*Asahi, supra* at 105. Here the question is whether the end manufacturer, whose role is akin to the named defendant in *Asahi, supra,* that cross-claimed against Asahi Metal Industry Company, Ltd., should be subjected to jurisdiction before this Court as a consequence of its intentional actions of delivering blinds to Wal-Mart for distribution in the United States, including Alaska.

The Ninth Circuit's decision in *Omeluk v. Langsten Slip & Bateyggeri A/S*, 52 F.3d 267 (9th Cir. 1995), is also of no assistance to defendant here. As properly noted by the Ninth Circuit, quoting from *Burger King Corp. v. Rudzewisz*, 471 U.S. 462, 471-72 (1985),

> "By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign" the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render liable to suit." [citation omitted]

The fair warning requirement is satisfied if the defendant has "'purposefully directed' his activities at residents in a forum and a litigation results from alleged injuries 'arise out of or relate to' those activities.' . . . 'The foreseeability that is critical to due process

Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 2 of 7     Rountree 311.1 Show Cause Response to CF Reply

analysis . . .is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" *Omeluk, supra* at 370. These points are summarized by the *Burger King* court's observation "that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'gratuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Burger King, supra* at 475.

It is conceded that Ching Feng does not have offices and so forth in Alaska. However, at the same time, on the record before the Court, its activities within Alaska have been both substantial as well as continuous and systematic. The record before the Court shows that from 1994 through 2002 its products were routinely sold by at least one major retailer in Anchorage. It certainly ought not to surprise Ching Feng that it is in an Alaskan court with respect to the very products delivered into Alaska over the last several years. It is inconceivable that it could claim that answering to claims in Alaska offends traditional notions of fair play and substantial justice. *International Shoe, supra*.

Moreover, it is alleged that one of its products is the very item out of which the claims at issue arose. While that may be disputed, not having conducted any evidentiary hearings, the Court need only determine whether there is a *prima facie* showing of jurisdiction over Ching Feng. This inquiry is made with respect only to plaintiffs' allegations, not the contentions of defendant.[1/] This is not a case where a handful of Ching

---

[1/]   Indeed, this entire dispute began not over jurisdiction but over discovery. Ching Feng has so far successfully resisted disclosing useful facts that could be used with respect to the issues surrounding this case. As suggested in plaintiffs' initial response to the Court's show cause order, it would certainly be within this Court's discretion to permit discovery into jurisdictional issues since at present plaintiffs' are at a substantial disadvantage with respect to their knowledge of Ching Feng.

Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 3 of 7   Rountree 311.1 Show Cause Response to CF Reply

Feng personnel visited Alaska one time, but a case where a large quantity of its products were routinely and systematically sold within the jurisdiction.

A critical inquiry here is the extent to which the "stream of commerce" analysis employed in products liability cases is applicable. Significantly, the Court in *Asahi* did not disagree with its prior decision in *World–Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980), which it quoted at length:

> The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. . . . When a corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' [citation omitted], it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs onto customers, or, if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other states, it is not unreasonable to subject it to suit in one of those states if its allegedly defective merchandise has there been the source of injury to its owners or to others.

Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 4 of 7    Rountree 311.1 Show Cause Response to CF Reply

*Asahi, supra* at 109-110, quoting *World-Wide Volkswagen, supra* at 297-298. The plurality opinion, which itself did not reach a consensus on the extent to which simply placing a product into the stream of commerce would confer jurisdiction upon a state where the product ended up without the involvement of the plaintiff, would allow jurisdiction whenever there is sufficient action by the defendant to "indicate an intent or purpose to serve the market in the forum State." *Asahi, supra* at 112. On the record before the Court, there is sufficient evidence of such conduct by Ching Feng.

One point raised by Ching Feng cannot go unanswered here. At page 7 of its brief, it contends that because the blinds' markings include the word "China" rather than "Taiwan," and Ching Feng is a Taiwanese entity, this suggests that Ching Feng had nothing to do with these blinds. However, at risk of getting into the dangers of an "I said it, you said it" dispute, counsel for Ching Feng has acknowledged that it in fact did manufacture blinds in China as well as Taiwan. Affidavit of Charles W. Ray, Jr.

There would be nothing unreasonable about Ching Feng defending these claims here. As noted above, and in plaintiffs' opening brief, Ching Feng has for years sold blinds in Alaska and is believed to have sold the very blinds at issue. While there would naturally be certain burdens on Ching Feng in defending this case in Alaska, those are no greater than for plaintiffs to resolve the dispute in Taiwan, especially because the other defendant, Window Covering Manufacturers Association, is subject to this Court's jurisdiction so not including Ching Feng here would result in separate actions in separate countries. While there also is no question but that Taiwan has an interest in its own sovereignty, it also is true that international corporations should not escape their legal obligations in countries and states in which they do business – those countries and states have a significant interest in the safety and protection of their own citizens. On balance,

---
Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 5 of 7   Rountree 311.1 Show Cause Response to CF Reply

there is nothing compelling about Ching Feng's arguments regarding the unreasonableness of litigating the case here.

### CONCLUSION

It certainly would not offend traditional notions of fair play and substantial justice for Ching Feng to defend these claims in an Alaskan court. There is a sufficient factual basis on the record before the Court to sustain its jurisdiction over Ching Feng. The Court should find that it has jurisdiction over Ching Feng and that the parties move the case forward. At present, discovery is hampered, experts are unable to proceed, and Ching Feng's constant delays should be brought to an end. Moreover, at minimum, permitting plaintiffs to conduct discovery into jurisdictional issues is well within the Court's authority and would be a much better solution at present than outright dismissal.

DATED 21 June 2006
/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
        craylaw@aol.com
ABA# 8406048

Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 6 of 7    Rountree 311.1 Show Cause Response to CF Reply

I hereby certify that on 21 June 2006, a copy of the foregoing Response to Ching Feng's Reply to Plaintiffs' Response to Court Order was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

William A. Earnhart
Lane Powell, P.C.
earnhartw@lanepowell.com
preej@lanepowell.com
heckj@lanepowell.com
wagnerf@lanepowell.com

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

and was served electronically and via U.S. Postal Service on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

By: s/Charles W. Ray, Jr.

---
Response to Ching Feng Reply to Plaintiffs'
Response to Order to Show Cause
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 7 of 7      Rountree 311.1 Show Cause Response to CF Reply