**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| VALERIE ROUNTREE, individually<br>and as Personal Representative of<br>the ESTATE OF APRIL LYNNE COX;<br>MORGAN SCHEDIWY, a minor<br>through her natural mother and<br>guardian VALERIE ROUNTREE; and<br>CHRISTOPHER COX, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | 3:04-cv-112 JWS |
| vs. | )<br>) | ORDER FROM CHAMBERS |
| CHING FENG BLINDS INDUSTRY CO.,<br>LTD., and WINDOW COVERING<br>MANUFACTURERS ASSOCIATION, | )<br>)<br>)<br>) | [Re: Order to Show Cause at Doc. 87] |
| Defendants. | )<br>)<br>) | |

## I.  MATTER PRESENTED

At docket 87, the court ordered plaintiffs to show cause why their claims against defendant Ching Feng Blinds Industry Co., Ltd. ("Ching Feng") should not be dismissed for lack of personal jurisdiction over the defendant.  At docket 91, plaintiffs filed a response to the order.  At docket 94, Ching Feng filed a reply to plaintiffs' response.  At docket 97, plaintiffs filed a response to Ching Feng's reply.  Oral argument has not been requested and would not assist the court.

## II.  DISCUSSION

The burden is on plaintiffs to demonstrate jurisdiction over Ching Feng exists.[1] They argue both general and specific jurisdiction exists.

### A. General Jurisdiction

General jurisdiction exists if Ching Feng maintains "continuous and systematic general business contacts"[2] that "'approximate [its] physical presence' in [Alaska]."[3] This standard is "exacting" because a finding that general jurisdiction exists means Ching Feng could be haled into court in this state to answer for any of its activities around the world.[4]

Ching Feng's contacts with Alaska fall well short of that standard.  Plaintiffs concede there is no evidence Ching Feng is registered to do business in Alaska, or has any offices, employees, or agents in Alaska.[5]  They allege "a very significant number" of Ching Feng's blinds "made their way to Alaska" via the "stream of commerce,"[6] but the court finds that kind of contact is insufficient to approximate Ching Feng's physical presence in this state.[7]

### B. Specific Jurisdiction

Specific jurisdiction exists if 1) Ching Feng purposefully directed its activities at Alaska; 2) plaintiffs' claims arise out of or relate to Ching Feng's activities; and

---

[1]*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

[2]*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (citing *Perkins v. Banguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

[3]*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

[4]*Id.* (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)).

[5]Doc. 97, p. 3 (responding to Ching Feng's representations at doc. 94, p. 4).

[6]Doc. 91, pp. 2-3.

[7]*See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1075 (8th Cir. 2004).

3) exercising jurisdiction over Ching Feng would be reasonable.[8]  Plaintiffs bear the burden of establishing the first two prongs.[9]  If they meet their burden, Ching Feng must "'present a compelling case' that the exercise of jurisdiction would not be reasonable."[10]

Plaintiffs request limited discovery to help them establish the first prong and, for two reasons, the court agrees that is the proper course.  First, plaintiffs cannot satisfy the first prong on the existing record because it does not contain the necessary information: whether the blinds in question were manufactured by Ching Feng and, if they were, to what extent Ching Feng was aware they would be sold in Alaska.  The absence of this information is not plaintiffs' fault because they tried to obtain it from Ching Feng but were rebuffed.[11]

The second reason is that it would not be futile to conduct discovery on the first prong because Ching Feng has not met its burden under the third prong to show that exercising jurisdiction would be unreasonable.  The court must balance seven factors when deciding whether exercising jurisdiction over Ching Feng would be reasonable:

> (1) the extent of [Ching Feng's] purposeful interjection into [Alaska];
> (2) the burden on [Ching Feng] of defending in [Alaska]; (3) the
> extent of conflict with the sovereignty of [Ching Feng's] state,
> [Taiwan]; (4) [Alaska's] interest in adjudicating the dispute; (5) the
> most efficient judicial resolution of the controversy; (6) the
> importance of [the Alaskan forum] to [plaintiffs'] interest in
> convenient and effective relief; and (7) the existence of an
> alternative forum.[12]

---

[8] *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

[9] *Id.* (citing *Sher*, 911 F.2d at 1361).

[10] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

[11] *See* Doc. 61 (Ching Feng's motion for a protective order).

[12] *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) and quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993)).

**(1)**

If Ching Feng purposefully interjected itself into Alaska at all, its interjection was limited to the sale of its blinds in this state by independent retailers.  That is a relatively insignificant interjection and so the first factor favors Ching Feng.

