Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>                         Plaintiffs,<br><br>     vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC., a New Jersey corporation; WAL-MART STORES, INC., a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>                         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. A04-0112 CV (JWS)<br><br><br><br><br><br><br><br><br><br><br><br>**PLAINTIFFS' RESPONSES TO WINDOW COVERING MANUFACTURERS ASSOCIATION'S REQUEST FOR ADMISSION DIRECTED TO PLAINTIFFS** |

Response to WCMA Requests for Admission. (Response WCMA RFAs)



EXHIBIT
A
P-1

Window Covering Manufacturers Association ("WCMA"), defendant in the above-styled action, serves these requests for Admissions upon plaintiffs Valerie Rountree, Christopher Cox and Morgan Schweidy, and requests they be answered fully, in writing, and under oath within thirty (30) days from the date of service thereof, all in accordance with Fed. R. Civ. P. 36. Each request is addressed to the personal knowledge of the plaintiffs, as well as to the knowledge and information of plaintiffs' attorneys, investigators, agents, employees, and other representatives. When a question is directed to plaintiffs, the question is also directed to the aforementioned persons.

These requests shall be deemed continuing so as to require supplemental answers if the persons to whom these requests are addressed obtain further information between the time the answers are served and the time of trial.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "You" refers to plaintiffs Valerie Rountree, Christopher Cox and Morgan Schweidy, individually or collectively, as well as to plaintiffs' attorneys, investigators, agents, employee, and other representatives.

2. With regard to the terms defined herein, all terms used in the singular shall include the plural, and vice versa.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Please admit you did not purchase the window coverings you allege are associated with the injuries suffered by April Lynne Cox.

**Response:** Admitted.

Response to WCMA Requests for Admission (RVS) Rountree v. Response WCMA RFAs



**Request for Admission No. 2:** Please admit you did not install the window coverings you allege are associated with the injuries suffered by April Lynne Cox.

**Response:** Admitted.

**Request for Admission No. 3:** Please admit you have no evidence of any instructions, labels or other materials associated with the window coverings you allege are associated with the injuries suffered by April Lynne Cox that may have existed at the point of sale of those window coverings.

**Response:** Denied for the reason that attached to the bottom rail of the subject blinds there is an ostensible warning sticker bearing Defendant Window Covering Manufacturers Association's initials and what is believed to be a reference to Paragraph 5.1.1 of the ANSI/WCMA A100.1-1996 Standard for Safety of Corded Window Covering Products ("1996 Standard").

**Request for Admission No. 4:** Please admit you have no evidence of any instructions, labels or other materials that may have accompanied or were included with the window coverings you allege are associated with the injuries suffered by April Lynne Cox, aside from those still affixed to the window coverings, including those on the packaging itself.

**Response:** Denied for the reason that the 1996 Standard, which appears to be applicable to the subject blinds, requires that a hang tag accompany the product.

**Request for Admission No. 5:** Please admit you have no evidence contrary to the following statement: Retrofit kits to secure the inner cords of window coverings were available free to consumers at the time April Lynne Cox died.

**Response:** It is believed that at the time April Lynne Cox died in May 2002, consumers could acquire for free what were termed "retrofit kits" consisting of slotted beads intended to prevent loops from being formed in the accessible inner cord of



horizontal blinds and therefore this request is admitted.

**Request for Admission No. 6:** Please admit you have no evidence contrary to the following statement: At the time April Lynne Cox died, members of the window covering industry, along with the United States Consumer Product Safety Commission, warned parents that the inner cords of window coverings could pose a hazard to small children.

**Response:** Denied for the reason that neither Valerie Rountree, Chris Cox, Paul Rountree nor Ilene Rountree all of whom are "parents," was "warned . . . that the inner cords of window coverings could pose a hazard to small children" at any time up to the time of April Lynne Cox's death.

**Request for Admission No. 7:** Please admit you have no evidence contrary to the following statement: At the time April Lynne Cox died, members of the window covering industry, along with the United States Consumer Product Safety Commission, warned parents about dangers associated with corded window products where small children might be present.

**Response:** Admitted only that at the time April Lynne Cox died, Valerie had learned from some source, although she cannot remember what source, that the side pull cords of corded window products could pose a danger to small children. Except as specifically admitted, this request for admission is denied.

**Request for Admission No. 8:** Please admit you have no evidence contrary to the following statement: At the time April Lynne Cox died, members of the window covering industry, along with the United States Consumer Product Safety Commission, warned parents that cribs and other children's beds and furniture should be moved away from windows.

**Response:** Denied for the reason that neither Valerie Rountree, Chris Cox,



Paul Rountree nor Ilene Rountree, each of whom is a "parent," was "warned . . . that cribs and other children's beds and furniture should be moved away from windows," at any time up to the time of April Lynne Cox's death.

**Request for Admission No. 9:** Please admit you have no evidence contrary to the following statement: WCMA did not mandate or require that any instructions, labels or other materials accompany or be included with the window coverings you allege are associated with the injuries suffered by April Lynne Cox.

**Response:** Denied for the reason that it appears the 1996 Standard is applicable to the product at issue, which produced appears to have been designed and manufactured, including with respect to warning tags and labels, in accordance with the 1996 Standard which, by its terms, is mandatory and, in accordance with statutes regarding voluntary standards adopted by industry, was required to be observed by sufficiently large numbers of window covering industry members that it would essentially serve as a mandatory CPSC standard.

DATED this 20th day of July, 2006.

                                      LAW OFFICES OF CHARLES W. RAY, JR., P.C.
                                      Lawyer for Plaintiffs

                                      /s/

By_____
                                      Charles W. Ray, Jr.
                                      ABA# 8406048

I certify that on the _____ day of July, 2006, I caused a true and correct copy of the foregoing to be sent via:
    ☐ U.S. Postal Service
    ☐ Facsimile

Response to WCMA Requests for Admissions 20 IV 1 Response WCMA RFAs



☐ Hand Delivery

☐ Other_____

to the following:

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W. 3rd Ave., Suite 400
Anchorage, AK 99501

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303

William A. Earnhart
Lane Powell, P.C.
301 W. Northern Lights Blvd., Suite 301
Anchorage, AK 99503

Daniel T. Quinn
Richmond & Quinn
360 K St., Suite 200
Anchorage, AK 99501

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501

By_____
    Secretary to Charles W. Ray, Jr.

Response to WCMA RFAs – Redacted 5 V.1



EXHIBIT A p-6