Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501
phone: (907) 279-3581
fax:    (907) 277-1331
dct@delaneywiles.com

Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309
phone: (404) 572-2804
fax:    (404) 572-5137
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD. and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>    Defendants. | Case No. A04-0112 CV (JWS)<br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |

  Window Covering Manufacturers Association ("WCMA"), named as a defendant in the above-styled action, files this Brief in Support of its Motion for Summary Judgment, respectfully showing the Court as follows:

## INTRODUCTION

In this product liability action with a twist, the plaintiffs have sued not only the alleged retailer, importer and manufacturer of the window blinds they contend were defective, they have also named the WCMA, a nonprofit trade association that they argue drafted the warning label affixed to the product. Because WCMA did not design, manufacture, import, distribute or sell the blinds, the plaintiffs' cause of action against WCMA can only be that the warning it allegedly drafted was inadequate.[1]

Simply put, the plaintiffs have offered no evidence that the warning they admit was affixed to the blinds was inadequate, or that any alleged inadequacies of that warning proximately caused their injuries. Although the warning was attached to the bottom rail of the blinds where it would be visible whenever the blinds were opened, both plaintiffs admit that they never saw the warning. They admit that they have no evidence of any other warnings that may have been affixed to the blinds or otherwise accompanied them at the time of sale. The plaintiffs' father, who apparently installed the blinds, does not remember what material was included and admits he might have ignored those materials, including the instructions, when he opened the box. Moreover, the plaintiffs have offered no evidence that even if they had read the warning label (or any other warning) that it would have changed their behavior – in fact, there is undisputed evidence in the record of the parents' failing to guard against known safety hazards involving children, including in the face of clear warnings of those dangers. This is not mere argument: each statement is supported by citation to the record in the Statement of Facts below.

---

[1] WCMA maintains that the evidence demonstrates that it owed no legal duty to the plaintiffs to warn of any danger associated with the blinds.

In short, there is no dispute of material fact that a different warning would have done nothing to prevent the injuries alleged in this case. With no evidence to meet the plaintiffs' burden, this Court should grant summary judgment of all claims on behalf of WCMA.

## PROCEDURAL NOTE

This Court set a July 14, 2006 deadline for the completion of all discovery and the submission of dispositive motions. Docket at 60. Since that time, the plaintiffs and WCMA's codefendant, Ching Feng Blinds Industry Co. (Ching Feng), have become embroiled in a discovery dispute that has led this Court to vacate a prior order for the exchange of expert disclosures (Docket at 82) and grant additional discovery concerning the exercise of personal jurisdiction over Ching Feng (Docket at 98-1). There has been no order, and no motion of any party, to extend the date for the close of all other discovery or the submission of dispositive motions, and no indication that the discovery or dispositive motion deadlines have changed from July 14, 2006 as they pertain to WCMA.

## STATEMENT OF FACTS

This case arises out of the May 27, 2002 death of April Lynne Cox, allegedly due to strangulation in the cords of a window blind, in the home of Paul and Ilene Rountree, the father and stepmother of plaintiff Valerie Cox. Compl. ¶ 3, 4. Among the defendants named in the Complaint is the WCMA, a nonprofit trade association. Compl. ¶ 8. It does not design, manufacture, import, distribute, or sell any product, including window blinds. Although the plaintiffs' Complaint broadly asserts all causes of action against all defendants, it is apparent that because WCMA is merely a trade group referenced in the

warning label attached to the blinds plaintiffs assert caused April Cox's injuries and is not a manufacturer, distributor or retailer, the claims asserted against it are limited to those of failing to warn adequately of alleged hazards associated with the blinds.  Compl. ¶ 11, 15, 18, 22, 25-27.  *See* Plaintiffs' Brief Regarding Cause of Action Against WCMA (Docket at 28) at 6-7 (discussing only warning issues and stating: "It is here alleged that the warning was inadequate and improperly given").

