Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHING FENG BLINDS INDUSTRY CO., LTD., et al., <br><br> Defendants. | Case No. 3:04-cv-00112-JWS <br><br><br><br><br> PLAINTIFFS' OPPOSITION TO WINDOW COVERING MANUFACTURERS ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT |

INTRODUCTION

Window Covering Manufacturers Association (WCMA) has moved for summary judgment as to all claims against it. It specifically raises only the warning issue although clearly the standard adopted by it goes further and provides a separate basis for imposing liability. Moreover, even if limited to the warning claim, the motion is so fraught with questions of fact on causation – an issue normally submitted to the jury – that it must be denied.

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 1 of 6                      Rountree 311.1 Oppos WCMA MtnSJ

FACTS

In 1996, WCMA published a voluntary standard for corded window covering products. Exhibit 1. The standard itself speaks in mandatory terms with respect to compliance with it. Peter Rush was at all material times the executive director of WCMA and is presently its senior advisor. Deposition of Peter Rush at 35, 240-41 (hereafter "Rush depo."), attached as Exhibit 3. Mr. Rush testified, quite correctly, that products for sale in the United States are required to comply with the voluntary standard. Rush depo. at 66-67, 254-55, and 258-59; *and see* Plaintiffs' Response to Motion for Reconsideration of 28 February 2005.

Mr. Rush agreed that the inner cord loop without the warning and "fix" described in the 2002 standard, Exhibit 2, was defective, a view he held from at least late 1999. Rush depo. at 50-61. Mr. Rush nevertheless testified that standards published by the WCMA "are acceptable products", *id*. at 30, and provide "a certain level of confidence that a product has been manufactured to an acceptable level of performance." *Id.* at 29. Mr. Rush testified that had he or WCMA been aware of a problem with inner cord strangulation deaths during development of the 1996 standard, that issue would have been addressed in that standard. *Id.* at 98. As can be seen in Exhibit 2, the issue was ultimately not addressed by WCMA until publication of the 2002 standard.

There is absolutely no doubt but that Mr. Rush and WCMA were aware of the strangulation risk posed by inner cords not later than 1990. *Id*. at 208-214. The blind at issue concededly bears the exact pictogram and language required by the 1996 standard, and

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 2 of 6                      Rountree 311.1 Oppos WCMA MtnSJ

the number 5.1.1 matches the reference thereto in Exhibit 1. The blind lacks both the 2002 standard's warning and cord stop beads. *See* Exhibit 2; Affidavit of Valerie Cox.

From the foregoing it is readily apparent that in 1996 WCMA published a standard that did not address the risk of strangulation posed by inner loops despite knowing of strangulation deaths in the inner cords. WCMA concedes that the standards imposed a minimum manufacturing requirement for all blinds distributed into and sold in the United States. Through very simple additions to the 1996 standard concerning matters of which WCMA had specific knowledge, *i.e.*, an adequate warning and cord stop beads, the death of April Cox would very likely not have occurred. *See* Exhibit 2.

WCMA launches into what may best be characterized as character assassination in support of its motion. Plaintiffs would agree that Valerie Cox is not a perfect person. Who is? The pertinent inquiry here, however, concerns only her conduct with respect to the blinds in which her daughter strangled. She took to heart the information she had regarding the side pull cord; it was tied up well beyond the reach of her children, and WCMA so concedes. However, to contend that if a proper and visible warning had been provided Valerie would have ignored it, assumes too much. The small warning label tucked under the bottom rail does not appear to have come to Valerie's attention. It is not unreasonable that it did not. Valerie Cox affidavit. Even if it had, however, there is no hint that anything other than tying the pull cord out of reach was necessary in order to protect her children from the risk of strangulation. Affidavit of Valerie Cox. Moreover, had there been some warning affixed to the head rail – which would have been in plain view to someone

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 3 of 6                     Rountree 311.1 Oppos WCMA MtnSJ

tying the pull cords out of children's reach – regarding the risk posed by the inner cord, it seems highly likely that Valerie would have heeded that warning. *Id*.

>As WCMA properly notes, the warning is not adequate if it does not:
>
>(1)  Clearly indicate the scope of the risk or danger posed by the product;
>
>(2)  Reasonably communicate the extent or seriousness of harm that could result from the risk or danger; and
>
>(3)  Conve[y the scope, extent and seriousness of the risk] in such a manner as to alert the reasonably prudent person.

*Shanks v. Upjohn Co.*, 835 P.2d 1189, 1200 (Alaska 1992).  The pictogram and generic language on the bottom rail label required by WCMA does not "clearly indicate" any risk with respect to the inner cord.  The location of the label is not in a place that would "reasonably communicate" any risk whatsoever, let alone the inner cord risk.  Thus, it fails to be of the sort that would convey an appropriate warning to a reasonably prudent person.

On an entirely different level, the facts and law support the claim that WCMA was negligent by promulgating and publishing standard that, if met, did not represent "an acceptable level of performance," as claimed by WCMA.  No doubt WCMA will argue that manufacturers were free to exceed the minimum standard imposed by the 1996 publication, it was within WCMA's ability to adopt a standard, as it did in 2002, that would have led to manufacture and distribution of products essentially incapable of strangling April Cox.  WCMA knew children were strangling in the inner cords of blinds.  It secured status as a standards setting organization expressly to promulgate standards for window blinds that all

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 4 of 6                      Rountree 311.1 Oppos WCMA MtnSJ

blinds sold in the United States would have to meet. These were "performance standards regarding how to make the product," Rush depo. at 67, with which all products had to comply. *Id*. at 254-55. It then promulgated a standard that omitted consideration of an insidious, invisible risk, *see* Rush depo. at 20-214, that resulted in the continuing distribution and sale of a product that WCMA concedes was defective. Having assumed the duty to set standards for the minimum safety elements of corded window products, it cannot escape responsibility when it fails to discharge that duty and the consuming public, including Valerie Cox and her family, ends up with dangerously defective products.

CONCLUSION

At minimum, there remain questions of fact whether the warning was adequate and whether if effectively conveyed Valerie Cox would have heeded that warning. Perhaps more importantly, WCMA adopted a manufacturing standard that did not include any steps for elimination of inner cord strangulation deaths even though it knew such deaths were occurring and had been alerted to the notion that warning of the side pull cord risk was arguably misleading. WCMA's motion for summary judgment must be denied.

DATED 4 August 2006
/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
        craylaw@aol.com
ABA# 8406048

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 5 of 6                      Rountree 311.1 Oppos WCMA MtnSJ

CERTIFICATE OF SERVICE:

I hereby certify that on 4 August 2006, a copy of the foregoing document:

Was served electronically on:

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

and was served electronically and via U.S. Postal Service on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com


By: s/Charles W. Ray, Jr.

Opposition to WCMA Motion for Summary Judgment
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 6 of 6                     Rountree 311.1 Oppos WCMA MtnSJ