Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, <br><br>Plaintiffs, <br><br>vs. <br><br>CHING FENG BLINDS INDUSTRY CO., LTD., et al., <br><br>Defendants. | Case No. 3:04-cv-00112-JWS <br><br><br><br><br>**AFFIDAVIT OF** <br> **VALERIE ROUNTREE COX** |

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 1 of 3          Rountree 311.1 Valerie aff WCMA SJ Mtn

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA | ) |
| | ) ss. |
| ALEXANDRIA COUNTY | ) |

I, VALERIE ROUNTREE COX, being first duly sworn, depose and state that, I am over the age of 18, and have personal knowledge of the following facts:

1. I am one of the plaintiffs in this action, and the mother of April Cox.

2. The warning label on the blinds in which my daughter April Cox strangled was basically hidden in a place where it was not visible. If the blinds had been raised part way, the bottom rail would have been below eye level and the warning would not have been visible. Even if raised all the way, the window height was such that the warning might not have been visible.

3. My children April and Morgan were not typically in their room much during the day since it was so small and there was really no room to play. The room was almost exclusively used for them to sleep in so there was no reason to lift the blinds all the way up although the slats could be adjusted to let light in if light was needed or wanted in the room during daylight hours. If I had pulled the blinds up with the side pull cord I would have had to get something to stand on and re-tie the pull cord again, too, since it would have been in at least Morgan's reach, and maybe April's, too, with the blinds lifted.

4. If there had been a warning on the head rail of the blinds that showed the inner cord pulled out the way April pulled it and that my daughter could strangle in the

---

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 2 of 3            Rountree 311.] Valerie aff WCMA SJ Mtn

inner cord, I know I would have done things differently – probably by taking the blinds out of the room altogether since there was no way to avoid placing April's crib and Morgan's bed in that room without one or the other being under the window. The front of the head rail was easily seen especially when tying the side pull cord up away from the children.

    5.     The blinds in which my daughter strangled had the warning from the 1996 WCMA standard ¶5.1.1, and did not have cord stop beads.

DATED this 4th day of August, 2006.

_____
Valerie Rountree Cox

I, VALERIE ROUNTREE COX, certify, under penalty of perjury, that no notary public or other official empowered to administer oaths is available to witness my signature, and that the statements contained in the foregoing Affidavit of Valerie Rountree are true and correct to the best of my knowledge, and that I signed said document voluntarily, and for the uses and purposes therein set forth.

DATED this 4th day of August, 2006, at Alexandria Virginia.

_____
Valerie Rountree Cox

Affidavit of Valerie Rountree Cox
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 3 of 3    Rountree 311.1 Valerie aff WCMA SJ Mtn