Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501
phone: (907) 279-3581
fax:    (907) 277-1331
dct@delaneywiles.com

Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309
phone: (404) 572-2804
fax:    (404) 572-5137
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>Plaintiffs,<br><br>vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD. and WINDOW COVERING,<br><br>Defendants. | Case No. A04-0112 CV (JWS)<br><br><br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT |

Window Covering Manufacturers Association ("WCMA"), named as a defendant in the above-styled action, files this Reply to Plaintiffs' Opposition to its Motion for Summary Judgment, respectfully showing the Court as follows:

## INTRODUCTION

Despite the plaintiffs' repeated attempts to avoid this fact, WCMA did not design, manufacture, import, distribute or sell the blinds, and therefore, the plaintiffs' cause of action against WCMA can only be that the warning it allegedly drafted was inadequate.[1]

Plaintiffs' Opposition not only fails to establish a question of fact as to the adequacy of the warning they admit was affixed to the blinds, but additionally fails to illustrate any facts supporting their contention that the warning proximately caused their injuries.    Although the warning was attached to the bottom rail of the blinds where it would be visible whenever the blinds were opened, both plaintiffs admit that they never saw the warning.

Further, Valerie Cox's self-serving statement in her affidavit that she "would have done things differently" had there been a warning on the head rail of the blinds is in stark contrast to all other evidence in the record of this case.  *See* Affidavit of Valerie Cox (Attached to Plaintiffs' Opposition to WCMA's Motion for Summary Judgment).  Plaintiffs have already admitted that they have no evidence of any other warnings that may have been affixed to the blinds or otherwise accompanied them at the time of sale.  The plaintiffs' father does not remember what material was included and admits he might have ignored those materials, including the instructions, when he opened the box.   Moreover, there is undisputed evidence in the record of the parents' failing to guard against known safety hazards involving children, including in the face of clear warnings of those dangers.

---

[1]    WCMA maintains that the evidence demonstrates that it owed no legal duty to the plaintiffs to warn of any danger associated with the blinds.

In short, plaintiffs have failed to establish any facts supporting their contention that a different warning would have prevented the injuries alleged in this case. With no evidence to meet the plaintiffs' burden, this Court should grant summary judgment of all claims on behalf of WCMA.

## STATEMENT OF FACTS

To reiterate what WCMA has already established multiple times in this case, the WCMA is a nonprofit trade association. It does not design, manufacture, import, distribute, or sell any product, including window blinds.[2] Because WCMA is merely a trade group referenced in the warning label attached to the blinds plaintiffs assert caused April Cox's injuries, the claims asserted against it are limited to those of failing to warn adequately of alleged hazards associated with the blinds. Compl. ¶ 11, 15, 18, 22, 25-27. *See* Plaintiffs' Brief Regarding Cause of Action Against WCMA (Docket at 28) at 6-7 (discussing only warning issues and stating: "It is here alleged that the warning was inadequate and improperly given"). Further, as stated in the 1996 and 2002 standards attached as Plaintiffs' Exhibits 1 and 2:

> An American National Standard is intended as a guide to aid the manufacturer, the consumer and the general public. The existence of an American National Standard ***does not in any respect preclude anyone***, whether he has approved the Standard or not, ***from manufacturing, marketing, purchasing, or using products, processes, or procedures not conforming to the standard***.

(emphasis added). As Mr. Rush stated repeatedly in his deposition: "WCMA cannot attest that any particular manufacturer is actually manufacturing to that standard...we have no ability to judge whether any individual product is manufactured to comply with that standard." Rush Depo. at 256-257; *see also* at 261-262 (Attached as Exhibit F). Further, WCMA "has no enforcement powers over the standard." *Id* at 65; *see also* at 255. Even plaintiffs acknowledge

---

[2]    There has been no assertion by plaintiffs that the blinds in this case were manufactured, imported, distributed or sold by a WCMA member.

that the standard is a voluntary one. *See* Plaintiffs' Opposition to WCMA's Motion for

Summary Judgment at 2.

## ARGUMENT AND CITATION TO AUTHORITY

**A.    PLAINTIFFS' SOLE CLAIM AGAINST WCMA LIES IN NEGLIGENCE.**

Since WCMA is not a manufacturer, distributor or seller of any product, it cannot be

liable in strict liability. *Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173, 1176 (Alaska

1993) (citing *Clary v. Fifth Avenue Chrysler Center*, 454 P.2d 244 (Alaska 1969)). Despite their

efforts to convince the Court otherwise, any claim the plaintiffs assert against WCMA must be

based in negligence. Therefore, plaintiffs are left only with a failure to warn claim against

WCMA.

Associations that promulgate voluntary standards cannot be liable for injuries caused by

products manufactured pursuant to those standards. *See, e.g.*, *N.N.V. v. American Association of

Blood Banks*, 75 Cal. Rptr. 1358, 1392 (Cal. App. 4th 1999) (holding that an association of blood

banks owed no duty to a person who received infected blood to adopt any particular standard).

In reaching these decisions, courts have "focused on the amount, if any, of control a trade

association wields over the behavior of its members." *Commerce and Industry Insurance Co. v.

Grinnell Corp.*, No. 97-803 C/W 97-775 Section "R"(2), 1999 U.S. Dist. LEXIS 11269 (E.D. La.

