UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of the ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>CHING FENG BLINDS INDUSTRY CO., LTD., *et al.*, <br><br>　　　　Defendants. | 3:04-cv-00112 JWS <br><br> ORDER FROM CHAMBERS <br><br> [Re:　Motion at docket 99] |

## I.  MOTION PRESENTED

At docket 99, defendant Window Covering Manufacturers Association ("WCMA") moved for summary judgment. Plaintiffs opposed the motion which has now been fully briefed. Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

This lawsuit arises from the death of a child, April Lynne Cox, who allegedly became entangled in the cord of a window blind at the home of her grandparents and

died from strangulation on May 27, 2002.¹ As a consequence of the child's death, plaintiffs filed this lawsuit against WCMA and three other defendants. WCMA is a non-profit trade association incorporated in New Jersey and maintaining its principal place of business in New York. WCMA moved to dismiss the case on the grounds that this court lacked personal jurisdiction over it. In its initial order addressing the motion, this court wrote the following:

> It is not clear that specific jurisdiction exists because it is not clear that plaintiffs have a cause of action against WCMA arising from its contacts with Alaska. Plaintiffs' most likely cause of action would be for failure to provide adequate warnings on the blinds sold to April's grandparents. WCMA is a trade association, and in some jurisdictions trade associations have been held liable for harm cause by inadequate warnings on their members' products. But before the court can determine whether plaintiffs have a cause of action against WCMA, they must make two showings. First, they must demonstrate what law governs this case. Second, they must show that under the applicable law, trade associations may be held liable for harm caused by inadequate warnings on their members' products.²

The court invited further briefing from both parties. After considering the additional briefing, the court concluded that Alaska law applied, and that under Alaska law plaintiffs' had made out a *prima facie* case that WCMA had assumed the duty of the manufacturer of the blinds to non-negligently give an adequate warning of risks inherent in use of the blinds.³

WCMA continues to maintain that it owes no duty to plaintiffs, but recognizing that the law of the case is that a trade association may owe such a duty, it premises its motion on two subordinate arguments. First, says WCMA, there is no evidence to support the proposition that the warnings given in this case was inadequate. Second, says WCMA, even if the warning were inadequate, there is no evidence to show that an

---

¹Doc. 6, p. 2, ¶ 3.

²Doc. 24, pp. 3-4.

³Doc. 31.

adequate warning would have been heeded; hence, an inadequate warning could not have proximately caused April's death.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[4]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[5]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[6]  The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[7]

### IV.  DISCUSSION

As noted above, WCMA's motion is based first on the argument that the warning given was adequate, and second on the proposition that even if inadequate, the warning did not proximately cause the child's death.  The court addresses each in turn.

**A. Adequacy of the Warning Given**

The parties are in agreement that there was a warning on the bottom of the bottom rail of the blind which read as follows: "Young children can become entangled and strangle in cord or bead loops.  Use safety devices to reduce access or eliminate

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] *Id.* at 325.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[7] *Id.* at 255.

loops."[8]  This is the warning prescribed in ¶ 5.1.1 of the 1996 version of the ANSI/WCMA Standard of Safety for Corded Window Covering Products.[9]  Plaintiffs contend that the warning was inadequate for two reasons.  First, it was placed on the bottom of the bottom rail where it would not be seen unless the blinds were opened.  Second, they contend that even if seen, the warning did not address the possibility of strangulation in the inner cords of the blind which allegedly was the mechanism involved in April's death.  Hence, conclude plaintiffs, the warning was inadequate.  The court concludes that whether the warning given was adequate or inadequate cannot be determined as a matter of law.  It follows that WCMA is not entitled to summary judgment on the basis that as a matter of law the warning was adequate.

### B.  Proximate Cause

Citing a long list of less than sterling safety practices followed by the adults responsible for April's safety, WCMA asserts that as a matter of law, the adult plaintiffs would not have heeded an adequate warning.  While the court recognizes that there is evidence from which a jury might conclude that the adults responsible for the circumstances which resulted in April's death would not have paid attention to an adequate warning, that evidence is insufficient to show as a matter of law that an adequate warning would have been ignored.  On this issue, too, WCMA comes up short in its quest to establish that as a matter of law plaintiffs' claim lacks merit.

### V.  CONCLUSION

For the reasons set out above, defendant WCMA's motion for summary judgment at docket 99 is **DENIED**.

DATED at Anchorage, Alaska, this 9th day of November 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[8]Doc. 100, at 4; doc. 104 at 2-3.

[9]Doc. 104, Ex. 1 ¶ 5.1.1.