Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>CHING FENG BLINDS INDUSTRY CO., LTD., et al., <br><br>Defendants. | Case No. 3:04-cv-00112-JWS <br><br><br><br><br><br>RENEWED RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO COMPEL RESPONSES |

      Plaintiffs' counsel has reviewed the English translation of defendant Ching Feng Blinds Industry Company, Ltd's ("Ching Feng") discovery responses. The most obvious observation is that Ching Feng has taken upon itself to interpret the Court's earlier order regarding the proper scope of discovery in a fashion that simply obscures the issues. The responses are less than forthright and make no attempt to describe the efforts undertaken by Ching Feng to fully and fairly respond to legitimate discovery requests. Hence, as an initial matter, plaintiffs request that the Court order Ching Feng to fully and candidly respond to discovery requests served upon it.

Renewed Response to Court to Show Cause
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 1 of 5    Rountree 311.1 Show Cause Renewed Response

Counsel will, so far as the responses in their present form permit, endeavor to address the narrow question raised by the court regarding the question whether Ching Feng "purposely directed its activities at Alaska."

Ching Feng attempts to distance itself from the subject blinds involved in the strangulation death of April Cox. However, not only does it admit its does not know when or by whom the subject blinds were manufactured, Response to Request for Admission ("RFA") No. 20,[1] but simultaneously asserts in response to Interrogatory No. 11 that it "could do some determination [whether it manufactured the subject blinds] to a certain extent by [looking at] the blind's appearance and parts." In response to RFA No. 44 Ching Feng implicitly acknowledges that it manufactured window blinds of the subject blind's dimensions.

Ching Feng also acknowledges that it sold horizontal window blinds to Wal-Mart and Lowe's from 1995 through 2002 but claims not to be aware whether those companies sold its products in Alaska. However, it does not describe what efforts it made to determine whether its products were sold in Alaska. Ching Feng also claims that it cannot provide information regarding the number of blinds sold into the U.S. between 1995 and 2002 because it was "too long ago." Interrogatory No. 7. Again, Ching Feng does not describe the steps it undertook to arrive at such a vague answer. The same is true with respect to distributors and/or retailers to whom it delivered blinds between 1995 and 2002. Interrogatory No. 5. Ching Feng also clams it is "not sure" whether blinds manufactured by it were distributed into Alaska between 1995 and 2002. RFA No. 40. Contrary to the discovery rules, it does not describe what actions it took to come to that conclusion . The same is true regarding blinds manufactured by Ching Feng that were distributed to retailers

---

[1]The response to discovery by Ching Feng are attached as Exhibit 1.

Renewed Response to Court to Show Cause
Rountree v. Ching Feng, et al        A04-0112 CV (JWS)
Page 2 of 5                          Rountree 311.1 Show Cause Renewed Response

in Alaska. RFA No. 41. Again it claims not to be sure but does not say why it is not sure. It does the same thing with respect to interrogatories inquiring into blinds sold to Home Depot or Lowe's. *See* RFA Nos. 42 and 43.

Turning to Ching Feng's unilateral determination as to what is or is not within the scope of discovery permitted by the Court, it refuses to produce documents from distributors, which would include Jencraft, regarding specifications, design, requirements, components or elements of blinds. *See* Responses to Request for Production ("RFP") No. 17. In a series of requests for production, plaintiffs sought documents from Ching Feng regarding strangulation deaths in horizontal blinds, including documents from other cases. *See* Responses to Request for Production Nos. 10 - 16, 20 and 21. Plaintiffs also sought documents regarding investigations into strangulation deaths or Ching Feng's notice of such deaths during the period 1980 through 2002. *See* RFP Nos. 7 and 9. It seems to plaintiffs' counsel that Ching Feng's candid response to such discovery requests would shed significant light on Ching Feng's activities in this country, including Alaska. However, as noted, Ching Feng has unilaterally determined that all such discovery is "outside the scope" of the Court's order. It would further this entire process if Ching Feng would simply provide what was requested since such information does or may bear on Ching Feng's activities in Alaska.

It can be said at this point that Ching Feng sold blinds to retailers in the United States but has not troubled itself to determine to what extent those were sold in Alaska. It could determine whether it actually made the blinds at issue if it troubled itself to examine them. Ching Feng's discovery responses allow the inference that the dimensions of the subject blinds are of a size manufactured by it. Ching Feng acknowledges that Jencraft distributed its blinds although again it claims not to know into what states. It claims uncertainty as to whether its blinds were distributed into Alaska or distributed to retailers in Alaska, or whether particular retailers received its blinds in Alaska from 1995 to 2002. It

Renewed Response to Court to Show Cause
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 3 of 5    Rountree 311.1 Show Cause Renewed Response

refuses to produce documents bearing on similar incidents or claims in which it is involved which would clearly have (at least) the potential for illuminating its activities in the United States and particular States within this country.

Under these circumstances, the fairest resolution of the situation would be for the Court to direct Ching Feng to fully and fairly respond to discovery requests legitimately posed by plaintiffs that bear on its activities in this country and in Alaska in particular.

Plaintiffs are cognizant that the Court has shown great patience in this case. However, once again, as noted in the Court's earlier order, this is not a situation of plaintiffs' making. Ching Feng either has information or it does not, but it cannot rely on the contention that it is uncertain or does not know unless it makes a good faith effort to learn the answer and then describes the actions it undertook to reach answers such as "too long ago" or "unsure". Counsel for plaintiffs believes that the current record is enough for the Court to infer Ching Feng's activities in Alaska were sufficient for the Court's assertion of jurisdiction over it. Alternatively, that determination really cannot be made because of Ching Feng's obvious evasion and reluctance to candidly provide information, and then Ching Feng should be ordered to fully and fairly answer discovery.

DATED 20 November 2006

/s/Charles W. Ray, Jr.

Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
craylaw@aol.com
ABA# 8406048

I hereby certify that on 20 November 2006, a
copy of the foregoing document

Renewed Response to Court to Show Cause
Rountree v. Ching Feng, et al     A04-0112 CV (JWS)
Page 4 of 5                       Rountree 311.1 Show Cause Renewed Response

Was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

William A. Earnhart
Lane Powell, P.C.
earnhartw@lanepowell.com
preej@lanepowell.com
heckj@lanepowell.com
wagnerf@lanepowell.com


Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

and was served electronically and via U.S. Postal Service on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com


By: s/Charles W. Ray, Jr.

Renewed Response to Court to Show Cause
Rountree v. Ching Feng, et al        A04-0112 CV (JWS)
Page 5 of 5                          Rountree 311.1 Show Cause Renewed Response