Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>Plaintiffs,<br><br>v.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC. a New Jersey corporation; WAL-MART STORES, INC, a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>Defendants. | **OPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY CO., LTD. TO PLAINTIFFS MOTION TO COMPEL**<br><br><br><br>Case No. 3:04-cv-0112-JWS |

In connection with their Renewed Response to Order to Show Cause, plaintiffs have moved to compel responses from Ching Feng to plaintiffs' Second Discovery Requests. Defendant Ching Feng's discovery responses are attached as an exhibit to plaintiffs' Renewed Response to Order to Show Cause and Motion to Compel Responses, and therefore Ching Feng has not refiled those responses.

In evaluating plaintiffs' Motion to Compel, the court must understand the context of the discovery requests. These requests were served in response to this court's Order at Doc. 98, which responded to the parties' briefing concerning whether this court had personal jurisdiction over Ching Feng. This briefing followed an earlier order, at Doc. 87, in which the court ordered plaintiffs to show cause on the issue of personal jurisdiction over Ching Feng.

After considering the briefing on personal jurisdiction, the court concluded that limited jurisdictional discovery was appropriate. At 2-3 of its Order at Doc. 98, this court explained:

> Specific jurisdiction exists if 1) Ching Feng purposely directed its activities at Alaska; 2) plaintiffs' claims arise out of or relate to Ching

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 2

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

>   Feng's activity; and 3) exercising jurisdiction over Ching Feng would be reasonable. Plaintiffs bear the burden of establishing the first two prongs. . . .
>
>   Plaintiffs request limited discovery to help them establish the first prong and, for two reasons, the court agrees that it is the proper course. First, plaintiffs cannot satisfy the first prong on the existing record because it does not contain the necessary information: whether the blinds in question were manufactured by Ching Feng and, if they were, to what extent Ching Feng was aware that they would be sold in Alaska. The absence of this information is not plaintiffs' fault because they tried to obtain it from Ching Feng but were rebuffed.

This Order allowed *limited* discovery, only on the subject of whether Ching Feng had directed its activities to Alaska – and more specifically, whether Ching Feng had manufactured the subject blinds, and if so, to what extent was aware they would be sold in Alaska.[1]

---

[1] Moreover, it is important to understand that Ching Feng had earlier filed a Motion for Protective Order in response to extremely broad and burdensome discovery requests. In that motion, Ching Feng argued that (1) because it was a Taiwanese corporation, discovery should proceed through letters rogatory rather than conventional discovery; and (2) in any case, extremely burdensome discovery was not appropriate because plaintiffs' had failed to provide even minimal evidence to suggest that Ching Feng had manufactured the subject blinds. In light of its Order to Show Cause on the issue of personal jurisdiction, the court denied the Motion for Protective Order without prejudice, pending a determination on the jurisdictional issue.

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 3

Unfortunately, plaintiffs' discovery requests were anything but limited. These requests included no less than 44 requests for admission, 24 requests for production, and 12 interrogatories. They sought such information as (1) Ching Feng's membership and or relationship with the WCMA and WCSC; (2) Ching Feng's participation in developing warnings on window blind products; (3) whether Ching Feng participated in any recall of window covering products; (4) whether Ching Feng was aware of injuries from corded window covering products; (5) whether Ching Feng knew that the blinds posed a risk to children; (6) whether Ching Feng had ever performed hazard analysis or field studies on its products; (7) whether other parties to this litigation were negligent; (8) whether the blinds were defective; (9) whether warnings were defective; (10) whether Ching Feng had reported injuries to the Consumer Products Safety Commission; (11) whether Ching Feng had a practice for tracking injuries; (12) correspondence with the Consumer Products Safety Commission; WCSC or WCMA, or other manufacturers; (13) the total number of blinds which Ching Feng manufactured over given time periods, etc.

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 4

Conspicuously, none of these requests have any bearing on whether Ching Feng directed its activities to Alaska. They are all questions concerning Ching Feng's broad general practices, knowledge, beliefs, etc., without any focus on the State of Alaska. In addition to being burdensome (particularly with the language barrier), these requests fell far outside of the limitations specified in the court Order permitting discovery. Ching Feng properly objected to these requests.

Some of the requests appropriately sought information about (1) Ching Feng's contacts with Alaska; (2) whether Ching Feng had manufactured the subject blinds or knew who had; (3) and the extent of Ching Feng's knowledge about whether its products would be sold in Alaska. These requests were related to the topics on which the court had permitted discovery, and Ching Feng answered them.

In its Renewed Response brief at p. 3, plaintiffs complain that Ching Feng failed to respond to the following specific requests:

- Documents from distributors, including Jencraft, regarding specifications, design requirements, components or elements of blinds.

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 5

- Documents regarding strangulation deaths in horizontal blinds, including documents from other cases.
- Documents regarding investigations into strangulation deaths or Ching Feng's notice of such deaths during the period of 1980 through 2002.

Plaintiffs argue that this information "does or may bear on Ching Feng's activities in Alaska." Id. at 3. But these requests are in no way focused on Ching Feng's Alaska-related activities, and Ching Feng should not be required to answer them as part of limited jurisdictional discovery.

In short, Ching Feng responded to those discovery requests which fairly fell within the scope of permissible discovery.[2]

---

[2] In fact, Ching Feng probably responded to certain requests – such as those concerning Ching Feng's membership in the WCMA or the WCSC which fell outside the scope of Alaska-related activities.

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 6

Plaintiffs' Motion to Compel is not well taken, and Ching Feng would respectfully request that it be denied.

DATED at this __1st__ day of December, 2006, at Anchorage, Alaska.

                RICHMOND & QUINN
                Attorneys for Defendant
                Ching Feng Blinds Industry Co., Ltd.

        By:    s/Daniel T. Quinn
                RICHMOND & QUINN
                360 K Street, Suite 200
                Anchorage, AK  99501
                Ph:  907-276-5727
                Fax:  907-276-2953
                dquinn@richmondquinn.com
                ABA #8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 7

I HEREBY CERTIFY that a true and
correct copy of the of foregoing
was served electronically this 1st
day of December, 2006 on:


Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

Donald C. Thomas
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

Michael L. Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309-3521



      s/Daniel T. Quinn
      RICHMOND & QUINN

1059\047\PLD\OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

OPPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY
CO., LTD. TO PLAINTIFFS' MOTION TO COMPEL

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 8