Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, ) <br> and as Personal Representative ) <br> of THE ESTATE OF APRIL LYNNE ) <br> COX; MORGAN SCHEDIWY, a minor ) <br> through her natural mother and ) <br> guardian VALERIE ROUNTREE; and ) <br> CHRISTOPHER COX, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHING FENG BLINDS INDUSTRY CO., ) <br> LTD., a Taiwanese corporation; ) <br> JENCRAFT CORPORATION a/k/a ) <br> JENCRAFT MANUFACTURING CO., ) <br> INC. a New Jersey corporation; ) <br> WAL-MART STORES, INC, a ) <br> Delaware corporation; and ) <br> WINDOW COVERING MANUFACTURERS ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | **REPLY OF CHING FENG** <br> **BLINDS INDUSTRY CO.,** <br> **LTD. TO RENEWED RESPONSE** <br> **TO ORDER TO SHOW CAUSE** <br><br><br> Case No. 3:04-cv-0112-JWS |

In its June 30, 2006 Order from Chambers (Doc. 98) this court considered the parties' briefs concerning personal jurisdiction over Ching Feng Blinds Industry Co., Ltd. ("Ching Feng"). The court initially determined that the mere fact that some of Ching Feng's blinds may have worked their way to Alaska via the stream of commerce was insufficient to confer general jurisdiction. The court then turned to specific jurisdiction and concluded that **limited** discovery was appropriate to allow the plaintiffs to ascertain facts concerning the first prong of the Ninth Circuit's three-part specific jurisdiction test: whether "Ching Feng purposely directed its activities at Alaska." Id. at 2-3. More specifically, the court explained that limited discovery was appropriate concerning: "whether the blinds in question were manufactured by Ching Feng and, if they were, to what extent Ching Feng was aware that they would be sold in Alaska." Id. at 3.

Plaintiffs responded by propounding discovery requests which can hardly be characterized as limited in any sense of the word; and certainly not limited to the issue of whether "Ching Feng purposely directed its activities at Alaska." Instead, plaintiffs propounded some 44 requests for admission, 21

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 2

requests for production, and 12 interrogatories. The subject of those requests ranged from Ching Feng's general awareness of injuries allegedly caused by window blinds; Ching Feng's participation in promulgation of ANSI standards and membership in WCMA and WCSC; Ching Feng's knowledge of dangers of corded window coverings; Ching Feng's performance of hazard analysis or field studies; Ching Feng's opinions concerning the negligence of other parties; whether its products were defective; whether warnings were adequate or met the expectations of consumers; correspondence between Ching Feng and the Consumer Products Safety Commission, WCMA and/or WCSC or other manufacturers or distributors; the total number of blinds which Ching Feng had manufactured over a five-year period, etc.[1]

---

[1]   Ironically, as this court may be aware, Ching Feng had earlier filed a Motion for Protective Order, dated December 20, 2005, in response to similar burdensome production requests, both on the grounds that Ching Feng, a Taiwanese defendant, should enjoy the procedural protections accorded to foreign defendants, such as discovery through letters rogatory and also because the plaintiffs had submitted no credible evidence that Ching Feng had even manufactured the subject blinds. After this court granted the summary judgment motion of the purported retailer, Wal-Mart, because the plaintiffs similarly lacked any evidence that Wal-Mart had sold the product, (Doc. 86) the court issued an order requesting that the plaintiffs show cause to establish personal jurisdiction over Ching Feng. (Doc. 87) The court denied Ching Feng's motion for protective order without prejudice, pending a determination of this personal jurisdiction

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 3

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Ching Feng has willingly responded (with considerable effort and expense of translation) to those portions of the discovery requests which truly have a bearing on whether it "purposely directed its activities in Alaska." It has objected to those much broader inquiries which fall well outside the permitted limited discovery.[2]

I. **FACTS ESTABLISHED THROUGH NEW DISCOVERY**

Ching Feng's responses to plaintiffs' discovery requests are attached to plaintiffs' Renewed Response to Order to Show Cause. Accordingly, Ching Feng will not reproduce them here. Those responses demonstrate that (1) Ching Feng did not direct sufficient activities toward Alaska to warrant specific jurisdiction; (2) Ching Feng did not manufacture the subject

---

issue. Id. As noted above, after briefing on the personal jurisdiction issue, the court issued an order allowing limited discovery on the issue of whether "Ching Feng purposely directed its activities at Alaska." (Doc. 98) The plaintiffs responded by propounding expansive and burdensome discovery requests similar to those which had generated Ching Feng's initial motion for a protective order.

[2] As the court is aware, the plaintiffs have filed a motion to compel, challenging Ching Feng's objections to the discovery responses. Ching Feng will respond separately to the motion to compel.

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 4

blinds; and (3) Ching Feng did not know that its products would travel in the stream of commerce to Alaska.

The subject blinds had a label indicating that they were a Jencraft product, made in China. <u>See</u> Response to Interrogatory No. 12, at p. 64 of Discovery Responses. Ching Feng acknowledged that it sold blinds to Jencraft. <u>See</u> Response to Request for Admission No. 39, at p. 32 of Discovery Responses. Ching Feng admitted further that it sold to other customers, including Wal-Mart and Lowe's. <u>See</u> Response to Interrogatory No. 9, at p. 63 of Discovery Responses.

