Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., | Case No. 3:04-cv-00112-JWS |
| Plaintiffs, | |
| vs. | REPLY TO OPPOSITION OF DEFENDANT CHING FENG BLINDS INDUSTRY COMPANY LTD. TO PLAINTIFF'S MOTION TO COMPEL RESPONSES |
| CHING FENG BLINDS INDUSTRY CO., LTD., et al., | |
| Defendants. | |

INTRODUCTION

In opposing plaintiffs' motion to compel discovery responses, Defendant Ching Feng Blinds Industry Company, Ltd. ("Ching Feng") misses some important points. It does not address its deficient responses to interrogatories nor does it reference any of the interrogatories it refused to answer. Much of the information sought in the interrogatories would likely bear on the question of its activities in the United States and Alaska. The opposition appears essentially limited to complaints about providing documents that would

Reply to Opposition to Motion to Compel Responses
Rountree v. Ching Feng, et al   A04-0112 CV (JWS)
Page 1 of 5                     Rountree 311.1 Compel.reply

have information about other similar incidents, which obviously has a significant potential to illuminate Ching Feng's activities in this country and in this state.

DISCUSSION

1. Interrogatories

In responding to interrogatories, one court has observed, "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." Hansel v. Shell Oil Corp., 169 FRD 303, 305 (E.D.Pa. 1996). Ching Feng refused to answer Interrogatory Nos. 3 and 4. The Window Covering Safety Council ("WCSC") was essentially created by the Window Covering Manufacturers Association ("WCMA") to interact with the Consumer Product Safety Commission ("CPSC") about that agency's concerns about window blind safety. The WCMA is the entity, as the Court knows, that despite the lack of any information, investigation or apparent expertise, developed what it denominated as safety standards for adoption by the entire blinds industry. Both the WCSC and WCMA essentially act nationwide and it seems to plaintiffs and their counsel that Ching Feng's relationship with them, if any, would bear on the extent of its activities in this country and this state. Whether it was or was not a member begs the question; it was WCSC that launched the recall of concededly defective blinds and it was WCMA that saw to adoption of a safety standard that did not address a known hazard. Thus, to the extent Ching Feng had any relationship to them is an important inquiry.

Ching Feng's responses to Interrogatory Nos. 7, 9, and 11 are deficient for a different reason since some response is set out. As noted in *Hansel*, *supra*, an interrogatory

Reply to Opposition to Motion to Compel Responses
Rountree v. Ching Feng, et al       A04-0112 CV (JWS)
Page 2 of 5                          Rountree 311.1 Compel.reply

response should set forth the efforts used to attempt to obtain the requested information. One is left to ponder what efforts were undertaken by Ching Feng regarding 1995 to 2002 activities before it decided to say that was "too long ago" to enable a response. *See* Response to Interrogatory Nos. 5 and 7. Since documents can be produced in lieu of an answer in some circumstances, did Ching Feng even look? For all that appears, its executives could simply have scratched their heads for a minute and said, "Boy, I don't remember." Whether Ching Feng made any effort whatsoever to determine whether its blinds were sold in Alaska is not described. *See* Response to Interrogatory No. 9. Moreover, although Ching Feng acknowledges it might be able to determine whether the subject blinds were manufactured by it, or if not who did, it apparently has not bothered to do so. *See* Response to Interrogatory No. 11. Certainly such information is in Ching Feng's control as the blinds have been available for inspection by any party or party representative since initiation of suit, *cf*. *Essex Builders Group, Inc. v. Amerisure Insurance Company*, 230 FRD 682, 685 (M.D.Fla. 2005), and the information with which it could answer the interrogatory is thus available to Ching Feng.

      2.    <u>Requests for Production</u>

Ching Feng continues to assert that documents to distributors regarding its blinds, documents regarding strangulation deaths in horizontal blinds, documents concerning other litigation that involved such claims against Ching Feng and any investigations undertaken by Ching Feng regarding such incidents have no bearing on the inquiry of its activities in Alaska. That broad contention is not necessarily the case. It is not as if Ching

Reply to Opposition to Motion to Compel Responses
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 3 of 5    Rountree 311.1 Compel.reply

Feng has affirmatively asserted that after reviewing requested documents, none have any relationship to any activity concerning Alaska. If indeed such affirmative statement could be made, Ching Feng might have a valid argument. However, given the paucity of information made available by it and the unilateral assertion that such inquiries are beyond the Court's order or permitted discovery, how can one know? That question really lies at the heart of plaintiffs' attempt to obtain "true, explicit, responsive, complete, and candid answers" to discovery requests. *Hansel*, *supra*.

CONCLUSION

Ching Feng does not address the issue of interrogatory responses. It skirts the issue regarding responses to requests for production. Plaintiffs respectfully request the Court enter the requested order.

DATED 15 December 2006

/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
         craylaw@aol.com
ABA# 8406048

Reply to Opposition to Motion to Compel Responses
Rountree v. Ching Feng, et al     A04-0112 CV (JWS)
Page 4 of 5                        Rountree 311.1 Compel.reply

I hereby certify that on 15 December 2006, a copy of the foregoing

Was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

Donald C. Thomas
Delaney, Wiles, Hayes, Gerety, Ellis & Young
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

and was served by other means on the following:

Michael Weiss
King & Spalding LLP
191 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com


By: /s/Charles W. Ray, Jr.

Reply to Opposition to Motion to Compel Responses
Rountree v. Ching Feng, et al    A04-0112 CV (JWS)
Page 5 of 5                       Rountree 311.1 Compel.reply