UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of the ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>Plaintiffs,<br><br>vs.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>Defendants. | 3:04-cv-112 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motion To Compel at Doc. 116] |

## I.  MOTION PRESENTED

At docket 116 plaintiffs move to compel defendant Ching Feng Blinds Industry Co., Ltd. ("Ching Feng") to respond more fully to certain discovery requests served by plaintiffs.  The motion is opposed and has been fully briefed.  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

The case at bar results from the death of a child, April Lynne Cox, who got tangled in a window blind's cord at her grandparents' home and died from strangulation

on May 27, 2002.[1] As a consequence of her death, plaintiffs filed this lawsuit against Ching Feng and three other defendants. At docket 87, the court ordered plaintiffs to show cause why their claims against Ching Feng should not be dismissed for lack of personal jurisdiction over that defendant. The burden is on plaintiffs to demonstrate jurisdiction over Ching Feng exists.[2]

In an order at docket 98, the court concluded that there was no general jurisdiction over Ching Feng, but that plaintiffs were entitled to conduct additional discovery to determine whether specific jurisdiction might exist here in the District of Alaska. Among other things, the test for specific jurisdiction requires plaintiffs to show that Ching Feng purposefully directed its activities at Alaska. Noting that plaintiffs had requested limited discovery to help them establish that proposition, the court's order made provision for plaintiffs to conduct additional discovery on that topic.[3]

Plaintiffs directed 44 requests for admission ("RA"), 21 requests for production ("RP"), and 12 interrogatories ("INT") to Ching Feng. Copies of the discovery requests and the responses have been provided to the court.[4]

### III. DISCUSSION

Plaintiffs assert that Ching Feng's responses are inadequate[5] while Ching Feng takes the position that many of the responses fall outside the limited scope of discovery authorized by the court's order, and that the responses are otherwise adequate. The court will consider the specific responses targeted by plaintiffs.

Plaintiffs' first assertion is that the response to RA 20 is inconsistent with the response to INT 11. RA 20 reads: "Please admit that you do not know when or by

---

[1]Doc. 6, p. 2, ¶ 3.

[2]*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

[3]Order at doc. 98.

[4]Copies are attached to docket 113.

[5]The motion at docket 116 incorporates the arguments made in the renewed response to the court's order to show cause which is at docket 113.

-2-

whom the subject window blinds were manufactured." The response translated into English is, "Yes." INT 20 reads: "Please describe with particularity what steps you have taken, if any, to determine whether the subject blinds were manufactured by you." The response translated into English reads: "Could do some determination to a certain extent, by [looking at] the blinds' appearance and parts." In resolving the adequacy of the responses to RA 20 and INT 11 it is appropriate to examine the response to a closely related interrogatory, INT 12. It reads: "If you contend that the subject blinds were not manufactured by you, please set forth with particularity each and every fact upon which you rely for such contention." The translated response is as follows: "The subject blinds' place of production was labeled as "Made in China." But all of [the products in] our dealings with Jencraft were produced in and exported from Taiwan." These responses when read as a whole are adequate. Plaintiffs are not entitled to relief with respect to them.

     Next, plaintiffs object to the responses to INT 5 and INT 7. INT 5 reads as follows: "Please identify each U.S. distributor and/or retailer to whom you delivered horizontal window blinds between 1995 and 2002." INT 7 reads as follows: Please state the number of horizontal window blinds manufactured by you or on your behalf that were delivered to the U.S. in each of the years 1995 through 2002, inclusive." The translated response to each interrogatory is the same: "Too long ago. [We are] unable to provide." The court agrees with plaintiffs that these responses are perfunctory and do not comply with Ching Feng's duty to make a diligent and good faith effort to respond. Perhaps the information is not available–although it is counter-intuitive to suppose that a manufacturer does not keep a record of when and to whom it has successfully sold its products–but such a response needs to include a showing of what effort was made to find the information and why it is unavailable. Plaintiffs are entitled to fuller responses to INT 5 and 7.

     Next, plaintiffs point to RA 40 which reads, "Please admit that horizontal window blinds manufactured by you or on your behalf were distributed into Alaska between 1995 and 2002, inclusive." The response to RA 40 in its entirety reads, "Not sure." Ching Feng must either admit or deny, and if it cannot honestly do either, then its

response must "set forth in detail why the answering party cannot truthfully admit or deny the matter."[6] Plaintiffs point to the same problem with the next three RAs. The same "not sure" answer was given to RAs 41, 42 and 43. For the same reason, these responses are inadequate. Plaintiff is entitled to relief as to RAs 40, 41, 42, and 43.

The next series of discovery requests about which plaintiff complains are ones as to which Ching Feng objected on the grounds that they were directed at discovery of information outside the limited scope of discovery relating to forum directed activities which was authorized by the court. Plaintiff points to the RPs 7, 9, 10 thru 17, 20 and 21. After examining these RPs, the court agrees with Ching Feng. The requests are outside the limited scope of discovery which has been permitted. Plaintiff is not entitled to relief with respect to these RPs.

## IV.  CONCLUSION

For the reasons set forth above, the motion at docket 116 is **GRANTED** in part and **DENIED** in part as follows:

1. Within thirty (30) days from the filing of this order defendant Ching Feng shall serve complete responses to INTs 5 and 7, and RAs 40, 41, 42, and 43.

2. Plaintiffs are not entitled to relief as to the other discovery responses.

3. It is the court's preliminary view that no award of expenses to either party is appropriate. Any party who believes otherwise may file a motion pursuant to Fed. R. Civ. P. 37(a)(4)(C) within five (5) days from the filing of this order.

DATED at Anchorage, Alaska, this 29th day of December 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Civ. P. 36(a).