Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., | ) ) ) | Case No. 3:04-cv-00112-JWS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHING FENG BLINDS INDUSTRY CO., LTD., et al., | ) ) | JOINT STATUS REPORT |
| | ) | |
| Defendants. | ) | |
| | ) | |

Counsel for the parties have conferred on the matters set out in the Court's Minute

Order of 29 March 2007. There is some disagreement amongst counsel as to the just what

is needed as well as what is permitted with respect to pretrial activities.

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 1 of 6                311.1 Rountree  Status.rept

Michael Weiss, counsel for the Window Covering Manufacturing Association (WCMA) believes both that any deadlines regarding discovery, expert disclosures, and dispositive motion as to WCMA have passed and that the case should be set for trial as soon as any jurisdictional and discovery issues between Ching Feng and plaintiffs are resolved. WCMA is ready to proceed and believes plaintiffs may not engage in further pretrial activities with respect to it. Of course, if the Court permits additional discovery or expert disclosures as to WCMA, WCMA requests it enter a scheduling order applicable to all parties, including WCMA.

Daniel Quinn, on behalf of Ching Feng Blinds Industry Co., Ltd. (Ching Feng), believes the court should rule on its pending motion which raises the question whether the Court has jurisdiction over Ching Feng.  If that question is answered in the affirmative, Ching Feng will need to designate one or more experts in preparation of its defenses, conduct expert discovery of plaintiffs and, perhaps, WCMA.  If the jurisdictional question is answered in the negative then Ching Feng will have no further interest in the litigation.

Plaintiffs have attempted through informal inquiries to conduct a Fed. R. Civ. P. 30(b)(6) deposition of Ching Feng solely with respect to the discovery permitted by the Court.  Ching Feng is not agreeable to designating one or more representatives for such a deposition.  However, it is plaintiffs' counsel's view that such deposition is necessary to complete the process by which the Court intends to address the jurisdictional issue.  There

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 2 of 6                        311.1 Rountree   Status.rept

are two means of addressing this issue. First, plaintiffs could notice the deposition and then the Court could address Ching Feng's expected motion to quash the deposition. Alternatively, the Court, at a status hearing as discussed below, could advise its view of the propriety of a 30(b)(6) deposition based on the present record.

It would seem that a 30(b)(6) deposition of Ching Feng, if allowed, could be arranged within two to four weeks of either disposition of a motion to quash or an affirmative expression by the Court that such deposition may be conducted. Following such deposition, and supplementation of the record as counsel deemed appropriate with discovery responses and/or deposition excerpts, plaintiffs' counsel believes the motion regarding the Court's jurisdiction over Ching Feng would be ripe. As noted above, Ching Feng believes the motion is presently ripe.

The course of future pretrial proceedings from plaintiffs' view is not very dissimilar to Ching Feng's. If the Court determines it has jurisdiction over Ching Feng, plaintiffs' experts will be advised and opinions as to that entity included in reports. If the Court believes it lacks jurisdiction over Ching Feng, plaintiffs' experts will render opinions limited to the remaining defendant WCMA. Either way, such reports could be provided within 60 days of the Court's disposition of the jurisdictional issue and thereafter expert depositions conducted. Scheduling such depositions would, of course, depend upon the number of participating lawyers whose schedules would have to be considered.

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 3 of 6                311.1 Rountree  Status.rept

Nevertheless, it seems reasonable to anticipate that such depositions could be conducted within 60 days after delivery of reports.

Summarizing the foregoing, WCMA believes all pretrial activities either by it or by other parties concerning it are concluded. Ching Feng and plaintiffs agree that further pretrial proceedings depend upon the Court's disposition of the jurisdictional issue raised by Ching Feng. In addition, plaintiffs wish to conduct the 30(b)(6) deposition of Ching Feng prior to the Court deciding that jurisdictional issue. Regardless of the outcome on that issue, plaintiffs will require 30-60 days from its disposition to have their experts finalize reports, with plaintiffs' expert depositions to be conducted within 60 days thereafter. If the Court decides that it has jurisdiction over Ching Feng, reports by its experts would be provided within 30-60 days and depositions of those experts conducted within 60 days thereafter. Except as noted, the parties believe there are no pretrial activities other than those surrounding trial preparation itself, such as preparation of jury instructions, identification of exhibits, designations of deposition testimony and so forth, and therefore the matter may be set for trial for a time 6 to 9 months hence.

Counsel for the parties all believe that a conference with the Court would be helpful to them and to the Court. It is therefore requested that following its review of the foregoing, the Court schedule a conference, at which Mr. Weiss, who is in Atlanta, GA, would appear telephonically. Thirty minutes or so should be ample for such conference.

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 4 of 6                 311.1 Rountree  Status.rept

DATED 23 April 2007
/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone:  (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
          craylaw@aol.com
ABA# 8406048


CONSENT:
Daniel T. Quinn
Richmond & Quinn
360 K St., Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
E-mail:  dquinn@richmondquinn.com
          cesary@richmondquinn.com
ABA# 8211141


Michael Weiss
King & Spalding LLP
1180 Peachtree St., N.E.
Atlanta, GA 30303
E-mail: mweiss@KSLAW.com


Donald C. Thomas
Delaney Wiles, Inc.
1007 W. 3rd Ave., Suite 400
Anchorage, AK 99501
(907) 279-3581
Fax: (907) 277-1331
E-mail:  DCT@delaneywiles.com
       jaf@delaneywiles.com
       usdcuser@delaneywiles.com
ABA# 8506085

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 5 of 6          311.1 Rountree  Status.rept

I hereby certify that on 23 April 2007, a copy of
the foregoing

Was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

Donald C. Thomas
Delaney Wiles, Inc.
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

and was served electronically and by other means
on the following:

Michael Weiss
King & Spalding LLP
1180 Peachtree St.
Atlanta, GA 30303
Mweiss@KSLAW.com

By: /s/Charles W. Ray, Jr.

Status Report
Rountree, et al. v. Ching Feng, et al. 3:04-cv-00112-JWS
Page 6 of 6                 311.1 Rountree  Status.rept