Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX, et al., | Case No. 3:04-cv-00112-JWS |
| Plaintiffs, | |
| vs. | |
| CHING FENG BLINDS INDUSTRY CO., LTD., et al., | MOTION FOR RECONSIDERATION |
| Defendants. | |

INTRODUCTION AND PROCEDURAL POSTURE

At what counsel understood to be a status conference on the morning of 27 July 2007, and without motion by any party to these proceedings, the Court prohibited expert discovery and directed counsel to advise of plaintiffs' desire to try the case without

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 1 of 8                Rountree 311.1 Reconsider mtn.

benefit of any experts. The procedural posture of this case is, however, important to an understanding of why the Court should revisit that decision and permit expert discovery.

The Court entered a Scheduling and Planning Order on 1 March 2005 pursuant to paragraph 4 of which the parties were to exchange the identity of, and reports by, expert witnesses. In their initial disclosures of 18 April 2005, plaintiffs identified Hugh Richards as a retained economist and Stuart Statler as a retained consumer product safety expert, noting that neither had developed or prepared reports. In their response to Wal-Mart's discovery of 1 August 2005, plaintiffs reiterated that the only experts then retained were Messrs. Richards and Statler. Pursuant to paragraph 7 of the Scheduling and Planning Order, the Court on 26 September 2005 entered an order extending the expert date to 29 December 2005. The rationale for the stipulation leading to the extension was "that the parties are yet examining their respective roles in the manufacture and sale of the blinds at issue, and at this point there remains some uncertainty as to whether the blinds were sold by Wal-Mart, as well as whether the blinds were manufactured by Ching Feng, making it difficult to develop expert opinions regarding the nature of the product and the propriety of the defendants' actions with respect to them." Stipulation to Extend the Time for Identification of Experts and Exchange of Expert Reports at 2. In a joint motion of 9 December 2005, the parties requested additional changes to the pretrial schedule due to "confusion or doubt about the involvement of named defendants in the manufacture and sale

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 2 of 8     Rountree 311.1 Reconsider mtn.

of the window blinds involved in this incident," together with Ching Feng's presence in Taiwan and various other difficulties involving identification and scheduling of depositions. By order of 16 December 2005, the Court directed that, "Expert reports shall be exchanged by March 13 2006.  Final witness lists shall be filed by April 28, 2006.  The deadlines for discovery and dispositive motions shall be July 14, 2006," three months after the exchange of final witness lists.

After that order, Wal-Mart moved for summary judgment, ultimately granted by the Court, while plaintiffs and Ching Feng engaged in protracted wrangling over this Court's jurisdiction over Ching Feng.  Importantly, no party, including Window Covering Manufacturer's Association (WCMA), appears ever to have filed either preliminary or final witness lists, nor does it appear that any party other than plaintiffs suggested who might testify as experts.

Over the course of the latter half of 2006, plaintiffs pursued the jurisdictional issue with Ching Feng.  In connection with that issue, the Court ordered Ching Feng to provide supplemental discovery responses which Ching Feng served on 7 February 2007 and 27 March 2007.  There followed this Court's order of 29 March 2007 for a status report to include "what pretrial activities remain to be accomplished and sugges[t] appropriate deadlines for the completion of same."  In the joint status report filed 23 April 2007, both plaintiffs and Ching Feng advised the Court that some relatively modest additional time

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 3 of 8                Rountree 311.1 Reconsider mtn.

would be required for expert discovery following disposition of Ching Feng's motion on jurisdiction. WCMA took a contrary view despite the fact it had never submitted a witness list. There matters rested until the Court's order of 27 June 2007 advising of a status conference to be conducted on 27 July 2007.

Of additional note in the procedural posture is the Court's 13 November 2006 order (Certification of Readiness for Trial). The responsive pleading, with concurrence of all counsel, was prepared and filed by counsel for Ching Feng on 20 November 2006. Therein it is stated, "The parties concur that it would make sense to obtain a resolution of [the Ching Feng jurisdictional] issue before certifying readiness for trial and jointly request a due date for the report regarding certification of readiness for trial be extended until 15 days after the Court's decision on this issue." It does not appear that the Court specifically addressed the response to its order regarding certification of readiness for trial. However, since the order for certification of readiness for trial itself specified that the parties were to identify outstanding substantive and procedural issues, and the discovery difficulties – interlaced with the jurisdictional issues – had been the subject of much discussion amongst counsel and the Court, it appeared to plaintiffs' counsel that the Court concurred in the general notion that once the players were sorted out, it was agreeable that expert discovery would be concluded in relatively short order thereafter. This may have been an ill-advised assumption on counsel's part, but nevertheless it appears to have been justified by the

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 4 of 8              Rountree 311.1 Reconsider mtn.

overall course of proceedings. It therefore was a significant surprise to counsel that the Court ruled from the bench, without motion by WCMA, that no experts or expert discovery would be allowed.

