Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
phone: (907) 279-3581
fax:   (907) 277-1331
dct@delaneywiles.com

Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
phone: (404) 572-2804
fax:   (404) 572-5137
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION, et al.,<br><br>Defendants. | Case No. A04-0112 CV (JWS)<br><br>**WINDOW COVERING MANUFACTURERS ASSOCIATION'S JOINT RESPONSE TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD AND MOTION FOR HEARING ON SHORTENED TIME** |

On August 6, 2007, the plaintiffs moved this Court to reconsider its decision to enforce its earlier scheduling orders and preclude the parties from disclosing experts. Even though that motion was filed outside the required time – and exceeded the maximum page limit – as set by local rule, the plaintiffs now wish to supplement their motion. Moreover, they wish to supplement to include documents that were available both at the July 27, 2007

status conference in which the Court issued its order, and at the time they submitted their motion for reconsideration. Because their original motion was improper under the rules of this Court, they should not be permitted to supplement their motion.

### 1. Plaintiffs should not be permitted to supplement a motion that is already untimely filed and over the page limit.

As the Window Covering Manufacturers Association ("WCMA") states in its response to the plaintiffs' motion for reconsideration, Local Rule 59.1 governs motions for reconsideration of non-appealable orders. Any motion for reconsideration not based on an intervening change in law must be filed within five days of entry of the applicable order. L.R. 59.1(b)(1). The Court entered its order on Friday, July 27, 2007, following the status conference that day. The plaintiffs did not file their motion until Monday, August 6, 2007 – six business days later. (Docket 138.) This Court has denied such late motions for reconsideration before. *See Smith v. Internal Revenue Service*, No. A99-0048-CV, 2001 U.S. Dist. LEXIS 17553, *2 (D. Alaska Sept. 19, 2001) (denying motion for reconsideration filed eight days after entry of order). A party that misses a court-imposed deadline for filing should not be allowed to supplement its motion later.[1]

In addition, the motion for reconsideration exceeds the page limit set by the local rules. Rule 59.1(c) of the Alaska District Court rules limit motions for reconsideration to five pages; the plaintiffs' motion is seven, not counting the service list. L.R. 59.1(c). Any supplement will only further exceed that limit.

---

[1] In an e-mail sent to plaintiffs' counsel before plaintiffs filed the subject motion to supplement, WCMA explained that that it was opposing the motion to supplement because it did not want to waive its argument that the plaintiffs' original motion for reconsideration was untimely. (Exhibit A.) Despite this, in an affidavit in support of the motion for hearing on shortened time (Docket 143-2), plaintiffs' counsel testified that "the basis for [WCMA's] position is not known." Plaintiffs' counsel is not being candid with the Court.

2. **The additions to the record are not appropriate for a motion to supplement.**

The plaintiffs wish to supplement the record to include a motion for extension of time (Docket 81) and an order granting that motion (Docket 82). There is no need, however, to supplement the record, nor would it be appropriate to do so.

   a. **The documents at issue are already part of the record.**

The motion and order the plaintiffs with which the plaintiffs wish to supplement the record are already part of the Court's docket and thus part of the record.

   b. **The documents are discussed in WCMA's response brief.**

WCMA addresses Docket 81 and Docket 82 in its response to the motion for reconsideration, filed contemporaneously herewith. Thus, they will reach the Court's attention with no supplementation of the plaintiffs' motion necessary.

   c. **The documents were available to plaintiffs when they filed their motion.**

Even if there were a practical reason for the plaintiffs to supplement the record to add these two docket entries, this is not an appropriate subject for a supplementation motion. These entries were available to the plaintiffs at the time they filed their motion – and indeed, at the time of the status conference – and their exclusion from their original motion is not due to a simple mistake, such as an inadvertent failure to attach exhibits.

Instead, plaintiffs' counsel tries to have it both ways. In an e-mail to all counsel, he wrote: "Clearly the court and counsel had forgotten about the referenced order at the time of the status conference on 7/27/07." (Exhibit B.) Yet in the memorandum in support of the motion to supplement, plaintiffs' counsel wrote that pursuant to the order at Docket 82, he expected the Court to set an expert disclosure date at the status conference. (Docket 142

at 1.) He cannot claim to have forgotten about the order so that it would be properly the subject of a motion to supplement (or, indeed, a motion for reconsideration) on one hand, yet claim to have been relying on the order at the status conference. Of course, the plaintiffs said *nothing* about Docket 82 at the status conference, even though he now contends he expected it to be followed at that time.

Respectfully submitted, this 24th day of August, 2007.

DELANEY WILES, INC.

Attorneys for Defendant Window Covering Manufacturers Association

 s/ Donald C. Thomas
Donald C. Thomas
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska 99501
phone: (907) 279-3581
fax:    (907) 277-1331
dct@delaneywiles.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 24 August 2007, I caused to be electronically served a copy of the foregoing **WINDOW COVERING MANUFACTURERS ASSOCIATION'S RESPONSE TO PLAINTIFFS' MOTION TO SUPPLEMENT AND MOTION FOR HEARING ON SHORTENED TIME** upon:

> Charles W. Ray, Jr.
> Law Offices of Charles W. Ray, Jr., P.C.
> 711 H Street, Suite 310
> Anchorage, Alaska 99501
>
> Don C. Bauermeister
> Burke & Bauermeister, P.L.L.C.
> 921 West 6th Avenue, Ste. 200
> Anchorage, Alaska 99501
>
> Daniel T. Quinn
> Richmond & Quinn
> 360 K Street, Suite 200
> Anchorage, Alaska 99501

This 24th day of August, 2007.

                                                         s/ Donald C. Thomas
                                                         Donald C. Thomas