Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
phone: (907) 279-3581
fax:   (907) 277-1331
dct@delaneywiles.com

Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
phone: (404) 572-2804
fax:   (404) 572-5137
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION, et al.<br><br>Defendants. | Case No. A04-0112 CV (JWS)<br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION |

The plaintiffs seek relief from this Court's order affirming that expert discovery closed more than a year ago. But they offer no compelling reason why the Court should reconsider its decision. They provide no excuse for their failure to abide by the Court's scheduling orders other than an "ill-advised assumption" that the Court would not enforce them. Most importantly, they filed a motion seeking relief from their failure to follow

court orders *after* the deadline set by the local rules. Their motion is untimely, and it contains no new evidence, no new authority, and no new arguments. It should be denied.

### 1. The plaintiffs' motion is untimely.

Local Rule 59.1 governs motions for reconsideration of non-appealable orders. Any motion for reconsideration not based on an intervening change in law must be filed within five days of entry of the applicable order. L.R. 59.1(b)(1). The Court entered its order on Friday, July 27, 2007. (Docket 137.) The plaintiffs did not file their motion until Monday, August 6, 2007 – six business days later. (Docket 138.) As such, it should be denied. *See Smith v. Internal Rev. Serv.*, 2001 U.S. Dist. LEXIS 17553, *2 (D. Alaska Sept. 19, 2001) (denying motion for reconsideration filed eight days after entry of order).

### 2. Only the plaintiffs disregarded the Court's scheduling order.

The deadline for expert witness disclosures in this action was originally set for October 10, 2005. (Docket 36.) The plaintiffs *three times* requested and received extensions, to December 9, 2005, to March 11, 2006, and eventually to 60 days following the resolution of Ching Feng Blinds Industry Co.'s motion for a protective order,[1] which was denied on April 27, 2006. (Docket 87.) Sixty days later – June 26, 2006 – came and went without the plaintiffs submitting expert reports or requesting an extension.

But the plaintiffs did not merely let the disclosure deadline itself pass. On November 13, 2006, this Court issued an order stating that it appeared that pretrial matters were complete and the case is ready for trial. (Docket 112 at 1.) The Court ordered the plaintiffs to consult with other parties and certify that discovery has been completed. If "counsel are not able to so certify, counsel for Plaintiff shall report to the

---

[1] *See* Docket 51 and Docket 59. In Docket 81, the plaintiffs moved to extend the expert disclosure deadline to 60 days following resolution of Ching Feng's motion for protective order. The court granted their motion and agreed to reset the disclosure date at Docket 82.

court within 15 days from the date hereof what remains to be accomplished and when outstanding matters will be attended to." (Docket 112 at 2.) Even with this clear request by the Court to bring any open discovery issues to its attention, the plaintiffs did nothing.

At the July 27, 2007 status conference, this Court correctly determined that no party could introduce expert testimony at trial. Now, however, the plaintiffs contend that their failure to follow the Court's scheduling order should be excused because they assumed the Court would find an expert disclosure "agreeable." (Docket 138 at 4.) And they contend that no other party – including the Window Covering Manufacturers Association ("WCMA") – behaved as if the deadlines were still in effect.

That is patently false. On July 14, 2006, the date set by the Court as the close of discovery and the deadline for filing dispositive motions, WCMA filed a Motion for Summary Judgment, correctly reciting that discovery had closed. (Docket 99.) Further, WCMA's summary judgment brief included the following paragraph on Page 3:

### **PROCEDURAL NOTE**

> This Court set a July 14, 2006 deadline for the completion of all discovery and the submission of dispositive motions. Docket at 60. Since that time, the plaintiffs and WCMA's codefendant, Ching Feng Blinds Industry Co. (Ching Feng), have become embroiled in a discovery dispute that has led this Court to vacate a prior order for the exchange of expert disclosures (Docket at 82) and grant additional discovery concerning the exercise of personal jurisdiction over Ching Feng (Docket at 98-1). There has been no order, and no motion of any party, to extend the date for the close of all other discovery or the submission of dispositive motions, and no indication that the discovery or dispositive motion deadlines have changed from July 14, 2006 as they pertain to WCMA.

(Docket 100.) The plaintiffs never challenged this paragraph in their response to WCMA's motion. (Docket 104.) Nor do they mention in their motion to reconsider that WCMA filed a dispositive motion on the date set by the very order they now claim it ignored.

