Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Ching Feng Blinds Industry Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually, and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX,<br><br>        Plaintiffs,<br><br>v.<br><br>CHING FENG BLINDS INDUSTRY CO., LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC. a New Jersey corporation; WAL-MART STORES, INC, a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>        Defendants. | **RESPONSE OF CHING FENG BLINDS INDUSTRY COMPANY, LTD. TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br><br>Case No. 3:04-cv-0112-JWS |

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

COMES NOW defendant Ching Feng Blinds Industry Company, Ltd., ("Ching Feng") by and through its attorneys, Richmond & Quinn, and hereby responds to plaintiffs' Motion for Reconsideration.

At the July 27, 2007 hearing in this matter, this court issued two significant orders. First, it granted the motion of Ching Feng to dismiss, based upon lack of jurisdiction. Second, it held that any trial against the remaining defendant, WCMA, will proceed without experts called by any party, since the deadline for exchange of expert reports had passed. The court directed plaintiffs to file a notice within 20 days as to whether they intended to proceed to trial without expert witnesses. These oral rulings were confirmed in writing at Docket 137.

Plaintiffs have filed a Motion for Reconsideration. Notably, the motion seeks reconsideration only with regard to the second Order, regarding expert witnesses. See Motion for Reconsideration, Docket 138, at 1-2, noting that the court should "revisit" the decision in which "the court prohibited expert discovery and directed counsel to advise of plaintiffs'

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 2

desire to try the case without benefit of any experts." Plaintiffs do not seek reconsideration of the dismissal of Ching Feng.

In response to the plaintiffs' Motion for Reconsideration, this court issued an Order (Docket 139) requesting "all defendants, including Ching Feng Blinds to file a response to the Motion for Reconsideration."

As an initial matter, Ching Feng notes that it has been dismissed, and its dismissal is not the subject for the Motion for Reconsideration. Accordingly, the pending dispute concerning expert witnesses no longer affects Ching Feng directly.

Notwithstanding, for the most part, Ching Feng agrees with the accuracy of the plaintiffs' chronology of events. Ching Feng feels also that it must point out one additional piece of the chronology, not mentioned in plaintiffs' Motion for Reconsideration (but mentioned in plaintiff's Motion to Supplement it Motion for Reconsideration). On March 10, 2006, plaintiffs filed an Unopposed Motion to Extend Time for Exchange of Expert Reports (Docket 81), asking that the deadline for

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 3

exchange of expert reports be extended until 60 days following the court's resolution of Ching Feng's pending Motion for Protective Order. This court granted the Unopposed Motion on March 13, 2006 (Docket 82). This Order vacated a December 19, 2005 Order (Docket 60) which had established March 13, 2006 as the deadline for exchange of expert reports. The Order at Docket 82 stated that the date for exchanging expert reports "will be reset upon the court's disposition of the Motion for Protective Order at Docket 61."

At Docket 87, the court denied the Motion for Protective Order at Docket 61 without prejudice in an Order which raised a question concerning the court's personal jurisdiction over Ching Feng, in light of the recent summary judgment in favor of defendant Wal-Mart. The court directed the plaintiffs to show cause why the court should not dismiss their claims against Ching Feng for lack of personal jurisdiction. Arguably, this denial (without prejudice) of Ching Feng's Motion for Protective Order created a new expert report deadline 60 days later. However, no order expressly establishing such a deadline was issued. The briefing with regard to personal

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 4

jurisdiction over Ching Feng took unexpected and time consuming twists, involving discovery and related disputes.

While litigating the issue of personal jurisdiction (and related discovery disputes), Ching Feng did not submit any expert reports, in part because plaintiffs who had filed no expert report, would bear the burden of proof, but also because it felt that such a submission might be considered inconsistent with its position that the court lacked personal jurisdiction over it. No other party exchanged expert reports. However, WCMA consistently took the position that the deadline for such exchanges had passed, and this position was articulated by WCMA in the Joint Status Report (Docket 129). In that same Joint Status Report, Ching Feng took the position that if it were not to be dismissed, it would need some time to designate one or more experts – a position largely consistent with that of the plaintiffs.

In fairness to WCMA's position, the plaintiffs (at Docket 81) had asked that the deadline for exchange of expert reports be extended for 60 days after the court ruled on the Motion for a Protective Order – a ruling which the court issued

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 5

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

at Docket 87, on April 27, 2006. Moreover, the purpose for that requested extension was uncertainty as to whether Ching Feng would remain a party; no such uncertainty existed as to WCMA.

On the other hand, in fairness to plaintiffs, this court's Order on the Motion for Protective Order was a denial without prejudice, but also a request that briefing commence on a new issue, i.e., personal jurisdiction over Ching Feng. No court order expressly establishing a new expert deadline issued, and there may have been some arguable ambiguity concerning whether the deadline was extended until resolution of the jurisdictional issue. In retrospect, perhaps all parties should have sought clarification. Ching Feng, as noted above, did not exchange witness lists in part because the central issue of this court's jurisdiction over it remained unresolved.

Having been dismissed, Ching Feng no longer has a direct interest in the outcome of plaintiffs' Motion for Reconsideration and therefore does not advocate that it either be granted or denied. Nevertheless, Ching Feng hopes that its discussion of the chronology, outlined above, provides

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 6

some assistance to the court.

                                         RICHMOND & QUINN
                                         Attorneys for Defendant
                                         Ching Feng Blinds Industry Co.,
                                         Ltd.

Dated: August 27, 2007    By:    s/Daniel T. Quinn
                                           RICHMOND & QUINN
                                           360 K Street, Suite 200
                                           Anchorage, AK  99501
                                           Ph:  907-276-5727
                                           Fax: 907-276-2953
                                           dquinn@richmondquinn.com
                                           ABA #8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 7

I HEREBY CERTIFY that a true and
correct copy of the of foregoing
was served electronically this
__27th__ day of August, 2007 on:


Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, AK  99501

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Avenue, Suite 250
Anchorage, AK  99501

Donald C. Thomas
Delaney, Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501

**and served by mail on the following counsel:**

Michael L. Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309-3521



    s/Daniel T. Quinn
    RICHMOND & QUINN

1059\047\pld\ CF RESPONSE TO PLTFFS' MTN FOR RECONSIDERATION

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

RESPONSE OF CHING FENG BLINDS
INDUSTRY COMPANY, LTD. TO
PLAINTIFFS' MOTION FOR RECONSIDERATION

ROUNTREE, et al. v. CHING FENG, LTD., et al.
Case No. 3:04-cv-0112-JWS
Page 8