UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of the ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | 3:04-cv-00112 JWS |
| vs. ) ) | ORDER AND OPINION |
| CHING FENG BLINDS INDUSTRY CO., ) LTD., and WINDOW COVERING ) MANUFACTURERS ASSOCIATION, ) ) | [Docket nos. 138, 142, and 143 ] |
| Defendants. ) ) | |

## I.  MOTIONS PRESENTED

At docket 138 plaintiffs move for reconsideration of the court's decision not to extend the time for the exchange of expert reports and the time for discovery from experts announced at the conference held on July 27, 2007.  At that conference, the court also granted an oral motion to dismiss defendant Ching Feng Blinds Industry Co., Ltd. ("Ching Feng"), leaving as the only defendant in this case Window Covering Manufacturers Association ("WCMA").  The motion at docket 138 does not seek reconsideration of the dismissal of Ching Feng.  Nevertheless, the court requested both

Ching Feng and WCMA to respond to plaintiffs' motion at docket 138. They have done so.

At docket 142 plaintiffs moved to supplement their briefing in support of the motion at docket 138 by calling the court's attention to the motion at docket 81 and the order at docket 82, matters which neither the court nor any party brought up at the conference on July 27, 2007, and which plaintiffs neglected to cite in support of the motion at docket 138. At docket 143, plaintiffs moved to shorten time on the motion to supplement. The motions at dockets 142 and 143 have been opposed by WCMA.

All motions are now fully briefed.

## II.  BACKGROUND

The case at bar results from the death of a child, April Lynne Cox, who got tangled in a window blind's cord at her grandparents' home and died from strangulation on May 27, 2002.[1]  As a consequence of her death, plaintiffs filed this lawsuit against Ching Feng, WCMA, and two other defendants. After protracted motion practice, the court eventually winnowed the field of defendants to WCMA. Of particular significance to the pending motions is the course of the proceedings respecting jurisdiction over defendant Ching Feng. With respect to that matter, the court finds the briefing filed by Ching Feng at docket 147 especially helpful. Indeed, rather than recreate here the chronology set out there, the court is content to adopt the same by reference. It puts the discussion in the next section in a somewhat fuller context.

## III.  DISCUSSION

### A.  Motions at dockets 142 and 143

The motion at docket 143 will be granted in the sense that the court will address the underlying motion at docket 142 prior to deciding the motion at docket 138. The motion at docket 142 does no more than ask the court to consider the motion at docket 81 and the court's order at docket 82. These are matters which the court should

---

[1] Doc. 6, p. 2, ¶ 3.

have discovered on its own, and which are in any event mentioned in Ching Feng's helpful response to the motion at docket 138. It would be inappropriate for the court to decide the motion at docket 138 without considering relevant documents on file. The motion at docket 143 will also be granted.

**B. Motion at docket 138**

Plaintiffs assert that the court should reconsider its decision not to provide for an exchange of expert reports and discovery regarding those experts. At the time the court ruled, the court had not carefully researched all of the twists and turns in this case relating to the exchange of expert reports. Based on what the parties said at the conference on July 27, 2007, and the court's recollection of the record, it appeared clear that the time for exchanging expert reports had long since elapsed and that plaintiffs had simply not acted in a timely fashion.

Looking at the record now, the court notes that at docket 81 plaintiffs asked the court to extend the deadline for the exchange of expert reports until 60 days after the court disposed of Ching Feng's then pending motion for a protective order relating to discovery about the court's jurisdiction over Ching Feng. In an order at docket 82, the court granted the motion at docket 81 and vacated the existing deadline for the exchange of such reports and further stated that the date would be "re-set upon the court's disposition of the motion for a protective order at docket 61." Later, in an order at docket 87, the court denied the motion for a protective order on the grounds that plaintiffs' primary theory of jurisdiction over Ching Feng–that it had sold blinds in question to defendant Wal-Mart–went up in smoke when the court granted Wal-Mart's motion for summary judgment. However, the order denied the motion without prejudice to a new motion if plaintiffs pursued some other theory to establish personal jurisdiction over Ching Feng. The order at docket 87 was silent as to the exchange of expert reports which left the precise status for the exchange of expert reports uncertain.

