Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Don C. Bauermeister
BURKE & BAUERMEISTER, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
(907) 277-6177

Co-Counsel for Plaintiffs

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor, through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX, <br><br> Plaintiffs, <br><br> vs. <br><br> CHING FENG, LTD., a Taiwanese corporation; JENCRAFT CORPORATION a/k/a JENCRAFT MANUFACTURING CO., INC., a New Jersey corporation; WAL-MART STORES, INC., a Delaware corporation; and WINDOW COVERING MANUFACTURERS ASSOCIATION, <br><br> Defendants. | A04-0112 CV (JWS) <br> Case No. A04-_____ CV <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> COMPLAINT |

COMPLAINT
Rountree v. Jencraft, et al
Page 1 of 9          Rountree/Complaint

EXHIBIT A
page 1 of 9

## COMPLAINT

Valerie Rountree, individually and as Personal Representative of the Estate of April Lynne Cox, Morgan Schediwy, a minor, through her natural mother and guardian Valerie Rountree, and Christopher Cox, through their lawyers, Law Offices of Charles W. Ray, Jr., P.C. and Burke & Bauermeister, P.L.L.C., complain and allege as follows:

### JURISDICTION AND PARTIES

1. Valerie Rountree (hereafter "Valerie") is a citizen of Alaska, currently residing in Anchorage, Alaska, and is the natural mother and guardian of her minor daughter Morgan Schediwy (hereafter "Morgan"), whose date of birth is 6 June 1996, AND WHO IS also an Alaska citizen and resident of Anchorage, Alaska.

2. Christopher Cox is a citizen of Alaska, currently residing in Anchorage, Alaska.

3. On or about 27 May 2002, April Lynne Cox (hereafter "April"), whose date of birth is 29 March 2001, died when she became entangled in a negligently and recklessly designed and manufactured component of a window blind, to whit, that part known in the window covering industry as an "accessible inner cord," and strangled at the home of her grandparents Paul and Ilene Rountree, which home is located in Anchorage, Alaska.

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

COMPLAINT
Rountree v. Jencraft, et al
Page 2 of 9           Rountree/Complaint

EXHIBIT A
Page 2 of 9

4. Valerie Rountree and Christopher Cox are the natural mother and father, respectively, of the deceased minor April. Morgan is April's sister. Valerie is the duly appointed Personal Representative of the Estate of April Lynne Cox (hereafter "Estate").

5. Ching Feng Blinds Industry Co., Ltd. (hereafter "Ching Feng") is a corporation formed under the laws of the Republic of China (a/k/a Taiwan), and designed and manufacturer the window blinds (hereafter "Blinds") in the accessible inner cord of which April became entangled and died.

6. Jencraft Corporation (a/k/a Jencraft Manufacturing Co., Inc.) (hereafter "Jencraft"), is a New Jersey corporation which imported and distributed the Blinds.

7. Wal-Mart Stores, Inc. ("Wal-Mart"), is a Delaware corporation doing business in Alaska, which sold the Blinds to Paul and Ilene Rountree in Anchorage, Alaska, and on information and belief directed Ching Feng and/or Jencraft in the design and packaging of the Blinds.

8. The Window Covering Manufacturer's Association ("WCMA") is a trade association group, whose members manufacture, distribute, and/or sell window coverings including horizontal corded window blinds, with headquarters in New York, New York. WCMA promotes the distribution and retail sale of window coverings, and develops and promulgates safety rules for its members.

9. This Court has jurisdiction over all parties as the events at issue occurred in this state, and each defendant either does business in this state, or placed

COMPLAINT
Rountree v. Jencraft, et al
Page 3 of 9        Rountree/Complaint


EXHIBIT A

products, including the Blinds, into the stream of commerce in the United States with foreseeable distribution into, and ultimate sale in, Alaska, and the amount in controversy is within the Court's jurisdictional limits.

## FIRST CAUSE OF ACTION

10. Plaintiffs reallege and incorporate herein by reference the above allegations.

11. The Blinds were defectively designed, manufactured, and/or packaged in that the accessible inner cord could pulled to form a loop, which posed an unreasonable risk to young children of death or injury by strangulation, and the Blinds lacked any warning of the danger posed by the accessible inner cord.

12. The defective design, manufacture, and/or packaging of the Blinds was the legal cause of April's entanglement and ultimate death by strangulation.

13. Defendants having defectively designed, manufactured, and/or packaged the Blinds, and such defective design, manufacture, and/or packaging being the legal cause of April's entanglement and strangulation, Defendants are strictly liable to plaintiffs for their damages, including without limitation, pre-death pain and suffering, loss of accumulation and/or income to the Estate, infliction of emotional distress upon Valerie, Christopher, and Morgan, loss of April's companionship, society and consortium to Valerie, Christopher, and Morgan, and such other damages as are allowed by law.

CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

COMPLAINT
Rountree v. Jencraft, et al
Page 4 of 9          Rountree/Complaint


EXHIBIT A
page 4 of 9

## SECOND CAUSE OF ACTION

14. Plaintiffs reallege and incorporate herein by reference the above allegations.

15. Defendants were negligent and reckless in the design, manufacture, and/or packaging of the Blinds because they knew or should have known that the accessible inner cord posed an unreasonable risk of harm to consumers, most especially young children, but nevertheless did not alter the design, discontinue sales to the public, or provide sufficient warnings of the risk.

