Restatement (Second) of Torts § 324A (1965)

Restatement of the Law — Torts
Restatement (Second) of Torts
Current through June 2007

Copyright © 1965-2008 by the American Law Institute

Division 2. Negligence
Chapter 12. General Principles
Topic 7. Duties Of Affirmative Action
Title B. Duty To Aid Others And Services Gratuitously Rendered Or Undertaken

§ 324A. Liability To Third Person For Negligent Performance Of Undertaking

Link to Case Citations

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
    (a) his failure to exercise reasonable care increases the risk of such harm, or
    (b) he has undertaken to perform a duty owed by the other to the third person, or
    (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

See Reporter's Notes.

**Caveat:**
The Institute expresses no opinion as to whether:
(1) the making of a contract or a gratuitous promise, without in any way entering upon performance, is a sufficient undertaking to result in liability under the rule stated in this Section, or
(2) there may not be other situations in which one who has entered upon performance may be liable to a third person, where he is committed to the undertaking and cannot withdraw from it without leaving an unreasonable risk of harm to the third person.

**Comment:**
    a. The rule stated in this Section parallels the one stated in § 323, as to the liability of the actor to the one to whom he has undertaken to render services. This Section deals with the liability to third persons.
    b. This Section applies to any undertaking to render services to another, where the actor's negligent conduct in the manner of performance of his undertaking, or his failure to exercise reasonable care to complete it, or to protect the third person when he discontinues it, results in physical harm to the third person or his things. It applies both to undertakings for consideration, and to those which are gratuitous.
    c. *Increasing the risk.* If the actor's negligent performance of his undertaking results in increasing the risk of harm to a third person, the fact that he is acting under a contract or a gratuitous agreement with another will not prevent his liability to the third person. Clause (b) finds common application in cases of the negligent performance of their duties by employees or independent contractors, which creates or increases a risk of harm to third persons. Thus where the negligence of a train dispatcher, a telegraph operator, and an engineer who are rendering services to a railroad company results in a train wreck, each is subject to liability to the injured passengers.

**Illustration:**
    1. A operates a grocery store. An electric light hanging over one of the aisles of the store becomes defective, and A calls B Electric Company to repair it. B Company sends a workman, who repairs the light, but leaves the fixture so insecurely attached that it falls upon and injures C, a

EXHIBIT 44

customer in the store who is walking down the aisle. B Company is subject to liability to C.

   *d. Undertaking duty owed to third person.* Even where the negligence of the actor does not create any new risk or increase an existing one, he is still subject to liability if, by his undertaking with the other, he has undertaken a duty which the other owes to the third person. Thus a managing agent who takes charge of a building for the owner, and agrees with him to keep it in proper repair, assumes the responsibility of performing the owner's duty to others in that respect. He is therefore subject to liability if his negligent failure to repair results in injury to an invitee upon the premises who falls upon a defective stairway, or to a pedestrian in the street who is hurt by a falling sign. Such liability is in addition to that which he may have to the person to whom he has agreed to render the services.

**Illustrations:**

   2. The A Telephone Company employs B to inspect its telephone poles. B negligently inspects and approves a pole adjoining the public highway. Because of its defective condition the pole falls upon and injures a traveler upon the highway. B is subject to liability to the traveler.

   3. The A Company employs B as superintendent of building construction work. One of his duties to A Company is to inspect a scaffold erected by an independent contractor, to make sure that it is safe for A Company's workmen. B negligently fails to inspect the scaffold, and as a result of its defective condition, which would have been discovered by proper inspection, the scaffold collapses and C, a workman employed by A Company, is injured. B is subject to liability to C.

   *e. Reliance.* The actor is also subject to liability to a third person where the harm is suffered because of the reliance of the other for whom he undertakes to render the services, or of the third person himself, upon his undertaking. This is true whether or not the negligence of the actor has created any new risk or increased an existing one. Where the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk.

**Illustrations:**

   4. A Company employs B Company to inspect the elevator in its office building. B Company sends a workman, who makes a negligent inspection and reports that the elevator is in good condition. Due to defects in the elevator, which a proper inspection would have disclosed, the elevator falls and injuries C, a workman employed by A Company. B Company is subject to liability to C.

   5. A Railroad Company employs B as a watchman at its crossing, to give warning to the public of approaching trains. B goes to sleep in his shanty, and fails to warn of the approach of the train. C, an automobile driver who knows of the usual presence of the watchman, approaches the crossing and, receiving no warning, drives onto the track and is struck and injured by the train. B is subject to liability to C.

**Comment on Caveat:**

   *f.* Comments *d* and *e* on the Caveat to § 323 are applicable to the Caveat in this Section, so far as they are pertinent. As in the case of harm resulting to the person to whom a promise is made, the ancient distinction between "misfeasance" and "non-feasance" has persisted where the harm results to third persons, and decisions holding that the breach of the promise to A can result in no tort liability to B have not been overruled. Again, however, as in the case of harm to the promisee, the courts have tended to seize upon trivial and technical acts of the promisor as a "commencement" of performance and an undertaking of the responsibility, sufficient to make him liable in tort to a third person.

   Again there is no essential reason why the breach of a promise, relied upon by the promisee or by a third person, with resulting physical harm to the latter, should not result in liability in tort. Again, however, as under § 323, the question is left open in the absence of sufficient decisions.