### REQUEST FOR ADMISSION NO. 6:

Please admit that you do not know who manufactured the subject window blinds.

### RESPONSE TO REQUEST FOR ADMISSION NO. 6:

WCMA admits it does not know who manufactured the subject window blinds. Moreover, it does not matter to WCMA who manufactured the subject window blinds, because any manufacturer – whether or not a member of WCMA – can utilize the warnings promulgated in WCMA A100.1-1996 or WCMA A100.1-2002. WCMA further states it has not had the opportunity to examine the subject window blinds, and thus the information known or readily obtainable by it is insufficient to enable WCMA to either admit or deny the substance of this request.

### REQUEST FOR ADMISSION NO. 7:

Please admit that the subject window blinds do not have a UPC number on them.

### RESPONSE TO REQUEST FOR ADMISSION NO. 7:

WCMA has not had the opportunity to examine the subject window blinds, and thus the information known or readily obtainable to it is insufficient knowledge to enable WCMA to either admit or deny the substance of this request.

### REQUEST FOR ADMISSION NO. 8:

Please admit that the subject window blinds do not identify their manufacturer.

### RESPONSE TO REQUEST FOR ADMISSION NO. 8:

WCMA has not had the opportunity to examine the subject window blinds, and thus the information known or readily obtainable to it is insufficient knowledge to enable WCMA to either admit or deny the substance of this request.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that neither you nor your members has [sic] at any time promulgated any procedure for facilitating a full recall of corded window covering products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

To the extent that the phrase "promulgated any procedure for facilitating a full recall of corded window covering products" means developing or implementing a plan to replace all corded window covering products in existence, WCMA admits it has never done so. WCMA further states it is a voluntary organization which lacks the ability to recall products, and WCMA further states it would not recall window coverings – even if it could – that comply with these voluntary standards, since such blinds would not be defective.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that you are aware of no effective means of implementing a full recall of corded window covering products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

WCMA denies all allegations contained in this request. The United States Consumer Product Safety Commission ("CPSC"), which worked with WCMA to develop the warnings contained in WCMA A100.1-1996 and WCMA A100.1-2002, has authority to recall window coverings it believes to be defectively designed. WCMA objects to this Request for Admission on the ground that its terms, including "effective means" and "full recall," are vague, ambiguous and undefined.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that at no time have you initiated a full recall of any corded window covering products of any kind.

045

**REQUEST FOR ADMISSION NO. 15:**

Please admit that after August __, 1996, and until adoption of the 2002 Standard, the 1996 Standard applied to all items described in ¶¶ 1.2 and 1.3 of the 1996 Standard.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

WCMA admits that WCMA A100.1-1996 was intended to create voluntary standards for the products described in ¶¶ 1.2 and 1.3 therein. WCMA denies WCMA A100.1-1996 "applied to all" such products because WCMA A100.1-1996 is a voluntary standard and does not mandate or require any product comply with its terms. As stated on Page 2 of WCMA A100.1-1996; "[t]he existence of an American National Standard *does not in any respect preclude anyone, whether he has approved the Standard or not, from manufacturing, marketing, purchasing, or using products, processes, or procedures not conforming to the Standard*" (italics added). WCMA objects to this Request for Admission on the ground that the range of dates specified are undefined.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that before publication of the 1996 Standard, members of the WCMA recognized that unfortunate accidents, including strangulation, had occurred among young children as a result of their entanglement in flexible loops that comprised a part of certain corded window covering products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

WCMA admits it was aware of reports that children had strangled in the cords of corded window covering products at the time WCMA A100.1-1996 was published. WCMA is a voluntary organization, and it is neither legally qualified to address the level of awareness of these facts for each constituent member nor practically is it aware what its members knew and when.

047

### REQUEST FOR ADMISSION NO. 17:

Please admit that before publication of the 1996 Standard, members of the WCMA recognized that unfortunate accidents, including strangulation, had occurred among young children as a result of their entanglement in "accessible inner cords," as that term is defined in ¶ 3.1 of the 2002 Standard.

### RESPONSE TO REQUEST FOR ADMISSION NO. 17:

WCMA admits it was aware of at least one report a child had strangled in the inner cords of a corded window covering product at the time WCMA A100.1-1996 was published. WCMA is a voluntary organization, and it is neither legally qualified to address the level of awareness of these facts for each constituent member nor practically is it aware what its members knew and when.

### REQUEST FOR ADMISSION NO. 18:

Please admit that the 1996 Standard does not define the term "accessible inner cords."

### RESPONSE TO REQUEST FOR ADMISSION NO. 18:

WCMA admits that WCMA A100.1-1996 does not define the term "accessible inner cords."

### REQUEST FOR ADMISSION NO. 19:

Please admit that WCMA did not participate in any recall to repair corded window covering products.

### RESPONSE TO REQUEST FOR ADMISSION NO. 19:

WCMA admits that it did not participate in, engage in, provide support for, nor was it associated with, any "recall to repair," including any corrective action plan implemented by the Window Covering Safety Council ("WCSC") and approved by the CPSC.

