Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501
phone: (907) 279-3581
fax:     (907) 277-1331
dct@delaneywiles.com

Jameson B. Carroll, Esq.
Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30309
phone: (404) 572-2804
fax:     (404) 572-5137
jcarroll@kslaw.com
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; et al. | )<br>)<br>) Case No. 3:04-cv-0112-JWS<br>) |
| Plaintiffs, | ) __WINDOW COVERING__<br>) __MANUFACTURERS__ |
| vs. | ) __ASSOCIATION'S__<br>) __REPLY IN SUPPORT__ |
| WINDOW COVERING MANUFACTURERS ASSOCIATION, | ) __OF ITS MOTION IN LIMINE__<br>) __TO EXCLUDE THE TESTIMONY__<br>) __OF STUART STATLER__ |
| Defendant. | )<br>) |

Window Covering Manufacturers Association ("WCMA"), named as a defendant in the above-styled action, files this Reply in Support of its Motion in Limine to Exclude the Testimony of Stuart Statler, respectfully showing the Court as follows:

# INTRODUCTION

In its prior briefing on its Motion in Limine, WCMA noted that the Federal Rules of Evidence instruct district courts to focus not on the content of an expert witness's opinions, but on the methodology the expert used in reaching those opinions. Likewise, an expert's experience is irrelevant to the requirement that the expert utilize a reliable methodology in formulating his opinions. Therefore, any attempts to distract the court from an inadequate methodology by pointing to an impressive resume must be unavailing. As Federal Rule of Evidence 702 itself states, once the expert is qualified "by knowledge, skill, experience, training, or education," the court still must determine that the testimony itself is "based on sufficient facts and data" and "the product of a reliable methodology."

Plaintiffs attempt to conflate these separate inquiries by pointing to Mr. Statler's background as a former commissioner of the U.S. Consumer Products Safety Commission ("CPSC"), arguing that his experience somehow obviates the need to base his opinions on the application of a reliable methodology to sufficient facts, as Rule 702 expressly requires. As support, they cite to a single case determining that it was not an abuse of discretion to allow a 25-year insurance industry consultant to testify about insurance practices. *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004).

But they never address why this case is analogous to Mr. Statler, whose proposed testimony goes far beyond common practices in the consumer safety arena. Mr. Statler offers opinions about the adequacy of warnings, a field in which scientists with doctorates conduct peer-reviewed research before reaching conclusions (and one in which Mr. Statler himself admits requires "some research"). *Hangarter*'s holding is more narrowly focused on opinions that are

"not contingent upon a particular methodology or technical framework." *Id.* at 1016. Mr. Statler also offers opinions that WCMA had a legal duty to Plaintiffs, that WCMA was negligent, and that its conduct was reckless – all conclusions of the type that the *Hangarter* court frowned upon. *Id.* (the witness "never testified that he had reached a legal conclusion that Defendants actually acted in bad faith"). Nor do plaintiffs explain why Mr. Statler's experience with the CPSC – an organization that expressly approved of WCMA's relevant actions – qualifies him to now testify counter to CPSC's position and call WCMA's very existence a sham. Finally, they never reconcile the fact that while the *Hangarter* court noted approvingly that no court had determined that the insurance expert was unqualified to testify, *id.*, at least one federal court recently excluded Mr. Statler based on many of the same arguments WCMA makes here, even citing testimony virtually identical, word-for-word, to the opinions Mr. Statler offers here.

The opinions Mr. Statler proposes to offer here are not reliable enough for a courtroom, and Plaintiffs' response brief hardly says otherwise. WCMA, in its Motion in Limine, challenged five of Mr. Statler's opinions; Plaintiffs respond to four of those challenges,[1] but fail to address them directly:

1. Plaintiffs respond to WCMA's motion to exclude Mr. Statler's opinions that offer legal conclusions by arguing that "ultimate issue" testimony – a completely unrelated concept – is admissible.

2. Plaintiffs respond to WCMA's challenges to Mr. Statler's specific opinions about warnings by urging the Court to ignore his deposition testimony about the bases for the opinion and instead examine the long list of documents he reviewed.

---

[1] Plaintiffs do not respond to WCMA's argument that Mr. Statler's opinion that CPSC informed WCMA of the hazards of strangulation in 1981 is mere speculation.

