Donald C. Thomas, Esq.
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK 99501
phone: (907) 279-3581
fax: (907) 277-1331
dct@delaneywiles.com

Jameson B. Carroll, Esq.
Michael Weiss, Esq.
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
phone: (404) 572-2804
fax: (404) 572-5137
jcarroll@kslaw.com
mweiss@kslaw.com

Attorneys for Defendant
Window Covering Manufacturers Association

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of THE ESTATE OF APRIL LYNNE COX; et al.<br><br>Plaintiffs,<br><br>vs.<br><br>WINDOW COVERING MANUFACTURERS ASSOCIATION,<br><br>Defendant. | Case No. 3:04-cv-0112-JWS<br><br><u>WINDOW COVERING MANUFACTURERS ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JON JACOBSON</u> |

Window Covering Manufacturers Association ("WCMA"), named as a defendant in the above-styled action, files this Reply in Support of its Motion in Limine to Exclude the Testimony of Dr. Jon Jacobson, respectfully showing the Court as follows:

In their attempt to put the testimony of Dr. Jon Jacobson in evidence, Plaintiffs try to couch WCMA's argument in its Motion in Limine into benign terms – that WCMA is just complaining that Dr. Jacobson reviewed fewer documents than their other proffered expert, Stuart Statler. Even a cursory reading of WCMA's motion and brief reveals that is not true. The problem is not the number of documents Dr. Jacobson looked at. The problem is the number of facts – facts that are material to his opinions – that he simply does not know.

Plaintiffs try to brush this off by dismissing Dr. Jacobson's role in the case as "a relatively narrow one." (Plfs' Resp. to Motion in Limine at 2.) They then list 14[1] separate opinions he intends to offer, all of which go to what Plaintiffs describe in their response to WCMA's Motion for Summary Judgment as "the fundamental question in this case" – "why weren't cord stops incorporated into the 1996 WCMA standard?" (Plfs' Resp. to Motion for Summary Judgment at 26.) In fact, in Dr. Jacobson's deposition, Plaintiffs' counsel himself solicited an opinion about the cause of April Cox's death. (Jacobson Dep. at 89 (Exhibit A to WCMA's Motion).)[2] This is not the "relatively small role" Plaintiffs describe in their motion. (Plfs' Resp. to Motion in Limine at 2.)

But regardless of the size of Dr. Jacobson's role, Plaintiffs' argument in response is merely a straw man. WCMA does not suggest that there is some magic number of documents

---

1 Interestingly, in his deposition, Dr. Jacobson himself identified only two opinions he intends to give. (Jacobson Dep. at 24-25 (Exhibit A to WCMA's Motion).)

2 For consistency in briefing, the page references to Dr. Jacobson's deposition transcripts are to the pages of the transcript itself, not to the pages of the exhibit.

Dr. Jacobson must review before his opinions become reliable.[3] WCMA simply points out precisely what Federal Rule of Evidence 702 states: that the data underlying an expert's opinion must be sufficient. Here, the record shows that it is not:

- The documents Dr. Jacobson reviewed were cherry-picked by counsel for Plaintiffs, who did not provide all documents relevant to the opinions they sought, and Dr. Jacobson never asked for any additional materials.

- Dr. Jacobson never looked at the blinds at issue (even though they are in Plaintiffs' possession), never read any report concerning the blinds, and has no idea whether they complied with the relevant safety standard.

- Dr. Jacobson has not looked at any report about the incident itself, including police or autopsy reports.

- Dr. Jacobson does not know many crucial and relevant facts, including what WCMA knew about strangulation risks and when, and whether WCMA inspects blinds or certifies compliance with the safety standard.

- Dr. Jacobson conducted absolutely no independent research into the issue, despite having no experience with window blind strangulation issues.

Plaintiffs do not address Rule 702's requirement that expert testimony be "based upon sufficient facts or data." Instead, they base their argument on Rule 703, which simply allows an

[3] WCMA also contended that Dr. Jacobson's opinions should be excluded because their confusing nature – of which WCMA provided numerous examples in its prior briefing – substantially outweighed any probative value under Fed. R. Evid. 403. In their response, Plaintiffs argue that Dr. Jacobson's testimony is not so confusing to meet that standard (though, as evidence, they point to only their own summary of his opinions, rather than Dr. Jacobson's own presentation of them in his report and deposition). WCMA stands by the argument as set forth in its prior briefing.

expert to include facts made known to him at a hearing as a basis of his testimony. Fed. R. Evid. 703. That rule in no way limits or reduces an expert's obligations under Rule 702 that those facts be sufficient and reliable, and Plaintiffs offer no authority that it does. *Claar v. Burlington Northern Railroad Co.*, 29 F.3d 499, 501 (9th Cir. 1994) ("Rule 703 merely relaxes, for experts, the requirement that witnesses have personal knowledge of the matter to which they testify. It does not deal with the authority of the court to scrutinize an expert's methodology" (citation omitted).)

The issue here is simple. Dr. Jacobson's opinions were prepared solely for litigation and based exclusively on only a small fraction of the relevant and available evidence, all because Plaintiffs cherry-picked the documents they wanted Dr. Jacobson to review. Dr. Jacobson never looked for anything else, and proffered the opinions in his expert report without knowledge of the most basic facts of this case. There is nothing reliable about opinions based on documents hand-selected by one side in litigation and unsupported by even the most elemental independent research. Those opinions do not meet the standard set forth in the Federal Rules of Evidence and by the Supreme Court in *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579 (1993). They should be excluded.

Respectfully submitted, this 30th day of April, 2008.

DELANEY WILES, INC.

Attorneys for Defendant Window Covering Manufacturers Association

_s/Donald C. Thomas_____
Donald C. Thomas
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400

Anchorage, Alaska 99501
phone: (907) 279-3581
fax: (907) 277-1331
dct@delaneywiles.com

Jameson B. Carroll
Michael Weiss
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
phone: (404) 572-2804
fax: (404) 572-5143
jcarroll@kslaw.com
mweiss@kslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 30 April 2008, I caused to be electronically served a copy of the foregoing **WINDOW COVERING MANUFACTURERS ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JON JACOBSON** upon:

Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
205 E. Dimond Blvd., No. 531
Anchorage, AK 99515

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 West 6th Avenue, Ste. 200
Anchorage, Alaska 99501

_s/Donald C. Thomas______
Donald C. Thomas