UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

VALERIE ROUNTREE, individually )
and as Personal Representative of )
the ESTATE OF APRIL LYNNE COX; )
MORGAN SCHEDIWY, a minor )
through her natural mother and )
guardian VALERIE ROUNTREE; and )
CHRISTOPHER COX )
 )
      Plaintiffs, )    3:04-cv-112 JWS
 )
  vs. )    ORDER FROM CHAMBERS
 )
 )    [Re:   Motion at Docket 153]
CHING FENG BLINDS INDUSTRY )
CO., LTD., *et al.*, )
 )
      Defendants. )
_____ )

**I. MOTION PRESENTED**

At docket 153, defendant Window Covering Manufacturer's Association ("WCMA") moves in limine to exclude the testimony of Dr. Jon Jacobson. Plaintiffs Valerie Rountree and Christopher Cox ("Plaintiffs") oppose the motion at docket 170. WCMA's reply is filed at docket 178. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

This action arose out of the death of April Cox, who strangled in the inner cord of a window blind at her grandparents' home on May 27, 2002. Valerie Rountree and Christopher Cox are the decedent's biological parents. Morgan Schediwy is the decedent's sister. Plaintiffs filed a complaint against WCMA and three other defendants. All defendants but WCMA have been dismissed.

WCMA is a non-profit trade association incorporated in New Jersey, with its principal place of business in New York. WCMA's membership consists exclusively of window covering manufacturers. In 1996, WCMA developed a national safety standard intended to address the strangulation hazard posed by window blinds.[1] A warning bearing strong resemblance to that sponsored by WCMA was affixed to the blinds in which April Cox got caught. Plaintiffs' cause of action sounds in negligence and alleges that WCMA's standard was "woefully inadequate."[2] Specifically, Plaintiffs allege that WCMA undertook to perform a service by developing the safety standard, and thereby incurred liability to Plaintiffs for the death of April Cox.

WCMA moves to exclude the testimony of one of Plaintiffs' expert witnesses, Jon Jacobson. Jacobson is a professional engineer who holds a bachelor's degree in mechanical engineering, a master's degree in mechanical and bioengineering and a doctorate in mechanical and bioengineering.[3] Jacobson also has a wide array of

---

[1] Doc. 168-56, exh. 50 at 3, 5.

[2] Doc. 164 at 25.

[3] Doc. 170-2, exh. 54 at 4.

"professional affiliations"[4] and vast experience in the field of engineering.  Jacobson has appeared as an expert witness in numerous cases and has been retained by Plaintiffs to testify as to the adequacy of the safety standard developed by WCMA.[5]

### III. STANDARD OF REVIEW

"Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."[6] Federal Rule of Evidence 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[7]

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."[8]  "A [district] court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability."[9]  *Daubert* identifies several factors to consider in determining the reliability of expert testimony, but a district court

---

[4]*Id.*

[5]Doc. 170 at 2-3.

[6]*Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

[7]Fed. R. Evid. 702.

[8]*Id.* at 597.

[9]*Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002).

only need "consider [those] factors . . . where they are reasonable measures of the reliability of expert testimony."[10] "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702."[11]

## IV. DISCUSSION

### A. Reliability

#### 1. Dr. Jacobson's Opinions

WCMA argues that because Jacobson has not inspected the blinds, his testimony should be excluded.[12] It does not appear that Jacobson will testify about the blinds themselves. In the Plaintiff's summary of his testimony in their opposition to the motion in limine, there is no mention of the blinds. Jacobson appears prepared to offer his opinions on the adequacy of the safety standard developed by WCMA, not whether the specific blinds conformed. The reliability of his testimony therefore, does not depend on his inspection of the blinds.

#### 2. Dr. Jacobson's Examination of the Evidence

WCMA contends that Jacobson's testimony should be excluded because he has not examined a great deal of the evidence available in this case.[13] Again, if he intended

---

[10] *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).

[11] *Mukhtar*, 299 F.3d at 1063 n. 7.

[12] Doc. 154 at 6-7.

[13] Doc. 154 at 7-10.

to testify about the items listed in WCMA's motion[14], then Jacobsen's limited familiarity with the record might pose a problem. However, his testimony has a narrow focus and therefore, it is only necessary that he have inspected those documents related to that focus. The Federal Rules of Evidence permit the basis of opinion testimony to be those facts "perceived by or made known to the expert at or before the hearing."[15]

WCMA argues that Jacobson's choice not to seek additional documents shows lack of the "intellectual rigor that characterizes the practice of an expert in the relevant field."[16] The amount of additional investigation undertaken does not necessarily determine the adequacy of an expert's intellectual rigor. The Ninth Circuit has said, "the *Kumho Tire* test of the rigors of the professional discipline"[17] can be satisfied by expert testimony having a *foundation* in facts.[18] Fundamentally, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."[19]

### 3. Jacobson's "Methodology"

WCMA contends that Jacobson's methodology is compromised by his failure to obtain information beyond that provided to him by Plaintiffs. In *Hangarter v. Provident*

---

[14] *Id.* at 8-9.

