**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| VALERIE ROUNTREE, individually and as Personal Representative of the ESTATE OF APRIL LYNNE COX; MORGAN SCHEDIWY, a minor through her natural mother and guardian VALERIE ROUNTREE; and CHRISTOPHER COX | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 3:04-cv-112 JWS |
| vs. | ) ) ) | ORDER FROM CHAMBERS |
| CHING FENG BLINDS INDUSTRY CO., LTD., *et al.*, | ) ) ) ) | [Re:   Motion at Docket 155 ] |
| Defendants.           ) | ) | |

**I. MOTION PRESENTED**

At docket 155, defendant Window Covering Manufacturer's Association

("WCMA") moves in limine to exclude the testimony of Mr. Stuart Statler. Plaintiffs

Valerie Rountree and Christopher Cox ("Plaintiffs") oppose the motion at docket 169.

WCMA's reply is filed at docket 177. Oral argument has not been requested and would

not assist the court.

1

## II. BACKGROUND

This action arose out of the death of April Cox, who strangled in the inner cord of a window blind at her grandparents' home on May 27, 2002. Valerie Rountree and Christopher Cox are the decedent's biological parents. Morgan Schediwy is the decedent's sister. Plaintiffs filed a complaint against WCMA and three other defendants. All defendants but WCMA have been dismissed.

WCMA is a non-profit trade association incorporated in New Jersey, with its principal place of business in New York. WCMA's membership consists exclusively of window covering manufacturers. In 1996, WCMA developed a national safety standard intended to address the strangulation hazard posed by window blinds.[1]  A warning bearing strong resemblance to that sponsored by WCMA was affixed to the blinds in which April Cox got caught. Plaintiffs' cause of action sounds in negligence and alleges that WCMA's standard was "woefully inadequate."[2]  Specifically, Plaintiffs allege that WCMA undertook to perform a service by developing the safety standard, and thereby incurred liability to Plaintiffs for the death of April Cox.

WCMA moves to exclude the testimony of Mr. Stuart Statler, one of Plaintiffs' expert witnesses. Statler, an attorney, was the commissioner of the United States Consumer Product Safety Commission ("CPSC") from 1979 through 1986. The CPSC has "exclusive jurisdiction over thousands of consumer products used in and around the

---

[1]Doc. 168-56, exh. 50 at 3, 5.

[2]Doc. 164 at 25.

2

home[,]"[3] including window blinds. WCMA and the CPSC had frequent interaction, "jointly issuing public alerts and working together on product design and warnings."[4]  In addition to his time with the CPSC, Statler seems to have abundant experience in the general field of product safety[5] and Plaintiffs intend for him to testify as to the adequacy of WCMA's safety standard.

### III. STANDARD OF REVIEW

Federal Rule of Evidence 702 provides that

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[6]

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."[7]  "A [district] court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability."[8]  While the *Daubert* court set out several factors to help determine the reliability of expert testimony, a district court only need "consider [those] factors . . . where they are reasonable measures of the

---

[3]Doc. 169-46, exh. 51 at 3.

[4]Doc. 156 at 11.

[5]*Id.* at 3-4.

[6]Fed. R. Evid. 702.

[7]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

[8]*Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002).

reliability of expert testimony**.**[9]  "[W]hether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the [district] judge broad latitude to determine."[10]  Also "[e]ncompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702."[11]

## IV. DISCUSSION

WCMA argues that the testimony of Stuart Statler, or at least portions thereof, should be excluded on several grounds.  Each will be examined in turn.

### A. Legal Conclusions

Federal Rule of Evidence 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."[12]  "However, an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law."[13]  Thus, opinion testimony from an expert regarding issues of fact to be determined by a jury is permissible whereas opinion testimony from an expert supporting legal conclusions is not.

---

[9]*Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).

[10]*Id.* at 153.

[11]*Mukhtar*, 299 F.3d at 1063 n. 7.

[12]Fed. R. Evid. 704(a).

[13]*Mukhtar*, 299 F.3d at 1066 n. 10 (emphasis in original).