**(2)**

The second factor favors Ching Feng because defending itself in Alaska would require it to travel from its home in Taiwan and overcome a language barrier.

**(3)**

The third factor's significance depends on the presence or absence of Ching Feng's contacts with the United States.[13]  If Ching Feng has contacts with this country, sovereignty concerns would favor it to a lesser degree, but if it does not, those concerns would favor it to a greater degree.[14]  Ching Feng points out that "*plaintiffs* have not contended that [it] has any ... agents [in the United States]."[15]  However, the responsibility for showing Ching Feng has no agents in this country lies with Ching Feng as part of its burden to demonstrate that exercising jurisdiction would be unreasonable. It would have been easy enough for Ching Feng to make that showing, and its failure to do so means this factor favors Ching Feng less than it otherwise would.

**(4)**

Alaska's interest in this case is strong because, as far as the record shows, it was the locus of the sale of the product and the harm at issue in this case and plaintiffs' residence when the harm occurred.  It is true, as Ching Feng points out, that plaintiffs moved Outside in December of 2005.[16]  But that does little, if anything, to diminish Alaska's interest in adjudicating this dispute.  Alaska does not forget its residents the moment they leave the state, especially when they were harmed here.  Moreover,

---

[13]*Core-Vent*, 11 F.3d at 1489.

[14]*Id.* (citing *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988)).

[15]Doc. 94, p. 15 (emphasis added).

[16]*Id.*, ex. B, p. 6.

Alaska has a continuing interest in the safety of products sold here, and that is an issue this case presents.

**(5)**

The fifth factor accounts for the location of witnesses and evidence, but it is "'no longer weighed heavily given the modern advances in communication and transportation.'"[17]  Witnesses likely are located in Alaska, site of the underlying events; Virginia, plaintiffs' current residence; and Taiwan, Ching Feng's home.  Evidence likely is located in Alaska and Taiwan.  Given the far-flung locations of witnesses and evidence, none of the most obvious potential forums – Alaska, Virginia, Taiwan – would be especially efficient.  Thus, this factor favors neither Ching Feng nor plaintiffs.

**(6)**

Courts do not lend the sixth factor "paramount importance" because the benefit of a plaintiff's chosen forum to the plaintiff is usually obvious.[18]  Still, this factor retains significant, if not paramount, importance here because proceeding against Ching Feng in another forum likely would severely compromise plaintiffs' interest in convenient and effective relief.  One problem common to any other forum would be the fact that Ching Feng's co-defendant, the Window Covering Manufacturers Association, remains a party to the lawsuit in this forum.  Another problem is the substantial logistical hurdles presented by proceeding in Taiwan, the most logical alternative forum in which to sue Ching Feng.  Both problems are antithetical to plaintiffs' interest in convenient and effective relief.  This factor therefore favors plaintiffs.

**(7)**

Although Ching Feng bears the burden of showing the other factors favor it, plaintiffs must establish the seventh one favors them.[19]  They have not even attempted

---

[17]*Harris Rutsky & Co.*, 328 F.3d at 1133 (citing *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) and quoting *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)).

[18]*Id.* (quoting *Roth*, 942 F.2d at 624).

[19]*Id.* at 1133-34 (citing *Core-Vent*, 11 F.3d at 1490).

to "prov[e] the unavailability of an alternative forum,"[20] and so this factor favors Ching Feng.

All told, four factors (the first, second, third, and seventh) favor Ching Feng; two (the fourth and sixth) favor plaintiffs; and one (the fifth) favors neither Ching Feng nor plaintiffs. That is hardly a rout for Ching Feng. And even though it could have tipped the third factor strongly in its favor by demonstrating an absence of its contacts with the United States, it did not make that relatively simple showing. That failure of proof and the overall close balance of factors do not amount to a "compelling" case that exercising jurisdiction over Ching Feng would be unreasonable.

Because the record must be supplemented and additional discovery would not be futile, plaintiffs may seek production of the information discussed above. Discovery shall be conducted so as to be completed not later than **September 1**, **2006**. Upon completion of discovery, plaintiffs shall file a renewed response to the order to show cause at docket 87 and Ching Feng may file a renewed reply within **ten (10)** days of plaintiffs' filing. The court trusts that the parties will resolve their earlier discovery disagreements, but they may seek judicial intervention if that becomes necessary.

DATED at Anchorage, Alaska, this 30th day of June 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[20]*Id.* at 1134.