According to the plaintiffs, the blinds at issue included a warning label affixed to the bottom rail.  Response to WCMA's First Request for Admission No. 3 (attached as Exh. A); *see* Opposition to Motion to Dismiss (Docket at 17) at 3, Exh. 5.  The label reads, "Young children can become entangled and strangle in cord or bead loops.  Use safety devices to reduce access or eliminate loops."  *Id.*  The plaintiffs admit they have no evidence or knowledge of any other instructions, labels, warnings or other materials that may have been sold with or attached to the blinds, except for the bottom rail warning label.  Response to WCMA's First Request for Admission No. 4; V. Cox Dep. at 43 (attached as Exh. B).

The incident from which this action arose occurred at the home of April Cox's grandparents, where she and her immediate family had been staying for only a few months.  While there may be some question about who purchased the blinds, it is undisputed that neither Valerie Rountree Cox or Christopher Cox were present at the time they were purchased or installed.  C. Cox Dep. at 115 (attached as Exh. C).

Plaintiff Valerie Rountree Cox never saw the warning label on the blinds.  V. Cox Dep. at 45, 112.  She explained that she never saw the label because the blinds were "never raised."  *Id.* at 44.  Christopher Cox does not know if he saw the warning.  C. Cox

Dep. at 114. Ms. Cox had "always just known" of the dangers associated with some cords on window blinds, V. Cox Dep. at 45, and kept the pull cord tied up out of reach, as suggested by the Consumer Product Safety Commission and the window covering safety groups. *Id.* at 41; *See, e.g.*, "News from CPSC: CPSC, Window Covering Industry Announce Recall to Repair Window Blinds;" "Young Children Can Strangle On Window Cords;" (attached collectively as Exh. D). She read baby magazines containing safety information when her children were born. *Id.* at 114-116. But despite being aware of various other household dangers to children, she did not take care to childproof her father's home when she moved in. Specifically, she admitted that she:

- did not install locks on kitchen cabinets or drawers, and does not remember if the cabinet underneath the sink was childproofed (V. Cox Dep. at 111);

- does not remember if she looked to see if the electrical outlets had covers on them (*id.*);

- did not install safety devices to prevent her children from turning oven knobs (*id.* at 111-12);

- did not install locks on toilet seats to prevent her children from falling in (*id.* at 112).

And even though Mr. Cox recognized that the bed his father-in-law built for their oldest child was unsafe for children – "sharp" and "pointy" – he and his wife did not find a replacement. C. Cox Dep. at 38-39, 108. (Ms. Cox's father "can't think of anything" the family did to childproof the home. P. Rountree Dep. at 59 (attached as Exh. E). In addition, Ms. Cox smoked cigarettes, including during pregnancy, even though she not only is aware of the warning on every cigarette pack she smokes but also can recite it from memory. V. Cox Dep. at 57, 117.

Valerie Cox's father, who most likely installed the blinds, also has no idea if the blinds had a warning label.  P. Rountree Dep. at 11.  He assumes the blinds included directions or instructions but does not remember seeing them and would not have paid attention to them if installation of the blinds seemed straightforward.  *Id.* at 10-11, 42.

## ARGUMENT AND CITATION TO AUTHORITY

### A.   SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Because the plaintiffs bear the burden of proof at trial, WCMA can meet this summary judgment standard by pointing to the absence of evidence sufficient to prove required elements of the plaintiffs' case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   While all reasonable inferences are drawn in favor of the opposing party, it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

### B.   PLAINTIFFS BEAR THE BURDEN OF PROVING THAT THE WARNING ON THE BLINDS WAS INADEQUATE AND THAT IT PROXIMATELY CAUSED THEIR INJURIES.

WCMA is not a manufacturer, distributor or seller of any product and thus cannot be liable in strict liability.  *Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173,

1176 (Alaska 1993) (citing *Clary v. Fifth Avenue Chrysler Center*, 454 P.2d 244 (Alaska 1969)). Any claim the plaintiffs assert in against WCMA must be based in negligence.

For plaintiffs to recover under Alaska law on a failure to warn claim, they must show both that any warning provided with a product is inadequate and that any such inadequacy proximately caused their injuries. *Shanks v. Upjohn Co.*, 835 P.2d 1189, 1200 (Alaska 1992). In order for a warning to be deemed adequate, it should:

> 1) clearly indicate the scope of the risk or danger posed by the product; 2) reasonably communicate the extent or seriousness of harm that could result from the risk or danger; and 3) be conveyed in such a manner as to alert the reasonably prudent person.