July 14, 1999). When a trade association does not undertake to inspect or certify the products or

services offered by its members, or lacks the authority to enforce compliance with its

recommendations, it does not specifically undertake a duty to consumers. *See Bailey v. Edward

Hines Lumber Co.*, 719 N.E.2d 178 (Ill. App. 1st 1999) (trade association not liable because

recommendations not mandatory); *Meyers v. Donnatacci*, 531 A.2d 398 (N.J. Super. L. 1987)

(pool industry group did not undertake duty to consumers because, *inter alia*, it could not enforce

compliance); *Howard v. Poseidon Pools, Inc.*, 506 N.Y.S.2d 523 (N.Y. Sup. 1986) (trade association not liable absent showing of control over manufacturer). As shown above in Mr. Rush's deposition testimony, WCMA's recommendations are not mandatory, it has no control over the manufacturers, and it lacks enforcement power. Therefore, WCMA has no duty to consumers and cannot be held liable. Plaintiffs can state no cause of action against WCMA based solely on its issuance of the voluntary standard.

**B.    THERE IS STILL NO EVIDENCE IN THE RECORD THAT THE WARNING AFFIXED TO THE BLINDS WAS INADEQUATE.**

The plaintiffs have put forth absolutely no evidence regarding the adequacy of the warning label they contend was affixed to the bottom rail of the blind at the time of the incident. In order for a warning to be deemed adequate, it should:

> 1) clearly indicate the scope of the risk or danger posed by the product; 2) reasonably communicate the extent or seriousness of harm that could result from the risk or danger; and 3) be conveyed in such a manner as to alert the reasonably prudent person.

*Shanks v. Upjohn Co.*, 835 P.2d 1189, 1200 (Alaska 1992). The warning provided was placed prominently on the bottom rail of the blinds, where it would be clearly visible to anyone when the blinds are elevated. As previously noted, the entire purpose of window blinds – indeed, almost every type of window covering – is to be opened and closed to allow light in at some times but to shut it out at other times. Otherwise, one would simply board up the window.[3] The warning would likely be visible whenever the product was used. P. Rountree Dep. at 65-66. Further, the location of the warning on the bottom rail was selected because it was anticipated

---

[3]    In fact, the plaintiffs did place a board underneath the blinds and against the window at issue to block the light. V. Cox Dep. at 44.

that the label would be removed anywhere else, like the hang tag. [4]  Plaintiffs' argument that this location of the warning does not "reasonably communicate" any risk is misplaced.  Further, plaintiffs' failure to use the blinds simply does not create a fact issue as to the adequacy of the warning provided.  Thus, their arguments in their Opposition fail to demonstrate, or even create, an issue of fact on this point and therefore they cannot meet their burden on any failure to warn claim against WCMA.

## C.    THERE IS STILL NO EVIDENCE IN THE RECORD THAT THE WARNING WAS A PROXIMATE CAUSE OF PLAINTIFFS' INJURIES.

Plaintiffs' eleventh-hour effort to create evidence on the issue of proximate causation, in the form of Valerie Cox's self-serving affidavit, still fails to create an issue of fact.  The uncontroverted evidence in the record demonstrates that no warning would have prevented the plaintiffs' injuries.  Valerie Cox's assertion in her affidavit that she "would have done things differently" had there been a warning on the head rail of the blinds is in stark contrast to the facts already in evidence at the close of discovery.  *See* Affidavit of Valerie Cox.   "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also West v. City of St. Paul*, 936 P.2d 136, 140 (Alaska 1997) ("Conclusory statements in opposing affidavits are not sufficient to defeat a summary judgment motion").

First, the warning was placed prominently on the bottom rail of the blinds, but neither of the adult plaintiffs say they ever saw it, nor did they ever see the package the blinds came in, any instruction sheet that accompanied the blinds, any hang tag attached to the blinds at the time they were sold or any other material that may have been included in the blinds.  Regardless of what

---

[4]      Blinds meeting the same voluntary standard that provided the text of the warning also include a hang tag with warning and safety information, a fact the plaintiffs acknowledged in their original Response to WCMA's First Request for Admission No. 4 (since deemed admitted by this Court) (Docket at 63).

language was on the warning label or where it was placed, it could not have changed the plaintiffs' behavior because they never read any of the available warnings. If neither parent ever read the warning at issue, the language of the warning itself could not possibly have made any difference in their behavior. *See Crosswhite v. Jumpking, Inc.*, 411 F. Supp. 2d 1228, 1235 (D. Or. 2006) (granting summary judgment on failure to warn claim where plaintiff testified he never saw any warnings on trampoline); *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 996 (C.D. Cal. 2001) (granting summary judgment when there was no evidence prescribing doctor read warnings in drug package insert).

Second, there remains no evidence in the record that the plaintiffs would have acted differently even if they had seen the warning. The testimony of both parents is replete with examples of safety information related to their children that they have not followed, from their failure to take basic efforts to childproof the house to Ms. Cox smoking while pregnant despite her detailed knowledge of the clear warning on every pack of cigarettes she purchased.

Taken as a whole, the plaintiffs' course of conduct is consistent with the fact that there is no evidence the plaintiffs would have acted differently had a different warning been provided. This is not "character assassination," as plaintiffs would have the Court believe, but merely a statement of the facts on the record as it stands.

## **CONCLUSION**

There is no evidence in the record that the warning that plaintiffs admit was affixed to the blinds was inadequate, and no evidence that that warning proximately caused those injuries. Thus, there is no dispute of material facts sufficient to prove any claim asserted against WCMA. Those claims should be dismissed.

Respectfully submitted, this 11th day of August, 2006.

DELANEY WILES, INC.
Attorneys for Window Covering
Manufacturers Association

s/Donald C. Thomas
Delaney Wiles, Inc.
1007 W. Third Ave. #400
Anchorage, AK 99501
Phone:        907-279-3581
Fax:          907-277-1331
E-mail:       dct@delaneywiles.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006, a copy of **WINDOW COVERING MANUFACTURERS ASSOCIATION'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT** was served electronically on:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, Alaska  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West 6th Avenue, Ste. 200
Anchorage, Alaska 99501

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska  99501

s/Donald C. Thomas
120522