However, once these customers purchased the blinds, Ching Feng had no control over where they sold or distributed them. Accordingly, Ching Feng had no knowledge as to whether these blinds would work their way in the stream of commerce to Alaska. <u>See</u> Response to Request for Admission No. 40, at p. 32 of Discovery Responses (Ching Feng not sure whether blinds manufactured by it were distributed to Alaska); Response to Request for Admission No. 44, at p. 35 of Discovery Responses (Ching Feng sells goods to customers, and is not sure of the places where these customers in turn sell the blinds); and Response to Interrogatory No. 9 (Ching Feng sold blinds to Wal-

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

<u>ROUNTREE, et al. v. CHING FENG, LTD., et al.</u>
Case No. 3:04-cv-0112-JWS
Page 5

Mart and Lowe's, but was not aware whether those companies in turn sold them in Alaska).

The plaintiffs failed to request information concerning whether Ching Feng advertised specifically in or toward Alaska. However, they did ask for each periodical in which Ching Feng advertised its horizontal window blinds between 1995 and 2002. Interrogatory No. 8, at p. 62 of Discovery Responses. Ching Feng responded that it did not advertise its horizontal window blinds in any periodical during those years. Id.

Finally, the responses conclusively show that Ching Feng did not manufacture these blinds. In response to Request for Admission No. 7, at p. 12 of the Discovery Responses, Ching Feng specifically denied that it manufactured the subject window blinds. In response to Request for Admission No. 6, at p. 11 of the Discovery Responses, it admitted that it does not know who manufactured the subject window blinds. See also Response to Request for Admission No. 20, at p. 28 of Discovery Responses (Ching Feng admits that it does "not know when or by whom the subject window blinds were manufactured."). More specifically, Interrogatory No. 12, at p. 64 of the Discovery Responses, asked

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 6

Ching Feng to set forth facts supporting its contention that it did not manufacture the subject blinds. Ching Feng responded by explaining that all of the products in its dealings with Jencraft were produced in and exported from **Taiwan**. However, the label shows that the subject blinds were a Jencraft product made in **China**, not Taiwan. Accordingly, these blinds could not have been manufactured or sold by Ching Feng.

## II. CHING FENG HAS HAD INSUFFICIENT CONTACTS WITH ALASKA TO SUPPORT SPECIAL JURISDICTION.

As noted above, these Discovery Responses demonstrate that, except for generally placing its products in the stream of commerce, Ching Feng did not direct its activities in any way toward Alaska, and did not know that its products would arrive in Alaska. Plaintiffs have thus not met their burden of establishing specific jurisdiction; the facts cannot support the required first prong of the specific jurisdiction test: i.e., that "Ching Feng purposely directed its activities at Alaska." Even more directly to the point, the Discovery Responses establish that Ching Feng did not manufacture the subject blinds. Accordingly, the plaintiffs cannot establish the second prong, i.e., that "plaintiffs' claims arise out of or relate to Ching Feng's activities" in Alaska.

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 7

In its June 9, 2006 Reply to Plaintiffs' Response to Order from Chambers to Show Cause (Doc. 94), Ching Feng discussed at some length the legal requirements for specific jurisdiction, and will not restate that discussion here. Ching Feng pointed out that the first prong of the specific jurisdiction test requires some specific, affirmative act directed at the forum state. Simply placing a product in the "stream of commerce" is insufficient to meet this standard. Moreover, federal law requires particular caution, due to sovereignty and fairness concerns over exercising personal jurisdiction over alien defendants.

Two recent District Court decisions are instructive because they find insufficient contacts to justify specific jurisdiction under analogous circumstances – distinguishable only because the respective defendants showed <u>more</u> contact with the forum state than Ching Feng has with Alaska.

In <u>Davlyn Manufacturing Co., Inc. v. H&M Oven Parts, Inc.</u>, 414 F.Supp.2d 523 (E.D. Pa. 2005), the court addressed personal jurisdiction over a Texas corporation which manufactured oven gaskets for a major manufacturer. The Texas corporation was sued in Pennsylvania for alleged patent

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

<u>ROUNTREE, et al. v. CHING FENG, LTD., et al.</u>
Case No. 3:04-cv-0112-JWS
Page 8

infringement. Like Ching Feng, the Texas corporation had "no offices, employees, agents, or customers" in the forum state. Id. at 528. Its sale to its customers did not occur in Pennsylvania, the forum state, and once the sale occurred and the gaskets were incorporated into the appliances, the Texas corporation "has no control over whether the gaskets end up in Pennsylvania as opposed to any other state . . .." Id. at 530. Like Ching Feng, the Texas corporation did not take any specific steps to garner sales in the forum state:

> In sum, T&T has neither designed its product to target the needs of Pennsylvania customers, nor establish channels for providing regular advice to Pennsylvania customers, nor marketed its product to consumers either directly, or indirectly, through a distributor or sales agent.

Id. at 531.