ARGUMENT

Whether the Court had the foregoing convoluted course of proceedings at the front its mind on the morning of 27 July 2007 is, of course, not known to counsel. At the same time, however, it seems somewhat unlikely, given the Court's calendar during June and July 2007, that the history outlined at the outset of this motion was fully appreciated in all its detail. Indeed, although counsel can understand the Court's disposition of the jurisdictional issue with respect to Ching Feng, [1] it seems likely that had the Court kept Ching Feng in the case it would have recognized the discovery needs of Ching Feng as well as plaintiffs and permitted the period of time described in the joint status report, *i.e.,* 60 to 120 days, to exchange reports and conduct expert discovery. There is no question but that such timeline could have been abided, and would be abided if this motion is granted, by plaintiffs.

The economic loss scenario for a 14-month old child who has never attended school, never had her level of intelligence tested nor her skills observed, and of course never worked, is a matter of straightforward statistical analysis. Indeed, no doubt the Court has

---

[1] Its assertion in response to discovery that blinds manufactured in China were not distributed to Jencraft would have been a topic for exploration in a 30(b)(6) deposition.

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 5 of 8                Rountree 311.1 Reconsider mtn.

seen economic analyses for infants and is aware that the grounds for disagreement on such statistical analyses is generally minimal.

Expert reports on WCMA's conduct depend upon documents produced by WCMA and the testimony of its former executive director Peter Rush, facts well known to WCMA. While it may be conceded there might be *Daubert* motions, it certainly is not unusual for such motions to be addressed two to four months before trial. Since the Court requested counsel to identify trial dates no earlier than 1 March 2008, it seems WCMA is not really in a position to claim any prejudice if expert reports and depositions are allowed, especially since it was made known to WCMA and the Court that *both* Ching Feng and plaintiffs would require a bit of time if Ching Feng remained a party. On the other hand, the prejudice to plaintiffs is manifest by the Court's preclusion of experts, which is the touchstone for modification of pretrial orders under Fed. R. Civ. P. 16(e).

CONCLUSION

The events at issue occurred in May 2002. It is extremely doubtful WCMA would suffer any prejudice by the Court's allowance of expert reports within the next 30 to 60 days, with expert depositions to follow 30 to 60 days after delivery of such reports. Until 27 July 2007, neither the Court nor the parties had indicated particular difficulty with what reasonably seemed apparent in the file, *i.e.*, the identities and reports of experts would await disposition of Ching Feng's motion on jurisdiction. Plaintiffs therefore respectfully request

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 6 of 8                    Rountree 311.1 Reconsider mtn.

the Court reconsider its decision and direct that identities and reports of experts shall be exchanged within 30 days of the Court's grant of this motion, with depositions to be scheduled as soon as practicable thereafter but in no event more than 60 days following the exchange of reports. The foregoing timeframe will provide more than adequate time for any *Daubert* motions by the parties and still permit trial in March 2008.

DATED 6 August 2007
/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
craylaw@aol.com
ABA# 8406048


I hereby certify that on 6 August 2007, a copy of the foregoing Motion for Reconsideration was served electronically on:

Daniel T. Quinn
Richmond & Quinn
dquinn@richmondquinn.com
cesary@richmondquinn.com

Donald C. Thomas
Delaney Wiles, Inc.
DCT@delaneywiles.com
jaf@delaneywiles.com
usdcuser@delaneywiles.com

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 7 of 8              Rountree 311.1 Reconsider mtn.

Don C. Bauermeister
Burke & Bauermeister
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
dcblaw@alaska.com

and was served by other means on the following:

Michael Weiss
King & Spalding LLP
1180 Peachtree St. N.E.
Atlanta, GA 30303
Mweiss@KSLAW.com

Jameson B. Carroll
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309

By: /s/Charles W. Ray, Jr.

Motion for Reconsideration
Rountree et al v. Ching Feng et al.
Page 8 of 8              Rountree 311.1 Reconsider mtn.