3. **Only the plaintiffs have the burden of producing evidence in this case, and thus only the plaintiffs need proffer witnesses, expert or otherwise.**

Instead, the plaintiffs argue the fact that WCMA did not submit its own expert reports or witness lists[2] somehow excuses their own failure to do so. Of course, the plaintiffs ignore that only they have the burden of proof. WCMA need not produce any evidence in its defense. It is odd that the plaintiffs state that they themselves failed to submit witness lists, because their failure should bar them from offering fact witnesses as well – a penalty that will undoubtedly hurt their case more than it would hurt WCMA's.

4. **The plaintiffs have no reason to be "surprised" by the Court's enforcement of its own deadlines.**

There is no reason for it to be "a significant surprise" (Docket 138 at 5) to the plaintiffs that they are not allowed to submit expert reports well over a year after they were due. Indeed, there are many reasons why they should *not* have been surprised:

1. The Court never extended the operative deadline to disclose experts, and plaintiffs never requested an extension.

2. WCMA continued following the applicable scheduling order, filing its Motion for Summary Judgment on the date specified.

3. WCMA's summary judgment motion and brief stated expressly its position that all discovery in this matter had closed, giving the plaintiffs notice that not all parties "concurred in the general notion" (Docket 138 at 4) that discovery had been extended.

4. The Court informed the parties it believed all discovery was completed and warned the plaintiffs to notify it if they contended otherwise.

5. As the plaintiffs admit, WCMA included in the joint status report its position that all discovery had closed. (Docket 129.)

---

[2] The plaintiffs erroneously state that WCMA did not disclose a preliminary witness list. It did so on May 18, 2005, as part of its Rule 26(a) disclosures, as allowed by the scheduling order. (Docket 36.) If a witness for plaintiffs (should they be allowed to produce any) offers testimony beyond the scope of what could be reasonably expected, WCMA is prepared to offer rebuttal witnesses. Further, Mr. Rush, who was disclosed on WCMA's preliminary witness list and deposed by the plaintiffs, would likely testify by deposition designations, which pursuant to Local Rules 32.1(b) and 39.3(a)(1) are to be disclosed 14 days before the trial date absent an order setting a different date.

Even without these clues, the plaintiffs offer no reason why it would be reasonable for them to assume that expert discovery as to WCMA would be stayed because of their jurisdictional issues with other defendants. Nothing in their dispute with Ching Feng prevented them from disclosing expert witnesses as to their claims against WCMA. They have always been in possession of the warning label that formed the basis of their claims against WCMA. More importantly, the damages in this case are the same regardless of which or how many defendants remain. There is no reason why they should have been unable to develop experts during this time.[3]

### 5. Any prejudice to the plaintiffs is of their own making.

The plaintiffs' claims of "manifest" prejudice also ring hollow, for three reasons. First, court rules and scheduling orders are to be followed at all times, not only when to ignore them would unfairly prejudice a party. To do otherwise would debilitate a court's ability to control its docket. Second, WCMA would indeed be prejudiced if the Court were to rescind its order: WCMA made a number of strategic decisions based on the operative scheduling order, and it would be unfair to give the plaintiffs a second bite at the apple now that its strategy has been revealed. Finally, any alleged prejudice to the plaintiffs is not due to this Court's decision to enforce its own order, but their own assumption that they could ignore it. The scheduling order applied equally to all parties, and only the plaintiffs chose not to follow it. Their belief that *their own failure* disproportionately hurts their case is no reason to excuse that failure.

---

[3] Nor is there any reason why there would be "significant surprise" that the Court ruled "without motion from WCMA." (Docket 138 at 5.) A party need not move a court to hold to a scheduling order already in effect. If the plaintiffs wanted relief from the scheduling order, it is *they* who should have made a motion.

Respectfully submitted, this 24th day of August, 2007.

> DELANEY WILES, INC.
>
> Attorneys for Defendant
> Window Covering
> Manufacturers Association
>
> s/ Donald C. Thomas
> Donald C. Thomas, Esq.
> Delaney Wiles, Inc.
> 1007 W. Third Avenue, Suite 400
> Anchorage, AK 99501
> phone: (907) 279-3581
> fax:   (907) 277-1331
> dct@delaneywiles.com

## CERTIFICATE OF SERVICE

I hereby certify that on 24 August 2007, I caused to be electronically served a copy of the foregoing **WINDOW COVERING MANUFACTURERS ASSOCIATION'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION** upon:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, Alaska 99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West 6th Avenue, Ste. 200
Anchorage, Alaska 99501

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501

This 24th day of August, 2007.

s/ Donald C. Thomas