The parties have interpreted the matter of expert reports differently. WCMA has taken the view that the time for exchanging reports ran 60 days from the filing of the order at docket 87. Ching Feng and plaintiffs considered that the time for filing reports would not expire until the court had decided the jurisdictional issue one way or the

other.  As it turns out, resolution of the jurisdictional issue was not achieved until July 27, 2007, when the court decided it would permit no further discovery on the personal jurisdiction issue and that on the available record, plaintiffs had failed to establish personal jurisdiction over Ching Feng.

Given the nature of the claims in this case, plaintiffs would be unable to make a very persuasive case against WCMA on either liability or damages without expert testimony.  The preference for deciding disputes on their merits strongly favors allowing plaintiffs (and of course WCMA also) to obtain the requisite expert opinions and to conduct discovery from the experts before the case is taken to trial.  While the court recognizes that WCMA has relied on a fairly reasonable interpretation of the orders at dockets 82 and 87, there is no prejudice to the merits of WCMA's which would arise from allowing expert evidence.  Furthermore, the court does not interpret the orders at docket 82 and 87 to have set a deadline for the exchange of expert reports.

An additional matter must be addressed.  WCMA contends that the motion at docket 138 was untimely.  Motions for reconsideration are subject to a five-day time limit pursuant to D.Ak.LR 59.1.  The order whose reconsideration is sought was announced at the conference on July 27, 2007, and the minutes of that proceeding were placed on the ECF record on that date.  The motion at docket 138 was filed on August 6, 2007.  When computing the time allowed for taking any action which is less than 11 days, the day on which the initiating event takes place is not counted and intervening non-business days are not counted.[2]  Thus, WCMA contends the five days ran on Friday, August 3, 2007.

Plaintiffs assert that the provisions of D.Ak.LR 5.3(f)(2), which equate electronic filing with service by first class mail, requires that three days of additional time be added.  Of course, service by mail does mean that three days must be added.[3]  If D.Ak.LR 5.3(f)(2) applies the motion which was filed on the next business day, Monday August 6, 2007, was timely filed.

---

[2]Fed. R. Civ. P. 6(a).

[3]Fed. R. Civ. P. 5(b)(2)(D) and 6(e).

-4-

Although counterintuitive, because Mr. Ray was present and actually heard the ruling on July 27, 2007, the court must agree with plaintiffs. D.Ak.LR 59.1 governing motions for reconsideration states that for its purposes, "an order is deemed entered upon service by the clerk of the minutes of the proceeding" when there is no written order to follow. The Clerk's service occurred when the minutes were entered into the ECF system on July 27, 2007. Service by entry into the ECF system is governed by D.Ak.LR 5.3(f)(2). It follows that three days must be added pursuant to that rule. The motion was timely.

### IV.  CONCLUSION

The motions at docket 138, 142, and 143 are **GRANTED** as follows:

(1)  Plaintiffs will be allowed until **October 31, 2007**, to provide their expert reports to defendant WCMA.

(2)  WCMA will thereafter have until **December 3, 2007,** in which to provide its expert reports to plaintiffs.

(3)   Recognizing the impact of the mid-winter holidays, depositions of the experts shall be completed not later than **January 21, 2008.**

(4)  The parties shall immediately file a joint request for a trial date upon completion of discovery. That request should set out the parties' best estimate of the trial's duration and suggest at least two mutually agreeable trial dates which must be not less than eight weeks following the filing of the notice.

DATED at Anchorage, Alaska, this 10th day of September 200.

/s/ JOHN W. SEDWICK  
UNITED STATES DISTRICT JUDGE