16. Defendants' negligence and recklessness was a legal cause of April's death, and they are therefore liable to plaintiffs for all damages resulting from April's death, including without limitation, pre-death pain and suffering, loss of accumulation and/or income to the Estate, negligent infliction of emotional distress upon Valerie, Christopher, and Morgan, loss of April's companionship, society and consortium to Valerie, Christopher, and Morgan, and such other damages as are allowed by law.

## THIRD CAUSE OF ACTION

17. Plaintiffs reallege and incorporate herein by reference the above allegations.

18. At the time the Blinds were negligently and recklessly designed, manufactured, distributed, and/or sold, Defendants knew the Blinds were defectively designed and manufactured, knew the Blinds lack an adequate warning of the risks posed by


EXHIBIT A
page 5 of 9

the accessible inner cord, knew the Blinds were likely to be used in bedrooms occupied by young children, knew that the accessible inner cord of the Blinds could be pulled out by young children to form a loop, thereby posing an unreasonable risk of death by strangulation to young children, knew that many young children had actually died by strangulation in the accessible inner cords of horizontal window binds identical to, and/or substantially similar to, the Blinds, and knew that purchasers, consumers and others coming into contact with horizontal blinds identical to, and or substantially similar to, the Blinds, were not aware of the risk of death by strangulation of children posed by the accessible inner cords of such horizontal window blinds in general, or the Blinds in particular.

19.  Despite their knowledge as described above, defendants negligently and recklessly manufactured, distributed, and/or offered the Blinds for retail sale, and did sell, the Blinds to Paul and Ilene Rountree.

20.  Defendants' conduct as described in the preceding two paragraphs was negligent and reckless, and such negligence and recklessness was the proximate cause of April's death and damages to plaintiffs, including without limitation, pre-death pain and suffering, loss of accumulation and/or income to the Estate, negligent infliction of emotional distress upon Valerie, Christopher, and Morgan, loss of April's companionship, society and consortium to Valerie, Christopher, and Morgan, and such other damages as are allowed by law.


EXHIBIT A page 6 of 9

## FOURTH CAUSE OF ACTION

21. Plaintiffs reallege and incorporate herein by reference the above allegations.

22. Despite Defendants' knowledge as described in Count Three above, and despite the occurrence of numerous deaths by strangulation of infants and toddlers who became entangled in the accessible inner cord of horizontal blinds identical to, or substantially similar to, the Blinds, throughout the United States, including Alaska, as well as other countries, Defendants consciously elected to continue manufacturing, distributing, and/or selling horizontal window blinds identical to, or substantially similar to, the Blinds despite the risks posed, thereby garnering significant profits through commercial activities aimed at the sale of products known by them to be dangerously defective and lacking sufficient warnings of such dangerous defects.

23. Such conduct by Defendants was outrageous and in reckless disregard of the health and safety of infants and toddlers, including April, and was motivated solely by profit at the expense of the lives of toddlers and infants such as April, which warrants the imposition of significant punitive or exemplary damages in order to punish Defendants and deter them and similarly situated people or entities from engaging in such conduct in future.

## FIFTH CAUSE OF ACTION

24. Plaintiffs reallege and incorporate herein by reference the above allegations.

CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4939
FAX (907) 277-9414

25. After the sale of the Blinds to Paul and Ilene Rountree, and despite their knowledge of the danger of death by strangulation posed to infants and toddlers by the Blinds, Defendants negligently, recklessly and/or intentionally failed to warn the consuming public, including Paul and Ilene Rountree and plaintiffs herein, of the known dangerous defects in the Blinds, and negligently, recklessly, and/or intentionally failed to initiate a recall of horizontal blinds identical to, or substantially similar to, the Blinds, despite Defendants' knowledge as described herein, and despite Defendants' ability to initiate and carry out a recall.

26. Had Defendants made known to the consuming public the dangers of which they were aware posed by the accessible inner cord of the Blinds, and/or recalled such dangerously defective products, April's death would have been avoided.

27. Having failed to provide any warning about known dangers of the Blinds, or initiated any recall of such products, and thereby causing or contributing to April's death, defendants are liable to plaintiffs for compensatory as well as punitive or exemplary damages as described herein.

WHEREFORE, plaintiffs pray for relief as follows:

1. An award of compensatory damages in excess of $100,000, jointly and severally, against defendants;

2. An award of punitive damages against each defendant;

3. Costs, interest, and attorneys' fees as the Court may allow; and

---

COMPLAINT
Rountree v. Jencraft, et al
Page 8 of 9         Rountree/Complaint



4. Such other and further relief as the facts and law warrant.

DATED this 25 day of May 2004.

                        LAW OFFICES OF CHARLES W. RAY, JR., P.C.
                        Lawyer for Plaintiffs

                        By _____
                            Charles W. Ray, Jr.
                            ABA# 8406048

                        BURKE & BAUERMEISTER, P.L.L.C.
                        Lawyer for Plaintiffs

                        By _____
                        for Don C. Bauermeister
                            ABA# 8206005

CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

COMPLAINT
Rountree v. Jencruft, et al
Page 9 of 9        Rountree/Complaint


EXHIBIT A
page 9 of 9