### RESPONSE TO REQUEST FOR ADMISSION NO. 67:

WCMA admits it has never required its members to report to it any claims of injuries related to their products. WCMA further answers that it is a voluntary organization of window covering manufacturers, and WCMA does not require its members or anyone else to undertake any action. WCMA objects to this request on the grounds that it seeks the precise information sought by Request for Admission No. 68, and, coupled with that request, it does not attempt to narrow the issues for trial but instead is a demand for information that properly should be made in an interrogatory. By requesting WCMA admit two contradictory statements, the plaintiffs are in effect seeking the answer to a direct query; that is, whether WCMA requires its members to report to it claims of injuries connected to their products. This is improper because by demanding that WCMA provide this information by responding to a pair of contradictory requests for admission, the plaintiffs are attempting to circumvent the limit on interrogatories one may serve on another party imposed by Rule 33(a) of the Federal Rules of Civil Procedure. *See Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) ("Efforts to use other devices such as requests for admissions to circumvent the limitation on number of interrogatories should not be sustained.") (quoting 8A Wright, Miller & Marcus § 2168.1, at 12 (Supp. 1997)).

### REQUEST FOR ADMISSION NO. 68:

Please admit that you have always required your members to report to you any claims that children or infants had been injured or killed due to strangulation in looped cords or accessible inner cords of products manufactured, assembled, or distributed by your members.

be made in an interrogatory. By requesting WCMA admit two contradictory statements, the plaintiffs are in effect seeking the answer to a direct query; that is, whether WCMA requires its members to report to the CPSC claims of injuries connected to their products. This is improper because by demanding that WCMA provide this information by responding to a pair of contradictory requests for admission, the plaintiffs are attempting to circumvent the limit on interrogatories one may serve on another party imposed by Rule 33(a) of the Federal Rules of Civil Procedure. *See Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) ("Efforts to use other devices such as requests for admissions to circumvent the limitation on number of interrogatories should not be sustained.") (quoting 8A Wright, Miller & Marcus § 2168.1, at 12 (Supp. 1997)).

## REQUEST FOR ADMISSION NO. 71:

Please admit that you have never engaged, whether as employee, independent contractor or otherwise, any engineer or other professional to examine the safety of corded window covering products.

## RESPONSE TO REQUEST FOR ADMISSION NO. 71:

WCMA admits it has never engaged an employee, independent contractor or otherwise, any engineer or other professional to examine the safety of corded window covering products. WCMA further answers that it does not and did not participate in any design, manufacture, inspection, testing, distribution or sale of any window covering product.

## REQUEST FOR ADMISSION NO. 72:

Please admit that you do not have any practice or procedure for tracking injuries or deaths caused by corded window covering products.

073

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

WCMA, which is a voluntary organization, admits it has no procedure for tracking injuries or deaths caused by corded window covering products.

**REQUEST FOR ADMISSION NO. 73:**

Please admit that you received a copy of Exhibit 3 before publication of the 1996 Standard.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

WCMA admits it received a copy of the referenced document prior to publication of WCMA A100.1-1996.

**REQUEST FOR ADMISSION NO. 74:**

Please admit that Exhibit 3 is admissible at trial.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

WCMA currently lacks sufficient information to admit or deny the allegations contained in this request. If WCMA has any objections to the admissibility of the referenced document, it will make them at the proper time, if and when it is listed on an exhibit list.

**REQUEST FOR ADMISSION NO. 75:**

Please admit that you received a copy of Exhibit 4 before publication of the 1996 Standard.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

WCMA admits it received a copy of the referenced document prior to publication of WCMA A100.1-1996.

**REQUEST FOR ADMISSION NO. 76:**

Please admit that Exhibit 4 is admissible at trial.

regarding a legal conclusion concerning an ultimate issue in the case. *See Collins v. J.C. Penney Life Ins. Co.*, 2003 U.S. Dist. LEXIS 8455, *30-31 (S.D. Cal. 2003).

### REQUEST FOR ADMISSION NO. 84:

Please admit that the warning label attached to the bottom rail of the subject blinds was produced after adoption of the 1996 Standard.

### RESPONSE TO REQUEST FOR ADMISSION NO. 84:

WCMA admits that the label pictured in Exhibit 5 to the plaintiffs' Opposition to WCMA's Motion to Dismiss for Lack of Personal Jurisdiction, which the plaintiffs purport to be a photograph of the label attached to the bottom rail of the window coverings they allege caused the injuries for which they seek damages, appears to have been produced after the adoption of WCMA A100.1-1996. WCMA further answers that it has not had the opportunity to examine the subject window blinds and is therefore relying on the aforementioned photograph.

### REQUEST FOR ADMISSION NO. 85:

Please admit that "ANSI/WCMA 5.1.1" on the warning label attached to the bottom rail of the subject blinds refers to paragraph 5.1.1 of the 1996 Standard.

### RESPONSE TO REQUEST FOR ADMISSION NO. 85:

WCMA, which it did not participate in any design, manufacture, inspection, testing, distribution or sale of any window covering product states that it lacks sufficient information to respond properly to this request.