3. Plaintiffs respond to WCMA's assertion that Mr. Statler lacks sufficient basis for his opinion about WCMA's knowledge by pointing to a list of "significant evidence" that in reality contains a single letter and attached case report.

4. Plaintiffs respond to WCMA's assertion that Mr. Statler's strident tone – already criticized by another federal judge – is more prejudicial than probative by intensifying their attacks on WCMA.

Rule 702 does not permit an expert to rest on an impressive resume. He must apply a reliable methodology to relevant facts, and he cannot duck this important responsibility simply by claiming "experience" in the field. "Even experts must show that they used science and not speculation to come to their conclusions." *Cartwright v. Home Depot USA, Inc.*, 936 F. Supp. 900, 905 (M.D. Fla. 1996) (excluding testimony of several experts who did not test their opinions).

## ARGUMENT AND CITATION TO AUTHORITY

A. **Mr. Statler's opinions as to WCMA's purported duty should be excluded because they are legal conclusions, not because they are "in the form of ultimate issues."**

The first argument in Plaintiffs' response brief contends that Rule 704 of the Federal Rules of Evidence permits Mr. Statler to offer testimony that "embraces an ultimate issue to be decided by the trier of fact." (Plfs' Response at 19.) But WCMA never suggested that Mr. Statler could not offer such evidence. Indeed, WCMA's brief *never* used the phrase "ultimate issue," and it is unclear why Plaintiffs make this argument at all.

What WCMA does contend is that Mr. Statler should be barred from offering an opinion as to a legal conclusion, which is clearly prohibited. *Crow Tribe of Indians v. Racicot,* 87 F.3d

*Rountree, et al. v. Window Covering Manufacturers Association*  
Case No. 3:04-cv-0112-JWS  
Page 4 of 11  
WCMA's Reply in Support of MIL re Statler

1039, 1045 (9th Cir. 1996). As Plaintiffs themselves "wholeheartedly agree," "Mr. Statler may not instruct the jury on the law." (Plfs' Response at 20.) Plaintiffs' argument is completely off-topic and irrelevant, and this portion of WCMA's motion should be considered unopposed.

WCMA raised this issue because Mr. Statler repeatedly offered opinions in his expert disclosure and his deposition that are clearly conclusions of law. As WCMA pointed out in its prior briefing, Mr. Statler states again and again that WCMA owed a duty to Plaintiffs, then makes clear that he is using that word "in terms of legal duty." (Statler Rep. at 13-15, 17 (Exhibit C to WCMA's Motion in Limine); Statler Dep. at 208 (Exhibit B to WCMA's Motion in Limine).)[2] In Alaska, the nature and extent of a duty "is a question of law." *Mulvilhill v. Union Oil Co.*, 859 P.2d 1310, 1313 n.4 (Alaska 1985). *Compare Hangarter*, 373 F.3d at 1016 (witness testified about defendants' deviations from standards but "never testified that he had reached a legal conclusion that Defendant acted in bad faith").

Further, contrary to Plaintiffs' statement, WCMA does not object to Mr. Statler offering opinions on the adequacy of warnings or whether WCMA was adequately concerned about safety because the opinions address ultimate issues. WCMA objects to Mr. Statler's recurring use of legal terms, including those the jury is likely to hear in the judge's instructions, to describe his opinions as to the scope of WCMA's duty and whether that duty was breached. Plaintiffs dismiss it as "wordplay," but by offering the jury opinions on a question of law, and using terms of art like "reckless disregard" and "reasonable care," Mr. Statler is impermissibly attempting to supplant the independent judgment of the jury.

---

[2]   For consistency in briefing, the page references to Mr. Statler's deposition transcripts are to the pages of the transcript itself, not to the pages of the exhibit.

Nor is WCMA's motion unprecedented. As explained in its prior briefing, at least one other federal court has excluded testimony of Mr. Statler after finding that it contained impermissible legal conclusions. *Hayes v. MTD Products, Inc.,* 518 F. Supp. 2d 898, 901 (W.D. Ky. 2007) (Exhibit A to WCMA's Motion in Limine). In excluding his testimony, the Kentucky court cited two phrases that appear nearly verbatim in Mr. Statler's report in this case. *Id.* In their attack on the Kentucky decision in their response, Plaintiffs conveniently fail to mention that court's holding that Mr. Statler's testimony contained impermissible legal conclusions.