[15] Fed. R. Evid. 703.

[16] *Kumho Tire*, 526 U.S. at 152.

[17] *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830 (9th Cir. 2001).

[18] *Id.* at 830-832.

[19] *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 n. 14 (9th Cir. 2004) (citing favorably *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004)).

*Life & Accident Ins. Co.*, plaintiff's expert "testified as to whether [the] [d]efendants' practices were consistent with insurance industry standards."[20] In allowing the expert's testimony, the court stated that "[t]his sort of analysis is dependent upon the witness's knowledge of, and experience within, the insurance industry."[21] Here, Jacobson's testimony is related to the adequacy of WCMA's safety standard and its consistency with industry standards. His analysis is a product of his expertise in the field of engineering. Since his testimony is not scientific in nature, shortcomings in his methodology have less effect on the reliability of his opinions. Jacobson is an expert in the field of engineering. Based on that expertise he may opine as to the adequacy of WCMA's safety standard based on the documents that he has inspected. Jacobson's "'experience, training, and education' provide[s] a sufficient foundation of reliability for his testimony."[22]

### 4. Opinion In the Context of Specific Litigation

WCMA argues further that the reliability of Jacobson's testimony is diminished because his opinions were formed specifically for the litigation at hand. "One very significant fact to be considered is whether"[23] the expert has "developed [his] opinions expressly for purposes of testifying."[24] However, the fact "[t]hat an expert testifies for

---

[20]*Id.* at 1017 n. 14.

[21]*Id.* at 1017 n. 14.

[22]*Id.* at 1018.

[23]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995).

[24]*Id.* at 1317.

money does not necessarily cast doubt on the reliability of his testimony."[25]  Even though the context in which Jacobson's opinions were formed must be considered, that those opinions were developed "solely in the context of this litigation"[26] is not dispositive of their admissibility. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[27]

### B. Relevance

#### 1. Assistance to the Jury

Federal Rule of Evidence 702 requires that the expert's "knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]"[28] "This condition goes primarily to relevance."[29]  WCMA first contends that Dr. Jacobson's testimony is irrelevant "because it is difficult to understand"[30] and therefore not helpful to the jury.  The question of relevance cannot be resolved by evaluating the simplicity of the testimony, otherwise the testimony of countless experts would be excluded on this basis alone. Whether expert testimony is of assistance to the jury is instead resolved by considering the content of the testimony and the likelihood that the content falls outside

---

[25] *Id.* at 1317.

[26] Doc. 154 at 11.

[27] *Daubert*, 509 U.S. at 595.

[28] Fed. R. Evid. 703.

[29] *Daubert*, 509 U.S. at 591.

[30] Doc. 154 at 13.

"the common sense knowledge of laypersons . . . ."[31] Opinion testimony regarding the adequacy of a safety standard for window blinds from the perspective of an expert engineer would almost certainly help the jury in this instance. A typical juror is not likely familiar with the intricacies of safety standards generally or standards for window blinds in particular.

### 2. Effect of Federal Rule of Evidence 403

WCMA's final contention is that, under Federal Rule of Evidence 403, the probative value of Jacobson's testimony is outweighed by the likelihood of the jury being misled or confusing the issues.[32] Rule 403 provides that, even if "relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."[33] Rule 403 has been interpreted to "favor[] admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial."[34]

WCMA argues specifically that Jacobson's diction may mislead the jury or cause the jury to confuse the issues. The test, however, is whether the probative value of the evidence is *substantially* outweighed by its tendency to mislead or confuse the issues. As advised by the Ninth Circuit, "[u]nless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be

---

[31] *Mukhtar*, 299 F.3d at 1063 n. 7.

[32] Doc. 154 at 15.

[33] Fed. R. Evid. 403.

[34] *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

cautious and sparing."[35]  Jacobson's testimony has probative value by virtue of his expertise. Even if his testimony will not be so articulate and clear as it should be, its probative value would not be substantially outweighed by the risk that some jurors would be misled or confused.  Difficult testimony cannot be said to be inherently misleading, or expert testimony would be precluded where it is most helpful.

## V.  CONCLUSION

For the reasons set forth above, WCMA's motion to exclude the testimony of Jon Jacobson at docket 153 is **DENIED**.

DATED at Anchorage, Alaska, this 17th day of June, 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[35]*Hankey*, 203 F.3d 1160 at 1172 (citing *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).