To the extent that Statler concludes that WCMA owed a duty to Plaintiffs[14] his testimony is not permitted.  Similarly, Statler's suggestion that WCMA "failed . . . to adequately warn[,]"[15] is a legal conclusion.  Such conclusory statements regarding questions of law are inadmissible.  In contrast, Statler's statement that "WCMA . . . effectively conced[ed] that it failed to exercise reasonable care[,]"[16] though couched in legal terms, is not a legal conclusion. The statement expresses Statler's understanding that a concession was made by WCMA.   Statler's statement that WCMA stood "in for its own individual [members] who otherwise were duty-bound to ensure the safety of their product[,]"[17] straddles the line of admissible testimony.   Statler is permitted to testify as to the factual support for the notion that WCMA took action to "stand in" for its members, if his experience gives him a basis to do so, but he may not opine as to the legal ramifications of that action.  In light of Statler's background as an attorney, it should not be difficult for him to avoid offering the jury his own legal conclusions, and counsel for plaintiffs will be expected to take care in framing questions to avoid eliciting a legal conclusion.

### B. Statler's "Methodology"

WCMA argues that Statler's methodology is unreliable.[18]   Statler's testimony is not scientific, and the science of window covering safety standards "may never

---

[14] *E.g.* Doc. 155-7 at 4.

[15] Doc 155-7 at 4.

[16] *Id.*

[17] *Id.* at 5.

[18] Doc. 156 at 8-10.

previously have interested any scientist[,]"[19] rendering an examination of Statler's methodology unnecessary.  While *Kumho Tire* "eliminated the analytical distinction between 'scientific' and 'non-scientific' testimony . . . admission of expert testimony on the basis of the expert's 'knowledge, skill, experience, training, or education . . ."[20] is still proper. This is because even though "[e]ngineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases[,] . . . [i]n other cases, the relevant reliability concerns may focus upon personal knowledge or experience."[21] Statler's testimony falls into the latter category.

In *United States v. Hankey*,[22] the Ninth Circuit ruled that a district judge had properly admitted an expert witness's testimony regarding gang culture and custom and their effect on the level of disclosure offered by gang members testifying at trial. The court stated that "[g]iven the type of expert testimony proffered by the government,"[23] the *Daubert* factors did not apply. As a former commissioner of the CPSC, Statler is in a position to comment generally on the nature of safety standards. Specifically, he may have helpful knowledge of customs and practices pertaining to the development of safety standards. Like the gang expert's testimony in *Hankey*, the reliability of Statler's testimony  "depends heavily on [his] knowledge and experience . . . rather than the

---

[19]*Kumho Tire*, 526 U.S. at 151.

[20]*United States v. Hankey*, 203 F.3d 1160, 1169 n. 7 (9th Cir. 2000).

[21]*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

[22]203 F.3d 1160 (9th Cir. 2000).

[23]*Id.* at 1169.

methodology or theory behind it."[24]    Alleged shortcomings in his methodology do not provide a basis for excluding his testimony.

### C.  Statler's Conjectures

WCMA argues that Statler engages in conjecture when confronted with conflict between his opinion and contrary evidence.[25]  However, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."[26]

In *Hankey*, the district court had instructed the jury that the expert "was allowed to give an opinion because he claim[ed] to be an expert in gangs . . . but in assessing his opinion [the jury] should consider it like any other witness . . . [and] accept it, [or] reject it for whatever pertinent reasons [they] deem appropriate."[27]  Here, a similar instruction to the jury may be particularly appropriate, given the questionable factual support for some of Statler's comments. Nonetheless, WCMA's arguments do not support the exclusion Statler's testimony.

To the extent that WCMA argues that Statler needed to conduct an investigation beyond the evidence presented to him, the court adopts it discussion of the same issue in the order denying WCMA's motion in limine to exclude the testimony of Dr. Jon Jacobson.  As discussed there, the amount of additional investigation undertaken by an

---

[24]*Id.*

[25]Doc. 156 at 10-12.

[26]*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 n. 14 (9th Cir. 2004) (citing favorably *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004)).

[27]*Hankey*, 203 F.3d 1160 at 1166 n. 6.

7

expert witness is not necessarily indicative of the expert's intellectual rigor under *Kumho Tire*, but may provide fertile ground for cross-examination.

### D. Speculation

WCMA argues that Statler's assertion that the CPSC made contact with WCMA in 1981 or 1982 is "pure speculation."[28]  Because the statement is qualified by the phrase "given how the commission functioned,"[29] it is conceivable that this statement is not speculative.  If, for instance, the commission functioned to contact the appropriate association *every time* a certain event occurred, then Statler could testify that WCMA would have been contacted in a given instance.  Statler's opinion on this point may be based on his experience as former commissioner of the CPSC and therefore not speculative nor properly excluded.  Before plaintiffs elicit this testimony, a proper foundation must be laid.  If it is not, the testimony will be subject to an objection at trial which would be sustained.