*Id.* There is no duty to warn of hazards an ordinary user of the product would recognize. *Prince v. Parachutes, Inc.*, 685 P.2d 83, 88 (Alaska 1984).

Equally importantly, plaintiffs must also prove that the defect in warning was the proximate cause of their injuries. *Shanks*, 835 P.2d at 1200. In short, plaintiffs must prove they would have followed an adequate warning had one been given. *Ross Laboratories v. Thies*, 725 P.2d 1076, 1079 (Alaska 1986) (holding that there was no fact issue as to proximate cause where no evidence suggested "that any of th[e] parties were incapable of understanding an adequate warning or that such a warning would not have been heeded by them."). Proximate cause can be a matter of law "where reasonable minds could not differ." *Prince*, 685 P.2d at 89.

**C.  THERE IS NO EVIDENCE IN THE RECORD THAT THE WARNING AFFIXED TO THE BLINDS WAS INADEQUATE.**

The plaintiffs have put forth absolutely no evidence regarding the adequacy of the warning label they contend was affixed to the bottom rail of the blind at the time of the

incident.  Thus, they cannot meet their burden on any failure to warn claim against WCMA.

**D.    THERE IS NO EVIDENCE IN THE RECORD THAT THE WARNING WAS A PROXIMATE CAUSE OF PLAINTIFFS' INJURIES.**

The uncontroverted evidence in the record demonstrates that no warning would have prevented the plaintiffs' injuries.  *See, e.g., Southwest Pet Products, Inc. v. Koch Industries, Inc.*, 273 F. Supp. 2d 1041, 1062 (D. Ariz. 2003) (granting summary judgment to wheat supplier on failure to warn claim where plaintiff failed to produce any evidence that "a different warning would have changed its conduct" and thus failed to establish proximate cause).  The warning was placed prominently on the bottom rail of the blinds, where it would be clearly visible to anyone when the blinds are elevated, but neither of the adult plaintiffs say they ever saw it.  Nor did they ever see the package the blinds came in, any instruction sheet that accompanied the blinds, any hang tag attached to the blinds at the time they were sold[2] or any other material that may have been included in the blinds.  Regardless of what language was on the warning label that remained on the blinds, or other material that apparently was removed and discarded by Ms. Cox's parents, it could not have changed their behavior, because they never read the available warning.

Second, there is no evidence in the record that the plaintiffs would have acted differently even if they had seen the warning.  The testimony of both parents is replete with examples of safety information related to their children that they have not followed,

---

[2]    Blinds meeting the same voluntary standard that provided the text of the warning also include a hang tag with warning and safety information, a fact the plaintiffs acknowledged in their original Response to WCMA's First Request for Admission No. 4 (since deemed admitted by this Court) (Docket at 63).

*Rountree, et al. v. Ching Feng Blinds Industry Co.,*                                                                                          8
*Ltd., et al.,* Case No. A04-0112 CV (JWS)

from their failure to take basic efforts to childproof the house to Ms. Cox smoking while pregnant despite the clear warning on every pack of cigarettes she purchased.

> **1.  The warning's language could not be the proximate cause of the plaintiffs' injuries because the plaintiffs never saw the warning label.**

It is undisputed that a warning label was attached to the bottom rail of the blinds the plaintiffs allege injured April Cox.  Yet Ms. Cox says she never saw the label, and Mr. Cox cannot remember if he had.  V. Cox Dep. at 45, 112; C. Cox Dep. at 114.  If neither parent ever read the warning at issue, the language of the warning itself could not possibly have made any difference in their behavior.  *See Crosswhite v. Jumpking, Inc.*, 411 F. Supp. 2d 1228, 1235 (D. Or. 2006) (granting summary judgment on failure to warn claim where plaintiff testified he never saw any warnings on trampoline); *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 996 (C.D. Cal. 2001) (granting summary judgment when there was no evidence prescribing doctor read warnings in drug package insert).