Under these facts, the court explained:

> A defendant does not 'purposely direct' his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that the appliances containing the defendant's product may ultimately be sold in the forum state. In keeping with the stream of commerce theory proposed by Justice O'Connor in Asahi, there must be some additional evidence of the defendant's purpose and intent to serve the forum state, such as state-specific marketing or design, the provision of customer support services, or an exclusive contractual relationship with a distributor in the forum state.

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 9

Id. at 531. Because no such evidence was shown, the court concluded that it lacked personal jurisdiction over this Texas defendant.

Significantly, the Texas defendant differed from Ching Feng in two respects which make this an even weaker case for personal jurisdiction. First, the Davlyn Manufacturing defendant acknowledged a "general awareness" that its gaskets would be incorporated into ovens sold in Pennsylvania. Id. at 530. In contrast, the evidence here suggests that Ching Feng, a Taiwanese corporation, had no awareness that its products would work their way to Alaska. Second, unlike the Texas corporation, Ching Feng is a citizen not of a sister state, but of a foreign country. The Ninth Circuit has recognized that greater care must be taken in these circumstances:

> The Supreme Court has recognized that defending a lawsuit in a foreign country can impose a substantial burden on a non-resident alien. Unique burdens placed upon one who must defend one's self in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.

Core-Vent Corp. v. Nobel Industries, A.B., 11 F.3d 1482, 1488 (9th Cir. 1993)(quoting Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 144 (1987).

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 10

Similarly, in <u>Lum v. Mercedes Benz, USA, LLC</u>, 443 F.Supp.2d 853 (N.D. Ohio 2006), the plaintiff brought personal injury claims against Bayern, a German-French company which had designed and manufactured an allegedly defective airbag system. Like Ching Feng, Bayern was "not licensed, qualified, or authorized to do business in" the forum state. "It did not advertise or solicit business in Ohio. It has no bank account, physical plant, or assets in Ohio." <u>Id.</u> at 855. Using an analysis equally applicable to Ching Feng, the court concluded that simply selling a product which worked its way to Ohio through the stream of commerce was insufficient "purposeful availment" to support specific jurisdiction:

> To determine whether a defendant has purposely availed itself of the privilege of acting in a forum state, the Sixth Circuit uses the "stream of commerce plus" approach. Under this analysis, mere "placement of a product into the stream of commerce, without more, is not an act that the defendant purposefully directed toward the forum state."
>
> To be subjected to the court's jurisdiction, the defendant must have engaged in additional conduct which shows an attempt to serve the forum state's market. Such conduct might include: designing the product for the forum state's market, establishing channels for providing regular advice to the forum state's customers, or marketing through a distributor agreeing to serve as a sales agent in the forum state. That additional conduct must be directed to the particular forum state; conduct directed to the United

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

<u>ROUNTREE</u>, et al. v. <u>CHING FENG, LTD.</u>, et al.
Case No. 3:04-cv-0112-JWS
Page 11

> States market in general is insufficient to satisfy due process requirements. Bayern has engaged in no such additional conduct. While Bayern doubtlessly foresaw its products would end up in Ohio, Lum has not alleged or presented evidence that Bayern directed its products specifically to this state's market.

Id. at 856 (citations omitted).

Again, in the Lum case the foreign defendant knew that its product would work its way into the forum state, but this knowledge was not sufficient to support jurisdiction. In Ching Feng's case, even this knowledge was lacking.

In short, the new information produced through discovery further confirms that the requirements for the exercise of personal jurisdiction over Ching Feng have not been satisfied. Ching Feng has not directed its activities toward Alaska, and thus plaintiffs cannot establish the first prong of the specific jurisdiction test. Moreover, since Ching Feng did not manufacture the subject blinds, it cannot be said that plaintiffs' claims in any way arise out of Ching Feng's activities in Alaska – the second prong of the test. Accordingly, Ching Feng would respectfully request that it be dismissed from this action for lack of personal jurisdiction.

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 12

DATED at this __1st__ day of December, 2006, at Anchorage, Alaska.

                              RICHMOND & QUINN
                              Attorneys for Defendant
                              Ching Feng Blinds Industry Co., Ltd.

                  By:    s/Daniel T. Quinn
                              RICHMOND & QUINN
                              360 K Street, Suite 200
                              Anchorage, AK   99501
                              Ph:  907-276-5727
                              Fax: 907-276-2953
                              dquinn@richmondquinn.com
                              ABA #8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

<u>ROUNTREE, et al. v. CHING FENG, LTD., et al.</u>
Case No. 3:04-cv-0112-JWS
Page 13

I HEREBY CERTIFY that a true and
correct copy of the of foregoing
was served electronically this <u>1st</u>
day of December, 2006 on:


Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

Donald C. Thomas
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

Michael L. Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309-3521




     s/Daniel T. Quinn
_____
     RICHMOND & QUINN

1059\047\pld\reply to renewed response to order to show cause

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

REPLY OF CHING FENG BLINDS INDUSTRY CO., LTD.
TO RENEWED RESPONSE TO ORDER TO SHOW CAUSE

<u>ROUNTREE, et al. v. CHING FENG, LTD., et al.</u>
Case No. 3:04-cv-0112-JWS
Page 14