Finally, Plaintiffs attempt to scare this Court into allowing the testimony with their contention that WCMA seeks to "strike" Mr. Statler as a witness only because some of his opinions are legal conclusions. (Plfs' Response at 22 (calling WCMA's motion a "draconian striking of the expert").) WCMA has made no such request. Its Motion in Limine clearly addresses only Mr. Statler's opinion that WCMA undertook a duty – a limitation made clear in the boldface title of that section of WCMA's brief. WCMA has clearly delineated Mr. Statler's opinions and provided sound, individual arguments why each should be excluded – it is Plaintiffs who have tried to conflate different aspects of his testimony in an attempt to bypass *Daubert*.

B.   **Mr. Statler's opinions about the adequacy of warnings lack a proper basis.**

Similarly, Plaintiffs attempt to divert the Court's attention from Mr. Statler's specific opinions on the adequacy of the warnings in this case to "the entirety of Mr. Statler's report" in order to avoid the guidelines set forth by *Daubert* and its progeny. Plaintiffs state that Mr. Statler's opinions on this issue were "extensively based on the above listed factual record"[3] and

---

[3]   Plaintiffs spend 15 pages of their 27-page brief – two pages longer than the maximum permitted under Local Rule 10.1(m) – reprinting the list of facts they submitted with their summary judgment response, filed the same day. There apparently has been no attempt to select

his "thirty years experience in the business." (Plfs' Response at 22.) But in exercising its gatekeeping function, a district court must focus on the expert's methodology, not his education or experience. *Claar v. Burlington Northern Railroad Co.,* 29 F.3d 499, 501 (9th Cir. 1994). Federal Rule of Evidence 702's requirements are specific, mandating that courts ensure that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

That is precisely what WCMA is seeking here. Mr. Statler may have "thirty years of experience in the business," but that does not comprise a reliable methodology. Nor did Mr. Statler cite his "experience in the business" in support of these opinions in his deposition. Instead, for his opinion that the placement of the bottom-rail warning was inadequate, he cited an estimate based on his personal observation of blinds throughout his life. For his opinion that hangtag warnings are useless, he testified that he personally did not read hangtags. (Statler Dep. at 176-78, 195-96 (Exhibit B to WCMA's Motion in Limine).)

The study of warnings is not, as Plaintiffs appear to suggest, one in which general experience equates to expertise. A number of engineers, psychologists, and other credentialed scientists devote their careers to researching how people perceive warnings, including the impact of content, design, and placement. Indeed, two of WCMA's experts, Dr. Nathan Dorris and Dr. Christine Wood, are Ph.Ds who study warnings almost exclusively, publishing the results in peer-reviewed journals and implementing their findings in the development of new warnings. It is fully proper for this Court to inquire as to the basis for Mr. Statler's contention that the

---

facts they believe are relevant to Mr. Statler; thus citing generally to "the above listed factual record" is virtually meaningless.

bottom-rail warning should have been placed elsewhere, especially when Mr. Statler himself admits that "there would need to be some research done." (Statler Dep. at 178-79 (Exhibit B to WCMA's Motion in Limine).)

Even *Hangarter*, the case relied upon by Plaintiffs, classified the insurance expert's opinions as a type "not contingent upon a particular methodology or technical framework." Hangarter, 373 F.3d at 1018. That is not the case here. Mr. Statler cannot shrug his shoulders and offer a highly technical opinion without proffering an adequate technical basis for that opinion.

The quote from Mr. Statler's expert report that Plaintiffs select to illustrate their point in their response is telling:

> Moreover, as a practical matter, what purpose is accomplished by placing a critical safety warning – one addressed to the most tragic of risks involving the strangulation of a small child – in a place [and] manner where it is least likely to be seen?

(Plfs' Response at 22 (quoting Statler Rep. at 14).) This is not an opinion at all. It is a rhetorical question based on a wholly unsupported premise. It is precisely the type of opinion the Supreme Court contemplated when it instructed district courts that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner,* 522 U.S. 136, 146 (1997).