### E. Inflammatory Statements

Where testimony is not scientific, and instead "based on some 'other specialized knowledge,' Rule 702 generally is construed liberally."[30] In those instances, "admissibility of expert opinion testimony generally turns on . . . preliminary question of law determinations by the trial judge under FRE 104(a)."[31]  Among those determinations

---

[28]Doc. 156 at 12.

[29]*Id.* at 13.

[30]*Hankey*, 203 F.3d at 1168.

[31]*Id.* at 1168.

is "whether [the opinion's] probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time."[32]

WCMA argues that the risk of prejudice arising out of Statler's characterization of WCMA as a "sham organization" and a "facade"[33] outweighs the probative value of those statements. The court agrees that the risk of prejudice is great and the probative value is small.  The issue for the jury to decide is the adequacy of the warning label, not the character of WCMA.  The prejudicial effect of assertions that a trade association and sponsor of safety standards is a "sham" or a "facade" substantially outweighs the probative value of such statements. This sort of testimony is not admissible.

Statler's assertion that April Cox was "one more victim"[34] of WCMA's negligence is not only a legal conclusion, but unfairly prejudicial.  This assertion has little probative value and what little it may have is drastically outweighed by the prospect of prejudicial effect.  Because it amounts to a legal conclusion and is unfairly prejudicial, that statement and any statement by Statler attributing the death of April Cox to "the negligent actions and omissions of the WCMA[,]"[35] will be excluded.

Testimony by Statler was excluded by a district judge in the Western District of Kentucky in *Hayes v. MTD Products, Inc.*[36]  In that case, the district judge found that

---

[32]*Id.* at 1168.

[33]Doc. 155-7 at 7.

[34]*Id.* at 6.

[35]*Id.* at 6.

[36]518 F. Supp. 2d 898 (W.D. Ky. 2007).

Statler's "expertise [was] generic[,]"[37] that he proffered legal conclusions, and that "Statler's opinions [were] also in parts unduly inflammatory."[38]  While Statler's legal conclusions and inflammatory remarks of the type discussed above will be excluded, wholesale exclusion of all Statler's testimony is not appropriate here.  Even though the district judge in *Hayes* found that Statler "appear[ed] to be the 'quintessential expert for hire[,]'"[39] "the fact "[t]hat an expert testifies for money does not necessarily cast doubt on the reliability of his testimony."[40]  Furthermore, in *Hayes*,  Statler was prepared to offer opinions regarding lawn mower safety, a topic which is not relevant in the case at bar. The interaction between WCMA and CPSC, the organization for which Statler served as commissioner, provides support for admission of some of Statler's testimony here. *Hayes* does not provide a sufficient basis for excluding the entirety of Statler's testimony in the case before this court.

### F. Evidentiary Foundation and Opinion in the Context of the Litigation

WCMA argues that portions of Statler's testimony must be excluded, because those portions lack a foundation in the evidence.[41]  WCMA also argues that Statler's opinions are unreliable because they were formulated exclusively for this case.[42] As set forth in the order denying WCMA's motion to exclude the testimony of Jon Jacobson,

---

[37]*Id.* at 901.

[38]*Id.* at 901.

[39]*Id.* at 901.

[40]*Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1317 (9th Cir. 1995).

[41]Doc. 156 at 16.

[42]*Id.* at 17.

"[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[43]  Given Statler's experience and expertise, those of his proposed opinions not excluded by the discussion above are sufficiently reliable to be admitted, for they rest on considerable experience and expertise.

## V. CONCLUSION

For the reasons set forth above, WCMA's motion to exclude the testimony of Stuart Statler at docket 155 is **GRANTED in part and DENIED in part** such that Statler's testimony will be restricted consistent with this order. Counsel for Plaintiffs is instructed to be certain that Statler understands the constraints imposed by the court. Testimony offered at trial in violation of this order will be excluded, and if it slips in somehow, an appropriate instruction to the jury to ignore it will be given.  The court might also consider imposition of sanctions on plaintiffs' counsel for violations of this order.

DATED at Anchorage, Alaska, this 17th day of June, 2008.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[43]*Daubert*, 509 U.S. at 595.