In their testimony, the plaintiffs surmise that they did not see the warning label attached to the blinds because they did not open them.  But the entire purpose of window blinds – indeed, almost every type of window covering – is to be opened and closed to allow light in at some times but to shut it out at other times.  Otherwise, one would simply board up the window.[3]  The warning would likely be visible whenever the product was used.  P. Rountree Dep. at 65-66.

Nor can plaintiffs meet their burden of proof that the warning proximately caused their injuries because they have no evidence of what warnings were provided with the product.  Response to WCMA's First Request for Admission No. 4.  Neither parent saw

---

[3]   In fact, the plaintiffs did place a board underneath the blinds and against the window at issue to block the light.  V. Cox Dep. at 44.

any of the materials that may have accompanied the product when it was sold, including other warnings, whether on the box, on a hang tag, in the instruction sheet or elsewhere. V. Cox Dep. at 45; C. Cox Dep. at 115-16.  Furthermore, Paul Rountree – who apparently opened and installed the blinds – does not know what additional warnings or advisory materials were included with the blinds, and he possibly would have ignored those materials if they were included.  P. Rountree Dep. at 10-11, 42.  With no evidence of what warnings were included with the blinds, and in what format, there can be no proof that those warnings were inadequate.

> 2. **The warning's language could not be the proximate cause of the plaintiffs' injuries because there is no evidence the plaintiffs would have changed their behavior.**

Not only are plaintiffs unable to prove they would even have heeded a different warning, they also failed to prove that they would have taken a different course of action if the warning were phrased differently.  *See Motus*, 196 F. Supp. 2d at 988 (granting summary judgment on warnings claim where doctor testified his prescribing decisions were based on his "clinical experience," not statements from drug manufacturer).  The evidence demonstrates that the plaintiffs do not always follow warnings – even when the health of their children could be affected – and that they do not take simple steps to avoid or minimize known hazards in the home.  The parents failed to childproof the Rountree's home by installing drawer and cabinet locks, oven knob guards, toilet seat locks or outlet covers.[4]  V. Cox Dep. at 111-12.  They decided to keep Ms. Cox's older daughter in a bed they had determined was dangerous.  C. Cox Dep. at 38-39, 108.

---

[4]    Mr. Cox says that he and Ms. Cox "mentioned" things to the Rountrees that needed child-proofing, but could not remember specifically what was done.  C. Cox Dep. at 116-17.

Most importantly, although Ms. Cox can quote the language of the warnings on cigarette packs that states that smoking can cause premature birth and low birth weight in pregnant women, she ignored that clear language and continued to smoke through both of her pregnancies. V. Cox Dep. at 57, 117. Taken as a whole, the plaintiffs' course of conduct is consistent with the fact that there is no evidence the plaintiffs would have acted differently had a different warning been provided.

Without that evidence, no reasonable factfinder could conclude that the warning proximately caused their injuries. *See Gebhardt v. Mentor Corp.*, 191 F.R.D. 180 (D. Ariz. 1999) (granting summary judgment to defendant medical device manufacturer where plaintiff failed to establish that the doctor would have changed his conduct and not used the product on the patient had different warnings been given).

## CONCLUSION

There is no evidence in the record that the warning that admittedly was affixed to the blind the plaintiffs contend caused April Cox's injuries was inadequate, and no evidence that that warning proximately caused those injuries. Thus, there is no dispute of material facts sufficient to prove any claim asserted against WCMA. Those claims should be dismissed.

Respectfully submitted, this 14th day of July, 2006.

>DELANEY WILES, INC.
>Attorneys for Window Covering
>Manufacturers Association
>
>s/Donald C. Thomas
>Delaney Wiles, Inc.
>1007 W. Third Ave. #400
>Anchorage, AK 99501
>Phone:	907-279-3581
>Fax:	907-277-1331
>E-mail:	dct@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 14th day of July 2006,
a copy of **WINDOW COVERING
MANUFACTURERS ASSOCIATION'S
BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**
was served electronically on:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, Alaska 99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West 6th Avenue, Ste. 200
Anchorage, Alaska 99501

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501

s/Donald C. Thomas (119247)