C. **Mr. Statler has an insufficient basis for opining that WCMA was informed about inner-cord strangulation in 1994.**

WCMA contends that Mr. Statler had an inadequate evidentiary basis for his opinion that WCMA knew of the hazard of inner cord strangulation in 1994, when work began on the 1996

*Rountree, et al. v. Window Covering Manufacturers Association*  
Case No. 3:04-cv-0112-JWS  
Page 8 of 11  
WCMA's Reply in Support of MIL re Statler

safety standard. Plaintiffs respond that the "rendition of the facts above cited establish that the material reviewed by Mr. Statler contained significant information informing WCMA about the hazard of inner cord strangulation long before it issued its November 1996 first standard." (Plfs' Response at 23.) This is simply not true. Plaintiffs have helpfully organized their lengthy recitation of the facts in chronological order, and it takes but a moment to see that the only possible evidence suggesting that WCMA was informed about inner cord strangulation is the 1990 letter Plaintiffs discuss in the following paragraph. (Plfs' Response at 1-15.)

Plaintiffs contend that the 1990 letter and its accompanying exhibit comprise "clear notice" to the WCMA of the inner cord issue. WCMA stands by its argument that Mr. Statler's opinion on that issue is pure speculation, because he admitted that he did not know whether the product described in the letter was similar to miniblinds, or was a product manufactured by a WCMA member. (Statler Dep. at 140-41 (Exhibit B to WCMA's Motion in Limine).) WCMA is not arguing at this time that Plaintiffs may not rely on the letter as evidence of notice at trial; it is merely objecting to Mr. Statler's attempt to offer an opinion based on a letter that raises questions he never bothered to answer. Without any specialized knowledge about the letter's contents, the letter speaks for itself. *See U.S. v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) (excluding expert testimony on interpretation of statements that are either speculation or common knowledge); *White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002) ("A layman, which is what an expert witness is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion.").

**D.    Mr. Statler's inflammatory comments should be excluded under Rule 403.**

WCMA further stands by its argument that Mr. Statler's more strident assertions – including his admittedly baseless claim that WCMA's alleged failings were motivated by greed – present a substantial risk of "unfair prejudice, confusion of the issues, or misleading the jury" that outweighs any probative value of such inflammatory statements.  Fed. R. Evid. 403.  The fact that Plaintiffs attempt to counter this argument by tossing more mud at the WCMA, such as offering the absolutely irrelevant fact that WCMA shares an office suite with a comics-publishing organization, only serves to illustrate that they intend to use these prejudicial statements solely to inflame the jury.

WCMA also reminds the Court that Mr. Statler's opinions have been excluded in at least one other federal court by a judge who cited the exact same reason WCMA asserts here.   In his order excluding Mr. Statler from testifying in a case in the Western District of Kentucky, Judge Heyburn criticized Mr. Statler's proposed report because it "reads less like an expert's unbiased assessment and more like counsel's closing argument."  *Hayes,* 518 F. Supp. 2d. at 901.

### CONCLUSION

For the reasons stated above and in its prior briefing, WCMA respectfully requests that this Court exclude the testimony of Mr. Stuart Statler.

Respectfully submitted, this 30th day of April, 2008.

DELANEY WILES, INC.

Attorneys for Defendant Window Covering Manufacturers Association

 _s/Donald C. Thomas_____
Donald C. Thomas
Delaney Wiles, Inc.

1007 W. Third Avenue, Suite 400
Anchorage, Alaska 99501
phone: (907) 279-3581
fax:     (907) 277-1331
dct@delaneywiles.com

Jameson B. Carroll
Michael Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA  30303
phone: (404) 572-2804
fax:     (404) 572-5143
jcarroll@kslaw.com
mweiss@kslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 30 April 2008, I caused to be electronically served a copy of the foregoing **WINDOW COVERING MANUFACTURERS ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF STUART STATLER** upon:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
205 E. Dimond Blvd., No. 531
Anchorage, AK  99515

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West 6th Avenue, Ste. 200
Anchorage, Alaska 99501

_s/Donald C. Thomas_____
Donald C. Thomas